IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| HIGHWAY INN, INC.; HO'OLA MAU, LLC; BRYCE UYEHARA, A.I.A., INCORPORATED; J. KADOWAKI, INC.; FESTIVAL MANAGEMENT CORPORATION; et al, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

_____

**ORDER DENYING MOTION TO DISMISS**

**I.      INTRODUCTION.**

Before the court is a motion filed by Defendants Highway Inn, Inc., and Ho'ola Mau LLC (collectively, "Highway Inn") to dismiss the First Amended Complaint filed by Plaintiff Frost Tsuji Architecture (hereinafter "FTA").  Co-Defendants Bruce E. Uyehara, A.I.A., Inc., J. Kadowski, Inc., and Festival Management Corporation (collectively, "Co-Defendants") substantively join Highway Inn's motion.  ECF Nos. 15, 17, 23. See Local Rule 7.9.  In its reply brief, Highway Inn appears to withdraw its objection, on the present motion, to FTA's Copyright Act claim (Count IV), given FTA's new allegations in the First Amended Complaint.  See Reply Memo. at 3-4, ECF No. 25.  At the hearing on the motion to dismiss, FTA voluntarily withdrew its claim for "unlicensed use of plans and specifications" (Count V).

Therefore, the claims remaining before the court on the present motion are FTA's state law claims for breach of contract (Count I), quantum meruit (Count II), unjust enrichment (Count III), tortious interference with contractual relations (Count VI), and civil conspiracy (Count VII).  ECF No. 11.  Highway Inn argues that all of these claims are preempted by the federal Copyright Act, 17 U.S.C. §§ 101 et seq.  The court denies Highway Inn's motion.

**II.     BACKGROUND**

In December 2012, Highway Inn hired FTA, an architectural and interior design firm, to design and oversee the development of a full-service restaurant.  ECF No. 22 ¶ 11.  The parties signed and executed contracts under which FTA was to be paid approximately $125,000 for a variety of services.  ECF No. 22-1.

The services allegedly promised by FTA are listed in FTA's First Amended Complaint as the following: "design a new full services restaurant, finalize Highway Inn's lease option, obtain design approval from Festival, obtain the proper building permits and approvals, manage Highway Inn's consultant team, confirm base building suitability and MEP status of existing conditions, Concept, Schematic, Design Development, and Construction of Document Phases, Construction Administration to Certificate of Occupancy, handle all interior design, select a

general contractor, and help with the bid for Highway Inn's kitchen equipment package." FTA also allegedly entered into a separate contract with Highway Inn for: "resolving issues with the trash enclosure, grease interceptor, scrubber, grease shaft, roof duct and existing roof conditions, structural calculations, creating a parking plan, and obtaining design review criteria and sign criteria." First Amended Complaint ¶¶ 4-5, ECF No. 21.

FTA then created several designs, plans, and specifications, and applied to register copyrights in these materials. ECF No 21 ¶¶ 13-14. FTA alleges that Highway Inn unilaterally terminated its contracts with FTA on April 25, 2013, then refused to pay FTA an outstanding balance of $39,015.85, plus interest. Id. ¶¶ 17-18.

FTA further alleges that Highway Inn and the Co-Defendants made copies of FTA's designs and drawings and used FTA's work in the permitting and construction process. Id. ¶ 19. In particular, FTA alleges that the drawings submitted during the permitting process by Bruce E. Uyehara, A.I.A., Inc., the firm Highway Inn contracted with to replace FTA, are "nearly identical" to those created and copyrighted by FTA. Id. FTA also states that Highway Inn and the Co-Defendants "continue to copy and use FTA's designs and drawings," even though FTA "specifically disallowed" such copying and issued numerous

3

written demands to cease and desist and to return the allegedly copyrighted documents.  Id. ¶¶ 24-27.

On September 30, 2013, FTA filed its Complaint in this court, asserting a violation of the Copyright Act, in addition to various state law claims.  ECF No. 1.  The Complaint failed to clearly allege that FTA had applied for registration to the Copyright Office for its designs and drawings, which is an essential element of a copyright claim.  Id.  As a result, on October 10, 2013, Highway Inn sought dismissal of FTA's copyright claim.  ECF No. 11.  Highway Inn also argued that FTA's state law claims were preempted by the Copyright Act.  Id.

