IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FROST-TSUJI ARCHITECTS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HIGHWAY INN, INC.; HO'OLA MAU, LLC; BRYCE UYEHARA, A.I.A., INCORPORATED; J. KADOWAKI, INC.; FESTIVAL MANAGEMENT CORPORATION; et al,<br><br>　　　　Defendants. | CIVIL NO. 13-00496 SOM/BMK<br><br>ORDER DENYING MOTION TO DISMISS AND JOINDER THEREIN |

**ORDER DENYING MOTION TO DISMISS AND JOINDER THEREIN**

**I.　　INTRODUCTION.**

　　　　Before the court is a motion filed by Defendants Highway Inn, Inc., and Ho'ola Mau LLC (collectively, "Highway Inn") to dismiss the Second Amended Complaint filed by Plaintiff Frost-Tsuji Architects (hereinafter "FTA"). The substance of this motion makes it clear that it only seeks dismissal of Count V of the Second Amended Complaint, as it provides no justification for dismissing any other claim. See ECF No. 64. Defendant Palekana Permits LLC has filed a joinder in Highway Inn's motion. ECF No. 167.

　　　　The court denies the motion without a hearing pursuant to Local Rule 7.2(d), determining that Count V adequately states a claim for a violation of 17 U.S.C. § 1202(b)(1).

## II.	FACTUAL BACKGROUND

In December 2012, Highway Inn hired FTA, an architectural and interior design firm, to design and oversee the development of a full-service restaurant in Kaka`ako on Oahu, Hawaii. ECF No. 53 ¶ 14, 53-1. The parties signed and executed a letter agreement and an additional services agreement that set forth FTA's obligations. See ECF Nos. 53-1 and 53-2.

FTA created designs, plans, and specifications for the restaurant for which it has copyrights. See ECF No. 53 ¶ 16.

On April 25, 2013, Highway Inn terminated the letter agreement and an additional services agreement. Id. ¶ 20.

FTA alleges that Highway Inn and Defendants Bryce E. Uyehara, A.I.A. Incorporated ("Uyehara"); J. Kadowaki, Inc.; Festival Management Corporation; Bargreen Ellingson of Hawaii, Inc.; Palekana Permits, LLC; and Iwamoto and Associates, LLC, made copies of FTA's designs and drawings and used FTA's work in the permitting and construction process for the restaurant. Id. ¶ 22. In particular, FTA alleges that the drawings submitted during the permitting process by Uyehara, the firm hired to replace FTA, are "nearly identical" to those created and copyrighted by FTA. Id. ¶¶ 5, 22. FTA also alleges that it asked Defendants to stop using and to return all copyrighted plans, but those plans were not returned and were instead given

to Uyehara to use as "original plans" for the restaurant.  Id.
¶¶ 24-25.

FTA alleges that, on September 26, 2013, it obtained copies of the plans Ho`ola Mau submitted for permitting.  FTA alleges that those plans were "virtually identical" to its copyrighted plans and that its "copyright notices had been removed from each and every document in the permit plan set."  Id. ¶ 27.  FTA alleges that Defendants therefore copied and used its designs and materials in violation of its copyrights.

**III.    LEGAL STANDARD.**

Highway Inn's motion, ECF No. 64, seeks dismissal of the entire Second Amended Complaint, while arguing only for the dismissal of Count V of the Second Amended Complaint.  The court deems the motion to apply to only Count V, as no argument has been made with respect to the other claims asserted in the Second Amended Complaint.  This court previously set forth the standard for motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See ECF No. 34, PageID #s 258-60.  That standard is incorporated herein by reference.

**IV.    ANALYSIS.**

There is no dispute that Count V of the Second Amended Complaint asserts a violation of 17 U.S.C. § 1202(b)(1), which states:

> No person shall, without the authority of the
> copyright owner or the law--

> (1) intentionally remove or alter any
> copyright management information
>
> . . . .
>
> knowing, or, with respect to civil remedies
> under section 1203, having reasonable grounds
> to know, that it will induce, enable,
> facilitate, or conceal an infringement of any
> right under this title.

Accordingly, it has been said that,

> To state a claim for removal of [copyright
> management information] under 17 U.S.C.
> § 1202(b)(1), a plaintiff must allege that a
> defendant: (1) without authority of the
> copyright owner or the law; (2) intentionally
> removed or altered [copyright management
> information]; (3) knowing or having
> reasonable grounds to know that the removal
> will induce, enable, facilitate, or conceal
> an infringement of the federal copyright
> laws.

Imageline, Inc. v. CafePress.com, Inc., 2011 WL 1322525, *6 (C.D. Cal. Apr. 6, 2011) (citing 17 U.S.C. § 1202(b)(1)).

Highway Inn claims that Count V is defective because it fails to plead facts demonstrating that it knew or had reasonable grounds to know that the alleged removal of the copyright management information from the plans for the restaurant induced, enabled, facilitated, or concealed an infringement of copyright rights. This argument is unpersuasive.

Count V of the Second Amended Complaint asserts that Defendants removed FTA's copyright management information from its plans, including the copyright notice that identified FTA as having a copyright for those plans. It alleges that Defendants

4

then made copies of the plans, gave copies of the plans to FTA's replacement, and then submitted "nearly identical" and "virtually identical" plans in the permitting process for the restaurant. See ECF No. 53 ¶¶ 22-25, 27, 59. These allegations sufficiently assert that Defendants had knowledge or reasonable grounds to know that the removal of the copyright management information would "induce, enable, facilitate, or conceal an infringement of the federal copyright laws." At the very least, it could be reasonably inferred, if those allegations are true, that Defendants had the required knowledge. The court recognizes that there may well be defenses to Count V. Perhaps, for example, FTA did not own the exclusive right to the plans. But the court, taking all allegations as true, cannot say that Defendants could not be found to have knowingly enabled, facilitated, or concealed a copyright violation or at least to have had reasonable grounds to know that such a copyright violation would flow from the removal of the copyright management information located on FTA's plans. This is sufficient to allege a claim under § 1202(b)(1).

The court is unpersuaded by Highway Inn's argument that it needs to know which Defendant removed copyright notices from which plans, as the Second Amended Complaint alleges that all Defendants removed the copyrights from every plan submitted for permitting. If it turns out that FTA, in asserting Count V against all Defendants, did not comply with its obligations under

Rule 11 of the Federal Rules of Civil Procedures, the party or parties wronged may seek appropriate relief. The court, however, will not, on the present record, dismiss Count V simply because it is asserted against every Defendant.

The court notes that, for the first time in the Reply in support of the Motion to Dismiss, Highway Inn argues that the court should dismiss Count V with prejudice because it would be futile to allow amendment. In addition to being a moot argument, given the denial of the motion, Highway Inn is reminded that, under Local Rule 7.4, a "reply must respond only to arguments raised in the opposition. Any argument raised for the first time in the reply shall be disregarded."

**V.      TO THE EXTENT HIGHWAY INN SEEKS A MORE DEFINITE STATEMENT, THAT REQUEST IS DENIED.**

Although Highway Inn says that it is not moving for a more definite statement "at this time," see ECF No. 64-1, PageID # 674, it argues for several pages that this court should order FTA to provide it with a more definite statement of the claim asserted in Count V of the Second Amended Complaint under Rule 12(e) of the Federal Rules of Civil Procedure. Highway Inn argues that, to the extent FTA is allowed to file a Third Amended Complaint, the court should require it to provide more factual detail with respect to Count V. To the extent Highway Inn may be asking for a more definite statement, that request is denied.

Rule 12(e) permits a party to move for a more definite statement when a complaint is so "vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). The basic principles of pleading practice are governed by Rule 8. Rule 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires each allegation to "be simple, concise, and direct." Fed. R. Civ. P. 8(b),(e).

Count V is not so vague or ambiguous that Defendants cannot prepare a responsive pleading. Count V alleges that all Defendants removed the copyright management information from the plans created by FTA and used them in connection with the construction and permitting of the restaurant. See ECF No. 53 ¶ 59. Count V incorporates by reference earlier paragraphs, id. ¶ 58, including paragraphs asserting that FTA had copyrighted its plans and included copyright notices on the plans, that Defendants made copies of the plans, that the architects that replaced FTA submitted for permitting "nearly identical" and "virtually identical" plans that had FTA's copyright notices removed from every document. Id. ¶¶ 16, 22, 27, 28, and 30. These factual allegations are sufficient.

**V. CONCLUSION**

Highway Inn's motion to dismiss Count V of the Second Amended Complaint and the joinder therein, ECF Nos. 64 and 167, are denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER DENYING MOTION TO DISMISS AND JOINDER THEREIN