IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | CONTINUE HEARINGS ON MOTIONS |
| vs. | ) | FOR SUMMARY JUDGMENT PURSUANT |
| | ) | TO RULE 56(d) OF THE FEDERAL |
| HIGHWAY INN, INC.; HO`OLA | ) | RULES OF CIVIL PROCEDURE |
| MAU, LLC; BRYCE UYEHARA, | ) | |
| A.I.A., INCORPORATED; J. | ) | |
| KADOWAKI, INC.; FESTIVAL | ) | |
| MANAGEMENT CORPORATION; et | ) | |
| al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO CONTINUE HEARINGS
ON MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO
RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.     INTRODUCTION.**

On September 17, 2014, motions for partial summary judgment were filed by Defendants Highway Inn, Inc., and Ho`ola Mau, LLC (ECF No. 235), J. Kadowaki, Inc. (ECF No. 238), and Bargreen Ellingson of Hawaii Inc. (ECF No. 239).  These motions, along with a motion for judgment on the pleadings (ECF No. 237), are set for hearing on October 28, 2014.  See ECF Nos. 250, 251.

On September 22, 2014, Plaintiff Frost-Tsuji Architects moved to continue the hearing on the dispositive motions pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  That motion is denied.  The court, however, will refrain from ruling on the dispositive motions set for hearing on October 28, 2014, until Magistrate Judge Barry M. Kurren decides the motion to

compel discovery filed by Frost-Tsuji (ECF No. 252), which is set for hearing on October 29, 2014.  See ECF No. 277.

**II.      RULE 56(d) STANDARD.**

Rule 56(d) of the Federal Rules of Civil Procedure provides that, when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  In 2010, Rule 56 was amended, and the advisory committee noted that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56(d) advisory comm. nn.  Accordingly, the case law regarding subdivision (f), prior to the amendments, applies.  Rule 56(d) of the Federal Rules of Civil Procedure therefore permits a district court to continue a summary judgment motion "upon a good faith showing by affidavit that the continuance is needed to preclude summary judgment." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (interpreting the former Rule 56(f) of the Federal Rules of Civil Procedure).

A party requesting a Rule 56(d) continuance bears the burden of (1) filing a timely application that specifically identifies relevant information; (2) demonstrating that there is

2

some basis to believe that the information sought exists; and (3) establishing that such information is essential to resist the summary judgment motion. See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted); accord Moss v. U.S. Secret Serv., 572 F.3d 962, 966 n.3 (9th Cir. 2009) ("Rule 56([d]) requires a party seeking postponement of a summary judgment motion to show how additional discovery would preclude summary judgment and why it cannot immediately provide specific facts demonstrating a genuine issue of material fact." (punctuation, quotation marks, and citation omitted)). Moreover, the party seeking a Rule 56(d) continuance must demonstrate that it diligently pursued discovery. See Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment.").

**III.    ANALYSIS.**

Frost-Tsuji seeks to continue the October 28 hearing on the dispositive motions based on three arguments: 1) there is a pending motion for reconsideration of this court's earlier summary judgment ruling; 2) Frost-Tsuji says it is owed discovery in "native formats"; and 3) Frost-Tsuji seeks discovery of text

3

messages.  None of these arguments justifies a continuance at this time.

Frost-Tsuji's pending motion for reconsideration of the court's order granting summary judgment in favor of Defendants on the copyright claim does not warrant a continuance under Rule 56(d) of the Federal Rules of Civil Procedure.  Rule 56(d) allows this court to continue a hearing on a motion for summary judgment when a nonmoving party demonstrates that "it cannot present facts essential to justify its opposition."  Frost-Tsuji's reconsideration motion has no bearing on its ability to "present facts essential to justify its opposition."  Nor would the reconsideration motion otherwise justify a continuance.  Unless and until this court actually reconsiders its previous order granting summary judgment on the copyright claim, Frost-Tsuji should proceed as if that decision is law of the case.  In opposing the upcoming dispositive motions, Frost-Tsuji should refrain from rearguing matters that are no longer relevant based on the law of the case.  In the event that Frost-Tsuji's reconsideration motion is granted, Frost-Tsuji may seek appropriate relief, including asking the court for permission to amend its opposition to the dispositive motions.  The court anticipates deciding the reconsideration motion before October 28, 2014.

To the extent Frost-Tsuji seeks a continuance of the dispositive motions based on its assertion that certain parties still owe it discovery of material in "native" format, Frost-Tsuji has failed to demonstrate why its receipt of such discovery is necessary for it to "present facts essential to justify its opposition." There appears to be no dispute that Frost-Tsuji received substantial discovery in this case. For example, Highway Inn and Ho`ola Mau produced "nearly 11,000" pages of discovery. See Decl. of David R. Major ¶ 13, ECF No. 275-1, PageID # 4408. Frost-Tsuji's gripe appears to be that these documents were .pdf copies of the original documents and Frost-Tsuji wants copies of the documents in their original form. But Frost-Tsuji fails to demonstrate what the "native" form of any document will reveal that is relevant to the pending dispositive motions. For example, the metadata contained in the "native" documents would not demonstrate that any person was told to remove Frost-Tsuji's copyright management information.

To the extent Frost-Tsuji seeks a continuance of Kadowaki's motion based on Kadowaki's failure to produce text messages, Frost-Tsuji has failed to demonstrate that it has diligently sought that discovery. Frost-Tsuji's motion to compel did not seek text messages from Kadowaki. See ECF 252. Frost-Tsuji cannot complain that it needs more time to conduct discovery from Kadowaki when Frost-Tsuji has not shown diligence

5

in seeking that discovery.  Moreover, Kadowaki has recently informed Frost-Tsuji that its representatives, Stanley Sato and John Hirayama, have no text messages responsive to Frost-Tsuji's discovery requests.  See ECF No. 273-2, PageID # 4383.

To the extent Frost-Tsuji seeks a continuance of Highway Inn and Ho`ola Mau's motions based on their alleged failure to produce text messages, Frost-Tsuji is unpersuasive. It does not appear that the text messages Frost-Tsuji seeks still exist.  Apparently, Monica Toguchi upgraded her phone and gave her old phone to the Apple Store, and Russell Ryan upgraded his phone, giving his old phone to Toguchi's daughter after erasing its data.  See ECF No. 282, PageID #s 4460-61.  Frost-Tsuji does not establish that it asked Toguchi or Ryan to preserve their phones for litigation purposes and therefore cannot now complain of their failure to do so.  To the extent Frost-Tsuji is asking the Magistrate Judge to compel a forensic examination of the cellular phone given by Ryan to Toguchi's daughter, any such relief ordered by the Magistrate Judge would need to avoid invading the daughter's privacy.  Frost-Tsuji does not even suggest how that might be accomplished.

To the extent Frost-Tsuji seeks a continuance of Bargreen's motion, the court also declines to grant that continuance.  Frost-Tsuji has been informed that Skip Elkins, of Bargreen, does not text.  See ECF No. 276-3, PageID # 4427.

Although it appears that Monica Toguchi of Highway Inn may have sent Elkins at least one text message, see ECF No. 252-5, PageID # 4171, it appears that Elkins has no record of that text message. See ECF No. 276-3, PageId # 4427. Frost-Tsuji concludes that Bargreen has made no reasonable effort to retrieve the text messages, see ECF No. 281, PageID # 4451, but it is just as likely that Elkins had, at most, only a few text messages relating to the restaurant. The court declines to continue Bargreen's motion for summary judgment, as it appears unlikely that Bargreen has an unproduced text message that is necessary for Frost-Tsuji to oppose any motion.

Because Rule 56(d) allows this court to issue "any other appropriate order," this court will refrain from ruling on any of the dispositive motions until after Magistrate Judge Kurren decides the motion to compel discovery. If Magistrate Judge Kurren rules, for example, that Bargreen must make further attempts to retrieve text messages from Elkins's phone, or that any other party must undertake similar steps, this court will refrain from ruling on the motions until after that discovery is completed and Frost-Tsuji has had the opportunity to submit relevant text messages to the court that were previously unavailable. Because Magistrate Judge Kurren might deny the motion to compel, the court sees no reason to continue the hearing on the motions at this time.

To expedite the ruling on the pending dispositive motions, any appeal from Magistrate Judge Kurren's decision on the motion to compel must be filed within five (5) working days of his final ruling (i.e., five working days from the hearing if there is only an oral ruling on the day of the hearing, or five working days from any written order if a written order follows the hearing). Any opposition to such an appeal must be filed within five (5) working days of the filing of the appeal.

**V.	CONCLUSION**

For the forgoing reasons, this court denies Frost-Tsuji's motion to continue the dispositive motions set for hearing on October 28, 2014.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 3, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER DENYING MOTION TO CONTINUE HEARINGS ON MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE