IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PARTIAL |
| | ) | SUMMARY JUDGMENT TO |
| vs. | ) | DEFENDANTS WITH RESPECT TO |
| | ) | COUNT V OF THE SECOND AMENDED |
| HIGHWAY INN, INC.; HO`OLA | ) | COMPLAINT |
| MAU, LLC; BRYCE UYEHARA, | ) | |
| A.I.A., INCORPORATED; J. | ) | |
| KADOWAKI, INC.; FESTIVAL | ) | |
| MANAGEMENT CORPORATION; et | ) | |
| al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PARTIAL SUMMARY JUDGMENT TO DEFENDANTS WITH RESPECT TO COUNT V OF THE SECOND AMENDED COMPLAINT**

**I.       INTRODUCTION.**

In relevant part, Count V of the Second Amended Complaint asserts that, in violation of 17 U.S.C. § 1202(b)(1), Defendants intentionally removed Plaintiff Frost-Tsuji Architects' copyright management information from architectural drawings Frost-Tsuji had created for the construction of a restaurant.  See Second Amended Complaint, Count V, ECF No. 53, PageID # 406.  Defendants move for summary judgment (or join in co-Defendants' motions), arguing that they did not remove any copyright management information and that, even assuming that they did, it was not for the purpose of infringing on Frost-Tsuji's copyright, as they had a license to use Frost-Tsuji's work.

Frost-Tsuji does not raise a genuine issue of fact sufficient to defeat the motions for partial summary judgment with respect to Count V. Count V is limited to a copyright management information removal claim. It does not include a claim that copyrighted works were distributed after the copyright management information had been removed. Frost-Tsuji submits no direct evidence concerning the removal of that information by any Defendant, and at most asks the court to infer that it was Defendant Bargreen Ellingson of Hawaii, Inc., that actually removed the copyright management information. Bargreen Ellingson was the kitchen designer for the restaurant. Even assuming Bargreen Ellingson did remove Frost-Tsuji's copyright management information, which it denies, Bargreen Ellingson had a license to use and adapt Frost-Tsuji's drawings such that Frost-Tsuji cannot demonstrate that any such removal of copyright management information induced, enabled, facilitated, or concealed an infringement of federal copyright laws. Partial summary judgment is granted in favor of all Defendants with respect to Count V of the Second Amended Complaint.

**II.      FACTUAL BACKGROUND**

The factual background for this case was set forth in this court's orders of August 26 and October 27, 2014, ECF Nos. 222 and 320. That background is incorporated here by reference and supplemented as set forth below.

As noted in the court's order of August 26, 2014, Highway Inn hired Frost-Tsuji in December 2012 to design and oversee the development of a full-service restaurant in the Kakaako area of Honolulu. See ECF No. 222, PageID # 2864. Highway Inn terminated its relationship with Frost-Tsuji effective May 3, 2014. See id., PageID # 2894. There is no dispute that, after Highway Inn terminated Frost-Tsuji, Defendant Bryce E. Uyehara, A.I.A., Inc., became the architect for Highway Inn's restaurant project.

Bargreen Ellingson was the kitchen equipment designer and contractor for Highway Inn's restaurant. See Declaration of Richard H. Elkins ¶ 3, ECF No. 240-1, PageID # 3657. Bargreen Ellingson entered into a contract with Highway Inn on January 8, 2013, to provide such services. See Design Agreement, ECF No. 240-4, PageID # 3668; Frost-Tsuji Concise Statement ¶ 1, ECF No. 300, PageID # 4929-30.

Defendant J. Kadowaki was the general contractor for the construction of Highway Inn's restaurant. See Declaration of Stanley N. Sato ¶¶ 2, 4, 5, ECF No. 241-1, PageID # 3689.

According to the allegations of the Second Amended Complaint, Defendant Iwamoto and Associates was the structural engineering firm for the restaurant project, and Defendant Palekana Permits LLC was "the third-party reviewer for the permit applications." See ECF No. 53 ¶¶ 9-10, PageID #s 52-53.

Frost-Tsuji has stipulated to the dismissal with prejudice of claims against Defendant Festival Management Company dba The Festival Companies, which was allegedly the manager of the property on which the restaurant was being built. See ECF No. 53 ¶ 7 (alleging that Festival was the property manager) and ECF No. 318 (stipulation to dismiss Festival).

Frost-Tsuji prepared a design for the kitchen for Highway Inn and transmitted a Computer-Aided Design, or CAD, for the kitchen to Highway Inn on January 10, 2013. See Declaration of Frank H. Frost ¶¶ 6-7, ECF No. 300-2, PageID #s 4939-40. Although the court previously stated that there was no dispute that Frost-Tsuji owned the copyright to works it created, see, e.g., ECF No. 320, PageID # 5333, Bargreen Ellingson stated at the hearing on the present motion that the restaurant design may have been a collaboration such that multiple parties may own the copyright in the design. For purposes of this motion, the court, viewing matters in the light most favorable to Frost-Tsuji, need not definitively determine who owns the copyright and continues to assume that Frost-Tsuji owns the copyright.

Between January 14, 2013, and March 6, 2013, Richard H. Elkins, Bargreen Ellingson's general manager, sent Frost-Tsuji at least 12 versions of CAD drawings that Elkins had created based on Frost-Tsuji's CAD for the kitchen design. See Declaration of Richard H. Elkins ¶ 6, ECF No. 240-1, PageID # 3658; Frost Decl.

4

¶ 12, ECF No. 300-2, PageID # 4941.  Elkins explains that he has a computer program that allows him to take a CAD and overlay a CAD he is creating or has created, in a process akin to placing a pane of glass over another pane of glass.  See Elkins Decl. ¶ 8, ECF No. 240-1, PageID # 3659.

After Frost-Tsuji's termination, on May 16, 2013, Elkins sent Highway Inn, its new architect, and its general contractor a revised CAD for the kitchen design.  Elkins says that, in sending that CAD, he did not include FTA's CAD.  See Elkins Decl. ¶ 10, ECF No. 240-1, PageID # 3660.  Elkins therefore says that he did not "remove" Frost-Tsuji's copyright management information from its copyrighted works.  Id.  Instead, as Frank Frost contends, Elkin's work was simply based on Frost-Tsuji's work.  See Frost Decl. ¶ 12, ECF No. 300-2, PageID # 4941.

Citing paragraph 12 of the concise statement in opposition to the motion, Frost-Tsuji says that Bargreen Ellingson's kitchen layout is "virtually identical" to Frost-Tsuji's.  But paragraph 12 of the concise statement does not go that far.  Paragraph 12 cites only paragraph 12 of Frost's declaration, which states that Frost-Tsuji "received CAD files from Bargreen [Ellingson] while it was Architect of Record on the Project, but any and all designs and layouts in these CAD files were based on [Frost-Tsuji's] work or created by [Frost-Tsuji]."

5

In the court's order of August 26, 2014, the court determined that Highway Inn had an implied nonexclusive license to use the architectural drawings Frost-Tsuji had created for the restaurant. That is, the court determined that Highway Inn had asked Frost-Tsuji to create the plans, that Frost-Tsuji had created and delivered the plans to Highway Inn intending that Highway Inn use them, and that Highway Inn had paid substantial consideration to Frost-Tsuji for the plans. See ECF No. 222, PageID #s 2878-88. The court ruled that, "to the extent Frost-Tsuji asserts a copyright claim against other Defendants who used and adapted Frost-Tsuji's plans within the scope of Highway Inn's implied license, those other Defendants are also entitled to summary judgment with respect to the copyright claim. Their license to use the plans derives from Highway Inn's." Id., PageID # 2886.

**III.     SUMMARY JUDGMENT STANDARD.**

The court set forth the standard for motions for summary judgment in its order of August 26, 2014. See ECF No. 222. That standard is incorporated here by reference.

**IV.      ANALYSIS.**

Because Frost-Tsuji fails to raise a genuine issue of material fact with respect to the removal of copyright management information claim asserted in Count V of the Second Amended

Complaint, partial summary judgment is granted in favor of Defendants on that claim.

### A. Count V of the Second Amended Complaint Only Asserts a Violation of 17 U.S.C. § 1202(b)(1).

Count V of the Second Amended Complaint asserts only that "Defendants intentionally removed [Frost-Tsuji's] copyright management information from the plans . . . for use in construction and permitting" without permission. See ECF No. 53 ¶¶ 59-60, PageID # 406. The allegations of the Second Amended Complaint are therefore limited to claims of <u>removal</u> of copyright management information. The parties have litigated this case with the understanding that Count V asserts only a violation of 17 U.S.C. § 1202(b)(1). For example, Defendants Highway Inn and Ho`ola Mau earlier sought dismissal of the claim, noting that it "appears to be an attempt to plead a DMCA violation claim under 17 U.S.C. § 1202(b)(1)." See ECF No. 64, PageId # 665. Frost-Tsuji's opposition to that motion to dismiss did not contest that Count V was limited to the alleged removal of copyright management information. See ECF No. 168. In the court's order of July 10, 2014, the court stated that there was "no dispute that Count V of the Second Amended Complaint asserts a violation of 17 U.S.C. § 1202(b)(1) . . . ." ECF No. 203, PageID # 2235.

It was not until Frost-Tsuji filed its opposition to the current motions that it contended for the first time that Count V of the Second Amended Complaint is not limited to a claim

7

under 17 U.S.C. § 1202(b)(1) but instead additionally asserts violations of 17 U.S.C. § 1202(b)(2) and -(3), which prohibit the distribution, or importation for distribution, or public performance of works with knowledge that the copyright management information has been altered or removed.  See ECF No. 303, PageID # 5128-29.  No such additional claims are actually pled.

Count V's allegation that Defendants "removed" copyright management information is not accompanied by allegations that they distributed Frost-Tsuji's work, imported it for distribution, or publicly performed it while knowing that the copyright management information had been removed.  See ECF No. 53 ¶¶ 59-60, PageID # 406.  Frost-Tsuji does not identify anything in the record supporting its statement that it "validly alleged the Defendants distributed its Copyrighted Works."  While it cites to "ECF No. 53 at ¶ 26" in making this statement, ECF No. 53 is the Second Amended Complaint, Paragraph 26 of which alleges only, "On July 11, 2013, [Frost-Tsuji] successfully registered its copyrights for the Project.  The Certificates of Registration are attached hereto as Exhibit 'D.'"  ECF No. 53, PageID # 402.

The dispositive motions deadline was September 17, 2014, and trial is scheduled for February 18, 2015.  See ECF No. 46 (scheduling order).  It would, at this point, clearly be unfair to allow Frost-Tsuji to proceed with claims that were not

asserted in its Second Amended Complaint. The court therefore limits Count V of the Second Amended Complaint to its actual allegations, which concern only Defendants' alleged removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1).

> **B.  Defendants Are Granted Partial Summary Judgment on the Claim that They Removed Copyright Management Information in Violation of 17 U.S.C. § 1202(b)(1).**

The statute on which Count V is based, 17 U.S.C. § 1202(b)(1), states:

> No person shall, without the authority of the copyright owner or the law--
>
> (1) intentionally remove or alter any copyright management information
>
> . . . .
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

This provision has been read as containing three elements:

> To state a claim for removal of [copyright management information] under 17 U.S.C. § 1202(b)(1), a plaintiff must allege that a defendant: (1) without authority of the copyright owner or the law; (2) intentionally removed or altered [copyright management information]; (3) knowing or having reasonable grounds to know that the removal will induce, enable, facilitate, or conceal an infringement of the federal copyright laws.

Imageline, Inc. v. CafePress.com, Inc., 2011 WL 1322525, *6 (C.D. Cal. Apr. 6, 2011) (citing 17 U.S.C. § 1202(b)(1)); accord Intellectual Prop. Litig. Comm., Am. Bar Assoc., Model Jury Instructions: Copyright, Trademark and Trade Dress Litig. § 1.8.17 (2008) (requiring proof that a defendant "Intentionally removed or altered plaintiff's copyright management information without plaintiff's authority or the authority of law" and "that Defendant did such action knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate or conceal copyright infringement").

> 1. **Frost-Tsuji Submits No Evidence Demonstrating that Any Defendant Removed Its Copyright Management Information From Its Copyrighted Work.**
>
>    a. **Frost-Tsuji Does Not Show That Highway Inn, Ho`ola Mau, or Uyehara Removed Frost-Tsuji's Copyright Management Information.**

Frost-Tsuji presents no evidence indicating that Highway Inn or Ho`ola Mau removed or directed anyone else to remove Frost-Tsuji's copyright management information. The record identifies Monica Toguchi, Russell Ryan, and Sharon Fern-Chong as the only principals or employees of Highway Inn and/or Ho`ola Mau who had access to Frost-Tsuji's plans and documents. Each denies having removed, altered, cropped, or copied the documents such that the copyright management information was obscured or otherwise removed. Each denies having directed or

otherwise influenced any Highway Inn or Ho`ola Mau employees, agents, contractors, architects, friends, family, attorneys, or others to take such action.  See Declaration of Monica Toguchi ¶¶ 5-8, ECF No. 236-5, PageID #s 3501-02; Declaration of Russell Ryan ¶¶ 5-8, ECF No. 236-6, PageID # 35-4-05; Declaration of Sharon Fern-Chong ¶¶ 5-8, ECF No. 236-7, PageId # 3507-08.  Bryce E. Uyehara similarly denies that he or anyone associated with his company removed copyright information from Frost-Tsuji's work.  See Declaration of Bryce E. Uyehara ¶¶ 4-5, ECF No. 241-3, PageID 3707.  Frost-Tsuji identifies no evidence that it could offer at trial showing that anyone associated with Highway Inn, Ho`ola Mau, or Uyehara was responsible for the removal of the copyright management information.

At most, Frost-Tsuji relies on e-mails of May 16 and 21, 2013, to support its copyright management information removal claim.  See ECF No. 186-9, PageID # 2054; ECF No. 186-11, PageID 2058.  Attached to those e-mails were a .jpeg of a floor plan for the restaurant and a "Floor Color Study" for the restaurant.  The floor plan is stamped by Bryce E. Uyehara, the replacement architect.  The "Floor Color Study" also has Uyehara's copyright management information.  The "Floor Color Study" also refers to Highway Inn.  See ECF No. 186-9, PageID # 2055; ECF No. 186-11, PageID # 2064.  Highway Inn's possession of floor plans that Frost-Tsuji says are "virtually identical" to its work does not

11

mean that anyone from Highway Inn or Ho`ola Mau removed or had anyone remove Frost-Tsuji's copyright management information from Frost-Tsuji's plans. "Virtually identical" plans could have been created by redrawing Frost-Tsuji's plans and not including Frost-Tsuji's copyright management information, but that would not involve any removal or alteration of copyright management information from Frost-Tsuji's original work.

Highway Inn or Ho`ola Mau's possession of Frost-Tsuji's plan does not suffice to show removal or alteration of copyright management information. Nor does Uyehara's stamp on drawings allegedly based on Frost-Tsuji's work, without more, establish a statutory violation. Without evidence of removal, Frost-Tsuji has no viable claim for removal of copyright management information. See Faulkner Press, L.L.C. v. Class Notes, L.L.C., 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010) ("An action for removal of copyright management information requires the information to be removed from a plaintiff's product or original work.").

Although Frost-Tsuji argues that Highway Inn and Ho`ola Mau have failed to explain who allegedly removed Frost-Tsuji's copyright management information, see ECF No. 301, PageID # 5008, that is not Defendants' burden. Those Defendants met their initial burden of demonstrating that they were not responsible for the alleged removal. The burden then shifted to Frost-Tsuji

to raise a genuine issue of fact as to whether Defendants were responsible for that removal. In the absence of a showing that there are such triable issues, Frost-Tsuji cannot proceed with Count V.

>              **b.   Frost-Tsuji Does Not Show That Bargreen Ellingson Removed Frost-Tsuji's Copyright Management Information.**

Partial summary judgment is also granted in favor of Bargreen Ellingson on the claim that Defendants "removed" Frost-Tsuji's copyright management information without its permission. See ECF No. 53 ¶¶ 59-60, PageID # 406.

Frost-Tsuji asserts that, after Frost-Tsuji was terminated, Bargreen Ellingson sent CADs out that did not include Frost-Tsuji's CAD containing its copyright management information. But sending out such CADs does not indicate that Bargreen Ellingson actually removed the copyright management information from Frost-Tsuji's copyrighted work.

On May 9, 2013, Monica Toguchi of Highway Inn sent Skip Elkins of Bargreen Ellingson an e-mail stating, "Since we are no longer using Wendy's plans for this project, can you please resend the kitchen layout that you've completed." ECF No. 300-7, PageID 4967. Elkins responded on May 14, 2013, by sending the requested plans. Id. Frost-Tsuji says that these CADs did not contain Frost-Tsuji's copyright management information, see ECF No. 299, PageID # 4919, although Frost-Tsuji's concise statement,

13

ECF No. 300, does not actually support this assertion. At most, paragraph 9 of that concise statement refers to the attached Exhibit D, which includes what appear to be drawings for the restaurant. Frost-Tsuji does not specifically identify a drawing that it created from which Frost-Tsuji's copyright management information is missing. If Frost-Tsuji expects this court to scour the record to pinpoint such information, the court reminds Frost-Tsuji that Local Rule 56.1(f) expressly states that the court has no such duty.

Even if Frost-Tsuji is correct in contending that Bargreen Ellingson created its CAD for the kitchen design of the restaurant "based on FTA's work," see Declaration of Frank H. Frost ¶ 12, ECF No. 300-2, PageID # 4941, basing a CAD on Frost-Tsuji's CAD is not the same as "removing" copyright information from a copyrighted work. The physical act of removal is not the same as basing a drawing on someone else's work. Reliance on another's work is insufficient to support a claim of removal of copyright management information. See Faulkner Press, 756 F. Supp. 2d at 1359 ("An action for removal of copyright management information requires the information to be removed from a plaintiff's product or original work.").

### c. Frost-Tsuji Does Not Show That Kadowaki Removed Frost-Tsuji's Copyright Management Information.

Frost-Tsuji makes no effort to raise a genuine issue of fact as to whether Kadowaki <u>removed</u> Frost-Tsuji's copyright management information. Instead Frost-Tsuji attempts to recast Count V as including a claim of <u>knowing distribution</u> of copyrighted works that have had their copyright management information removed. <u>See</u> ECF No. 303, PageID # 5128-29. But Count V includes no claim for distribution of copyrighted work without copyright management information.

In trying to identify questions of fact fatal to Kadowaki's motion, Frost-Tsuji repeatedly refers to parts of the record that in no way establish the matters for which they are cited. For example, in contending that Kadowaki received one or more of its CAD files, Frost-Tsuji, in its opposition, cites to paragraph 19 of its concise statement of facts. <u>See</u> ECF No. 303, PageID # 5127. That paragraph states, "On October 1, 2014, [Kadowaki] admitted it received 'one or more CAD files containing [Frost-Tsuji's] CMI that contained proposed schematic kitchen design and layout." ECF No. 304, PageID # 5143. The concise statement references the attached Exhibit D as evidence supporting that statement. This reference is problematic in a number of ways.

15

First, Local Rule 56.1(c) states, "The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized." Frost-Tsuji makes no attempt to identify which part of Exhibit D the court should examine. As noted earlier, Local Rule 56.1(f) provides that "the court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements." To the extent Frost-Tsuji says Exhibit D supports an evidentiary point, but expects the court to figure out exactly where, Frost-Tsuji loses the battle of persuasion.

Second, although cited as evidence that Kadowaki "admitted" receipt of CAD files, Exhibit D to Frost-Tsuji's concise statement, ECF No. 304-7, cannot be said to contain any admission by Kadowaki. Exhibit D is Defendant Highway Inn's response to requests for admissions. Even assuming Kadowaki did receive drawings from Frost-Tsuji, as Kadowaki acknowledges in its reply, see ECF No. 310, PageID # 5247, this receipt does not, absent more, establish removal of copyright management information, the only claim asserted in Count V.

Frost-Tsuji claims that it sent Kadowaki a hand-drawn design of the restaurant's kitchen in December 2012, although the document itself does not indicate that it was sent to Kadowaki.

16

See ECF No. 135-5, PageID # 1388.  Monica Toguchi, of Highway Inn, also sent an e-mail to Kadowaki and others on January 10, 2013, that included schematics for the restaurant.  See ECF No. 304-5, PageID # 5155.  Kadowaki says it prepared "shop drawings" from the kitchen design drawings done by Bargreen Ellingson, the kitchen designer.  See id. ¶¶ 12-13, PageID #s 3690-91.  At the time it prepared those "shop drawings," Kadowaki would have been aware of Frost-Tsuji's design, as it had seen that design.  To the extent Frost-Tsuji is arguing that Kadowaki created "shop drawings" based on Frost-Tsuji's work and left out Frost-Tsuji's copyright management information in the process, no actionable removal of copyright management information is involved, as basing a drawing on another's work is not the same as removing copyright management information.  See Faulkner Press, 756 F. Supp. 2d at 1359.

> **d. There is No Evidence that Any Other Defendant Removed Frost-Tsuji's Copyright Management Information**.

At the hearing on the present motions, Frost-Tsuji argued that Defendants other than Bargreen Ellingson violated Count V when they received and used Bargreen Ellingson's drawings, which did not include Frost-Tsuji's copyright management information.  Because Count V asserts a claim of improper removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1), the mere receipt and possession of a

17

copyrighted work that has allegedly had copyright management information removed does not violate § 1202(b)(1). A defendant who does not actually remove copyright management information cannot be said to have violated § 1202(b)(1).

Frost-Tsuji's argument is more consistent with an unpled claim alleging the distribution of a copyrighted work with knowledge that copyright management information has been removed.

> **2. Frost-Tsuji Submits No Evidence Demonstrating that Any Defendant Removed Frost-Tsuji's Copyright Management Information From Its Copyrighted Work Knowing or Having Reasonable Grounds to Know That the Removal Would Induce, Enable, Facilitate, or Conceal an Infringement of Federal Copyright Law.**

Even assuming Bargreen Ellingson (or any other Defendant) could be said to have "removed" copyright management information from Frost-Tsuji's copyrighted work while creating another work based on Frost-Tsuji's copyrighted design, Frost-Tsuji could not prevail on Count V. This court has previously ruled that Highway Inn had an implied nonexclusive license to use Frost-Tsuji's copyrighted works. Other Defendants used and adapted Frost-Tsuji's plans within the scope of that implied license. Therefore, even if one or more Defendants removed Frost-Tsuji's copyright management information, no Defendant can be said to have removed any copyright management information "knowing or having reasonable grounds to know that the removal

[would] induce, enable, facilitate, or conceal an infringement of the federal copyright laws." Imageline, 2011 WL 1322525, *6.

On this point, the court is unpersuaded by Frost-Tsuji's argument that Frost-Tsuji did not authorize any derivative works of its copyrighted works. As determined in the court's order of August 26, 2014, Frost-Tsuji created works that Highway Inn requested and substantially paid for. Frost-Tsuji then delivered the works to Highway Inn with the intent that they be used in connection with the construction of Highway Inn's restaurant. Frost-Tsuji could not revoke the implied license that Highway Inn (and its contractors) had to use the copyrighted works. Frost-Tsuji cannot now claim that any use by any Defendant of those works violated its copyrights. Nor can Frost-Tsuji show that Bargreen Ellingson knew or had reason to know that any alleged removal of Frost-Tsuji's copyright management information would induce or enable any copyright infringement. Frost-Tsuji certainly knew from the dozen draft designs Bargreen Ellingson sent to it that Bargreen Ellingson was basing its CAD on Frost-Tsuji's work. Under these circumstances, Frost-Tsuji does not show how it would establish a violation of 17 U.S.C. § 1202(b)(1) at trial.

**CONCLUSION.**

For the foregoing reasons, partial summary judgment is granted in favor of Defendants with respect to Count V of the Second Amended Complaint. This order terminates ECF Nos. 235, 238, 239, 262, and 264.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER GRANTING PARTIAL SUMMARY JUDGMENT TO DEFENDANTS WITH RESPECT TO COUNT V OF THE SECOND AMENDED COMPLAINT