IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| Plaintiff, | )<br>)<br>) | ORDER GRANTING JUDGMENT ON THE PLEADINGS ON COUNT VI IN |
| vs. | )<br>) | FAVOR OF HIGHWAY INN AND HO`OLA MAU; ORDER GRANTING |
| HIGHWAY INN, INC.; HO`OLA MAU, LLC; BRYCE UYEHARA, A.I.A., INCORPORATED; J. KADOWAKI, INC.; FESTIVAL MANAGEMENT CORPORATION; et al, | )<br>)<br>)<br>)<br>)<br>) | PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS HIGHWAY INN, INC., AND HO`OLA MAU, LLC, ON ANY CIVIL CONSPIRACY CLAIM IN COUNT VII BASED ON A VIOLATION OF PLAINTIFF FROST- |
| Defendants. | )<br>)<br>)<br>)<br>)<br>) | TSUJI ARCHITECTS' COPYRIGHTS; ORDER GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF HIGHWAY INN AND HO`OLA MAU ON ANY PORTION OF COUNT VII BASED ON TORTIOUS INTERFERENCE |

**ORDER GRANTING JUDGMENT ON THE PLEADINGS ON COUNT VI IN FAVOR OF HIGHWAY INN AND HO`OLA MAU; ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS HIGHWAY INN, INC., AND HO`OLA MAU, LLC, ON ANY CIVIL CONSPIRACY CLAIM IN COUNT VII BASED ON A VIOLATION OF PLAINTIFF FROST-TSUJI ARCHITECTS' COPYRIGHTS; ORDER GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF HIGHWAY INN AND HO`OLA MAU ON ANY PORTION OF COUNT VII BASED ON TORTIOUS INTERFERENCE**

**I.     INTRODUCTION.**

Defendants Highway Inn, Inc., and Ho`ola Mau, LLC, seek judgment on the pleadings with respect to the tortious interference with contractual relations and civil conspiracy claims asserted in Counts VI and VII of the Second Amended Complaint. The court grants the motion with respect to the tortious interference claim asserted in Count VI, as no claim is asserted against Highway Inn or Ho`ola Mau. To the extent Plaintiff Frost-Tsuji Architects bases its civil conspiracy claim

on Highway Inn's and Ho`ola Mau's alleged violation of Frost-Tsuji's copyrights, partial summary judgment is granted in favor of Highway Inn and Ho`ola Mau, as this court has already determined that they committed no such copyright violations. Finally, to the extent the civil conspiracy claim asserted in Count VII is based on alleged tortious interference, judgment on the pleadings is granted in favor of Highway Inn and Ho`ola Mau. Highway Inn cannot tortiously interfere with its own contract, and no facts are pled supporting Frost-Tsuji's assertion that Ho`ola Mau interfered with Frost-Tsuji's contract with Highway Inn.

**II.     STANDARD.**

The court previously set forth the standard for motions for summary judgment in its order of August 26, 2014. See ECF No. 222. That standard is incorporated here by reference.

The standard for a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure is "functionally identical" to that governing a Rule 12(b)(6) motion. United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Under Rule 12(c), "Judgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir.

2012) (quotation marks and citation omitted); accord Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

Review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bokrath, 100 F.3d 1476, 1479 (9th Cir. 1996). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988.

To survive a motion for judgment on the pleadings, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (examining Rule 12(b)(6)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

While a complaint need not have detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. "Naked assertions devoid of further factual enhancement" that suggest only a "mere possibility of misconduct" are not enough to state a claim for relief. Id. at 698. Additionally, "[t]hreadbare recitals of elements of a cause of action supported by mere conclusory statements" do not suffice. Id. at 679.

**III.  ANALYSIS.**

  **A. Highway Inn and Ho`ola Mau Are Entitled to Judgment on the Pleadings With Respect to the Tortious Interference With Contract Claim Asserted in Count VI of the Second Amended Complaint.**

Count VI of the Second Amended Complaint asserts that Frost-Tsuji had a contract with Highway Inn. See Second Amended Complaint ¶ 62. It then alleges that Defendants Bryce E. Uyehara, A.I.A., Incorporated, J. Kadowaki, Inc., and Festival Management Corporation, knew of this contract and intentionally induced Highway Inn to breach it without justification. Id.

¶ 63-65.  Count VI alleges that Frost-Tsuji "has been damaged by Uyehara, [Kadowaki], and Festival's conduct in an amount to be proven at trial."  Id. ¶ 67.  Count VI asserts no claim against Highway Inn or Ho`ola Mau.

Highway Inn and Ho`ola Mau seek clarification that they are not named as defendants with respect to Count VI.  Curiously, Frost-Tsuji does not admit that its Second Amended Complaint fails to assert a claim against Highway Inn and/or Ho`ola Mau in Count VI.  Rather, Frost-Tsuji argues that Ho`ola Mau could possibly interfere with the contract between Frost-Tsuji and Highway Inn.  This court need not address Frost-Tsuji's argument because Count VI of the Second Amended Complaint asserts no claim against Highway Inn or Ho`ola Mau.

>   B.  **Partial Summary Judgment Is Granted to Highway Inn and Ho`ola Mau on Any Part of the Civil Conspiracy Claim Asserted in Count VII Based on Alleged Violations of Frost-Tsuji's Copyrights.**

In the court's order of August 26, 2014, ECF No. 222, the court ruled that neither Highway Inn nor Ho`ola Mau had violated Frost-Tsuji's copyrights.  Given this prior ruling, summary judgment rather than judgment on the pleadings, is appropriate with respect to copyright-based claims.  Thus, to the extent Frost-Tsuji's civil conspiracy claim asserted in Count VII of the Second Amended Complaint is premised on copyright violations, partial summary judgment is granted in favor of Highway Inn and Ho`ola Mau.

### C. To the Extent the Civil Conspiracy Claim Asserted in Count VII is Based on Claims of Tortious Interference With Contract, Judgment on the Pleadings is Granted in Favor of Highway Inn and Ho`ola Mau.

In part, Count VII of the Second Amended Complaint asserts a civil conspiracy claim based on Highway Inn and Ho`ola Mau's alleged tortious interference with Frost-Tsuji's contract with Highway Inn. Judgment on the pleadings is granted in favor of Highway Inn and Ho`ola Mau with respect to that claim.

To the extent the civil conspiracy claim is based on Highway Inn's alleged tortious interference with its own contract, judgment on the pleadings is granted in favor of Highway Inn. As Frost-Tsuji admits, Highway Inn cannot tortiously interfere with its own contract. See ECF No. 298, PageID # 4908; see also Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Haw. 251, 274, 151 P.3d 732, 755 (2007) ("A party cannot 'interfere' with its own contracts, so the tort itself can be committed only by a third party.").

To the extent the civil conspiracy claim is based on Ho`ola Mau's alleged tortious interference with the contract between Frost-Tsuji and Highway Inn, there are no factual allegations in the Second Amended Complaint that support such a claim.

**IV.     CONCLUSION.**

Partial summary judgment is granted in favor of Highway Inn and Ho`ola Mau with respect to the civil conspiracy claim asserted in Count VII to the extent that claim is based on an alleged violation of Frost-Tsuji's copyrights. Judgment on the pleadings is granted in favor of Defendants Highway Inn and Ho`ola Mau with respect to the tortious interference with contractual relations and remaining civil conspiracy claims asserted in Counts VI and VII of the Second Amended Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 7, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER GRANTING JUDGMENT ON THE PLEADINGS ON COUNT VI IN FAVOR OF HIGHWAY INN AND HO`OLA MAU; ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS HIGHWAY INN, INC., AND HO`OLA MAU, LLC, ON ANY CIVIL CONSPIRACY CLAIM IN COUNT VII BASED ON A VIOLATION OF PLAINTIFF FROST-TSUJI ARCHITECTS' COPYRIGHTS; ORDER GRANTING JUDGMENT ON THE PLEADINGS IN FAVOR OF HIGHWAY INN AND HO`OLA MAU ON ANY PORTION OF COUNT VII BASED ON TORTIOUS INTERFERENCE