On October 28, 2013, FTA filed a First Amended Complaint, which Highway Inn appears to concede cures the deficiency with regard to FTA's copyright claim.  However, Highway Inn claims that "[b]ecause Plaintiff's Amended Complaint does not cure the preemption issues, the non-copyright claims remain defective and should be dismissed."  Reply Memo at 3, ECF No. 25.  In other words, the only argument remaining before the court on the present motion is whether any of FTA's state law claims is preempted by the federal Copyright Act.

**III.    JURISDICTION.**

This court has jurisdiction over FTA's copyright claim under 28 U.S.C. § 1338, because this is a "civil action arising under [an] Act of Congress . . . relating to copyrights."  28

U.S.C. § 1338.  This court exercises supplemental jurisdiction over FTA's state law claims.  See 28 U.S.C. § 1367.

**IV.      RULE 12(b)(6) STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, review is generally limited to the contents of a complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However,

conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). The court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

**V.      ANALYSIS.**

The Copyright Act expressly preempts state law claims that are "equivalent to any of the exclusive rights" protected under the Act. 17 U.S.C. § 301. The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Act. First, a court must "determine whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 1021 and 103.2." Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137-38 (9th Cir. 2006). If it does, a court must then "determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." Id.

"[T]he scope of the subject matter of copyright law is broader than the protections it affords." Montz v. Pilgrim Films

7

& Television, Inc., 649 F.3d 975, 979 (9th Cir. 2011). As a result, "the major focus of litigation [is normally] on the second prong of the preemption test." Id. at 980. "To survive preemption [under the second prong], a state cause of action must assert rights that are qualitatively different from the rights protected by copyright." Id. "If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act." Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005).

**A.   FTA's Breach of Contract Claim (Count I).**

It is not disputed that the part of the contract between FTA and Highway Inn for the provision of architectural plans and drawings is within the "subject matter" of the Copyright Act, and therefore satisfies the first prong of the Ninth Circuit's preemption test. Eales v. Envtl. Lifestyles, Inc., 958 F.2d 876, 880 (9th Cir. 1992) ("It is settled law that architectural drawings and plans are . . . eligible for protection under the copyright code.").

However, the contract between FTA and Highway Inn is also alleged to involve a number of services wholly unrelated to the copyrightable subject matter. For example, FTA alleges that Highway Inn owes payment on contracts for, among other things, "manag[ing] Highway Inn's consultant team" and "obtain[ing] the

8

proper building permits and approvals." These services are not within the "subject matter of copyright as described in 17 U.S.C. §§ 102¹ and 103.²" Laws, 448 F.3d at 1137-38. To the extent FTA's claims are based on these other contracted-for services, they are not preempted by the Copyright Act.

Whether Highway Inn's preemption argument is successful as to the portion of FTA's contract claim based on the allegedly copyrighted material depends on whether the claim requires an "extra element" that the copyright claim does not.

"Generally speaking, the rights created by a claim for inducing breach of contract are not equivalent to rights granted under the Copyright Act." Star Patrol Enterprises, Inc. v. Saban Entm't, Inc., 129 F.3d 127 (9th Cir. 1997). "Contract claims generally survive preemption because they require proof of . . . an extra element, [which is] agreement of payment for use of a [service]." Montz, 649 F.3d at 980. The Ninth Circuit has repeatedly held that contract claims are not preempted because they contain the required "extra element," which is the "the bilateral expectation of compensation." Benay v. Warner Bros. Entm't, Inc., 607 F.3d 620, 629 (9th Cir. 2010) (internal quotation omitted). See also Grosso v. Miramax Film Corp., 383 F.3d 965, 968 (9th Cir. 2004) (holding that the "promise to pay [is] an 'extra element' for preemption purposes").

9

Highway Inn does not dispute that the promise to pay is an extra element sufficient to avoid preemption. They argue, however, that preemption is proper because FTA has "premised its breach of contract claim on the unlicensed use of copyrightable subject matter, as opposed to purely the breach of a promise to pay." Reply Memo at 6, ECF No. 25. Highway infers this "premise" from two sentences in FTA's First Amended Complaint. First, Highway Inn points to a sentence that states, "FTA specifically disallowed the copying of its plans, designs and drawings . . . so long as Highway Inn refused to meet its contractual payment obligations." First Amended Complaint ¶ 24, ECF No. 21. Second, Highway Inn relies on a sentence that reads, "Highway Inn's right to copy and use FTA's designs and drawings was extinguished when it terminated FTA." Id. ¶ 20. From these two sentences, Highway Inn infers that FTA is not challenging Highway Inn's nonpayment under the contract, but rather the continued and unlicensed use of FTA's copyrightable drawings and designs. Id.

Highway Inn's argument is unavailing. Under any fair reading of the First Amended Complaint as a whole, FTA is premising its contract claim on Highway Inn's promise to pay. Count I of the First Amended Complaint states unequivocally that "Highway Inn's *refusal to pay* FTA for [its] services . . . constitutes a breach of the [c]ontracts between FTA and Highway."

First Amended Complaint ¶ 34, ECF No. 21.  If such an unequivocally stated claim based on an explicit contract is preempted by the Copyright Act, it would be difficult to see how *any* breach of contract claim related to copyrightable material could survive preemption.  That is plainly not what the Ninth Circuit intends.  <u>Benay v. Warner Bros. Entm't, Inc.</u>, 607 F.3d 620, 629 (9th Cir. 2010). ("Contract law . . . is the most significant remaining state-law protection for . . . artistic ideas.").

During the hearing on the present motion, Highway Inn placed particular reliance on <u>Canal Image UK, Ltd. v. Lutvak</u>, 773 F. Supp. 2d 419, 444 (S.D.N.Y. 2011).  Even if that authority were binding on this court, it is plainly distinguishable from this case.  In <u>Lutvak</u>, the plaintiff had granted the defendants the contractual right (a license) to use the plaintiff's copyrighted material for one year, and the plaintiff's "breach of contract" claim asserted that the defendants had continued to use the copyrighted material beyond the term of the license.  In that situation, the plaintiff's "exclusive right flowed from the Copyright Act, not from the Agreement."  <u>Id.</u> at 446.  The "breach of contract" claim involved the use of a copyrighted product *in excess* of the license governing such use.  Such an action is clearly a Copyright Act claim styled as a "breach of contract" claim.  The license granted a benefit that otherwise would reside

solely with the owner of the copyright, rather than imposing a restriction on what a defendant might claim was its unfettered right. Here, by contrast, the alleged contract imposed an obligation to pay for the services Highway Inn allegedly obtained. This is not an obligation flowing from any provision in the Copyright Act. In other words, in this case, unlike in Lutvak, the rights and obligations flow from the contract, not the Copyright Act.

This court agrees that "[extra] elements [should] not [be] treated as talismans but rather as indicia of overlap between the claimed relief and the relief available under the Copyright Act." Id. at 444. But the breach of contract claim here seeks a remedy plainly different from "the relief available under the Copyright Act," and the claim could survive even absent a valid copyright or a viable Copyright Act claim. In short, Highway Inn's preemption argument is without merit.

### B. FTA's Quantum Meruit Claim (Count II).

"The basis of recovery on quantum meruit is that a party has received a benefit from another which it is unjust for him to retain without paying [for]." Maui Aggregates, Inc. v. Reeder, 50 Haw. 608, 610, 446 P.2d 174, 176 (1968). When "a party derives [a] benefit from services rendered by another, the law reasonably implies a promise to pay on the part of the one who has received such benefit []." Id. In other words, quantum

12

meruit is an alternative to a contract claim that is based on an *implied* promise to pay. It is well settled that an implicit promise to pay, like an explicit one, is an extra element sufficient to avoid preemption under the Copyright Act. See Grosso, 383 F.3d at 968 (holding that "an implied promise to pay . . . [is] an 'extra element' for preemption purposes"). Whether or not FTA can ultimately proceed on the two alternative theories of recovery embodied in breach of contract and quantum meruit claims, neither claim is preempted by the Copyright Act and subject to dismissal on the present motion.

**C. FTA's Unjust Enrichment Claim (Count III).**

"[A] claim for unjust enrichment requires . . . that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust." Durette v. Aloha Plastic Recycling, Inc., 105 Haw. 490, 504, 100 P.3d 60, 74 (2004). If the benefit is "unjust" purely because a party is making unlicensed use of a copyrighted material, then the unjust enrichment claim may be preempted by the Copyright Act. See e.g., Del Madera Properties v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987) (holding that an unjust enrichment claim based on the " promise . . . not to use [copyrighted material]" was preempted). However, the unjust character of the retention in this case is based on Highway Inn's alleged promise to pay. Indeed, FTA specifically grounds its

unjust enrichment claim on the assertion that Highway Inn "has failed to pay the amounts due and owing to FTA." First Amended Complaint ¶ 41, ECF No. 21. Therefore, in order to be successful on its unjust enrichment claim, as with its breach of contract and quantum meruit claims, FTA must demonstrate that Highway Inn made an unfulfilled promise to pay for its use of FTA's designs and drawings. As with the previous claims, this promise to pay is the extra element sufficient to survive preemption under the Copyright Act.

### D. FTA's Tortious Interference with Contract Claim (Count VI).

To prevail on a claim for tortious interference with contract, a plaintiff must prove: "(1) a contract between the plaintiff and a third party, (2) the defendant's knowledge of the contract, (3) the defendant's intentional inducement of the third party to breach the contract, (4) absence of justification on the defendant's part, (5) the subsequent breach of the contract by the third party, and (6) damages to the plaintiff." Beclar Corp. v. Young, 7 Haw. App. 183, 193, 750 P.2d 934, 940 (1988) (internal quotation omitted). Highway Inn argues, without elaboration, that "the tort of interference with contract is generally regarded as preempted by the Copyright Act if the subject matter of the contract is copyrightable subject matter." Reply Memo at 7, ECF No. 25.

However, Highway Inn cites no authority that supports such a remarkably broad assertion.  The cases that Highway Inn cite involve claims alleging that a defendant interfered with a contract *by the very act of reproducing a copyrighted work.*  See, e.g., Harper & Row Publishers, Inc. v. Nation Enterprises, 723 F.2d 195 (2d Cir. 1983).  In other words, in those cases, the act of reproduction prevented a plaintiff from obtaining business relationships or completing contracts that it would have obtained or completed absent copyright infringement.  Id. at 201 (when plaintiffs "allege[d] that [defendants] committed a[n interference] tort 'by destroying the exclusive right of an author and his licensed publishers to exercise and enjoy the benefit of the pre-book publication serialization rights'").  However, a tortious interference claim is not preempted "where the defendant interferes with the plaintiff's contractual rights through conduct other than reproduction, preparation, distribution, performance, or display of the copyrighted work."  Sturdza v. United Arab Emirates, 281 F.3d 1287, 1305 (D.C. Cir. 2002) (internal quotation omitted).  In this case, FTA alleges that "Uyehara, JKI and Festival intentionally induced Highway Inn to breach its contract with FTA in an attempt to remove FTA from the Project[.]"  First Amended Complaint ¶ 54, ECF No. 21.

While FTA's allegations of this Count are sparse, they appear to involve inducement through means--such as direct

communication--that do not involve the reproduction of the copyrighted materials. To prevail on their tortious interference claim, therefore, FTA will have to prove this inducement element separately from any violation of the Copyright Act. This provides the "extra element" required to survive preemption. <u>See also</u> <u>MDY Indus., LLC v. Blizzard Entm't, Inc.</u>, 629 F.3d 928, 957 (9th Cir. 2010) (holding that "since [Plaintiff] seeks to enforce contractual rights that are not equivalent to any of its exclusive rights of copyright, the Copyright Act does not preempt its tortious interference claim").

### E.   FTA's Civil Conspiracy Claim (Count VII).

The Hawaii Supreme Court has defined a civil conspiracy as "a concerted action" by "a combination of two or more persons or entities . . . to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means." <u>Robert's Hawaii Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.</u>, 91 Haw. 224, 252, 982 P.2d 853, 881 (1999) (citation omitted). "Civil conspiracy does not alone constitute a claim for relief." <u>Id.</u> at 60. Instead, it depends on the presence of unlawful purpose or means. In this instance, the predicate unlawful acts are Highway Inn's alleged violation of the Copyright Act, and the Co-Defendants alleged tortious interference with contract. Highway Inn's argument is that FTA's civil conspiracy claim must be dismissed because the claims on

which it is based are "fatally defective."  Because Highway Inn no longer challenges FTA's copyright claim on the present motion, and because FTA's tortious interference claim is not preempted, this court sees no reason to dismiss the civil conspiracy count.

**V.       CONCLUSION**

Highway Inn and the Co-Defendants' motion to dismiss Counts I, II, III, VI and VII of the First Amended Complaint is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 20, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc. et al; Civ. No. 13-00496 SOM/BMK; ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART