IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION OF ORDER |
| vs. | ) | FILED ON NOVEMBER 7, 2014 |
| | ) | |
| HIGHWAY INN, INC.; HO`OLA | ) | |
| MAU, LLC; BRYCE UYEHARA, | ) | |
| A.I.A., INCORPORATED; J. | ) | |
| KADOWAKI, INC.; FESTIVAL | ) | |
| MANAGEMENT CORPORATION; et | ) | |
| al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION
OF ORDER FILED ON NOVEMBER 7, 2014**

**I.    INTRODUCTION.**

Plaintiff Frost-Tsuji Architects seeks reconsideration of the order of November 7, 2014, granting summary judgment against Frost-Tsuji on the copyright management information removal claim asserted in Count V of the Second Amended Complaint. Frost-Tsuji asserts but does not establish clear error in that order. Accordingly, the court denies the motion for reconsideration.

**II.    RECONSIDERATION STANDARD.**

Frost-Tsuji seeks reconsideration of an interlocutory order. That is, Frost-Tsuji seeks reconsideration of an order granting partial summary judgment on a single claim that left other claims for further adjudication. Such a motion is governed by Local Rule 60.1, which allows such motions based on

"(a) Discovery of new material facts not previously available; (b) Intervening change in law; and (c) Manifest error of law or fact." "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id. (internal quotation marks omitted).

**III.     FROST-TSUJI'S MOTION FOR RECONSIDERATION IS DENIED.**

In relevant part, Count V of the Second Amended Complaint asserts that, in violation of 17 U.S.C. § 1202(b)(1), Defendants intentionally removed Plaintiff Frost-Tsuji Architects' copyright management information from architectural drawings Frost-Tsuji had created for the construction of a restaurant. See Second Amended Complaint, Count V, ECF No. 53, PageID # 406.

The statute on which Count V is based, 17 U.S.C. § 1202(b)(1), states:

> No person shall, without the authority of the copyright owner or the law--
>
> (1) intentionally remove or alter any copyright management information
>
>     . . . .
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

2

This provision has been read as containing three elements:

> To state a claim for removal of [copyright management information] under 17 U.S.C. § 1202(b)(1), a plaintiff must allege that a defendant: (1) without authority of the copyright owner or the law; (2) intentionally removed or altered [copyright management information]; (3) knowing or having reasonable grounds to know that the removal will induce, enable, facilitate, or conceal an infringement of the federal copyright laws.

Imageline, Inc. v. CafePress.com, Inc., 2011 WL 1322525, *6 (C.D. Cal. Apr. 6, 2011) (citing 17 U.S.C. § 1202(b)(1)); accord Intellectual Prop. Litig. Comm., Am. Bar Assoc., Model Jury Instructions: Copyright, Trademark and Trade Dress Litig. § 1.8.17 (2008) (requiring proof that a defendant "Intentionally removed or altered plaintiff's copyright management information without plaintiff's authority or the authority of law" and "that Defendant did such action knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate or conceal copyright infringement").

On November 7, 2014, the court granted partial summary judgment in favor of Defendants with respect to the copyright management information removal claim asserted in Count V. See ECF No. 326. First, the court reasoned that Frost-Tsuji submitted no evidence that any Defendant had removed copyright management information from Frost-Tsuji's copyrighted work. The court was not persuaded that mere possession of plans lacking

Frost-Tsuji's copyright management information was sufficient to raise a genuine issue of fact as to whether a particular Defendant had removed or altered copyright management information from a copyrighted work. The court further reasoned that, once a Defendant met its initial burden of demonstrating that it was not responsible for any alleged removal, the burden then shifted to Frost-Tsuji to raise a genuine issue of fact as to whether that Defendant was responsible for any alleged removal. The court determined that Frost-Tsuji did not meet that burden. The court further reasoned that the mere sending of a Computer-Aided Design, or CAD, lacking Frost-Tsuji's copyright management information did not indicate that the sending Defendant had removed that information, and that basing a design on Frost-Tsuji's work was not the same as removing copyright management information from an original copyrighted work.

Second, the court granted partial summary judgment with respect to Count V because Frost-Tsuji submitted no evidence indicating that any Defendant had removed copyright management information from a copyrighted work by Frost-Tsuji knowing or having reasonable grounds to know that the removal would induce, enable, facilitate, or conceal an infringement of copyright law. Because the court had previously ruled that Highway Inn and Ho`ola Mau had an implied nonexclusive license to use the copyrighted work, a Defendant could not be said to have removed

Frost-Tsuji's copyright management information while having reasonable grounds to know that the removal would induce, enable, facilitate, or conceal an infringement of copyright law.

Frost-Tsuji seeks reconsideration of the order of November 7, 2014, arguing that it did submit evidence that Defendants removed its copyright management information. Frost-Tsuji is unpersuasive. Citing "ECF No. 300-7 #4969" on page 9 of its reconsideration motion, Frost-Tsuji says that Highway Inn and Ho`ola Mau "asked Bargreen to send the kitchen layout, which required Bargreen to remove [Frost-Tsuji's copyright management] layer." But ECF No. 300-7, PageID # 4969 is simply a drawing, not a request to Bargreen. Frost-Tsuji may have meant to refer to PageID # 4967, which states, "Since we are no longer using Wendy's plans for the project, can you please resend the kitchen layout that you've completed. Thanks so much." Even this evidence fails to indicate that Highway Inn or Ho`ola Mau asked Bargreen to remove the copyright management information. Nor can it reasonably be inferred from that statement that Bargreen removed copyright management information from Frost-Tsuji's original copyrighted work. The statement instead refers to a drawing that Bargreen itself completed.

The court is similarly unpersuaded that Frost-Tsuji identifies a genuine issue of fact as to whether Bargreen removed Frost-Tsuji's copyright management information by citing to "ECF

No. 300-7 #4935, ¶ 19, citing ECF No. 292-1 # 3643."  First, PageID # 4935 is not part of ECF No. 300-7.  Instead, PageID # 4395 is part of the concise statement submitted by Frost-Tsuji as ECF No. 300.  Although Frost-Tsuji is correct in noting that paragraph 19 of its concise statement cites to "ECF No. 292-1 #3643," the original reference to "ECF No. 292-1 #3643" was itself incorrect.

There is no ECF No. 292-1 in the record, and ECF No. 292 is a citation to a court order denying a motion to continue the motions for summary judgment.  Frost-Tsuji may have meant to refer to ECF No. 239-1, PageID # 3643, a document in which Bargreen explained that, after Frost-Tsuji was terminated, "Bargreen sent its work (its pane of glass) electronically to Highway Inn, Uyehara and Kadowaki.  In doing so, Bargreen did not remove or strip [Frost-Tsuji's copyright management information ('CMI'.) [Frost-Tsuji's] CMI was included in its drawing file (pane of glass).  Bargreen simply did not include [Frost-Tsuji's] drawing file in its transmissions."  Id.  That statement does not indicate that Bargreen removed Frost-Tsuji's copyright management information from Frost-Tsuji's copyrighted work.  Instead, it indicates that Bargreen developed its own drawing based on Frost-Tsuji's work and, when Frost-Tsuji asked that its work no longer be used, Bargreen followed that request and did not include Frost-Tsuji's drawing, or "pane of glass."

6

The miscitations in Frost-Tsuji's present motion and in underlying motions, combined with its submission of multiple documents when one would have done the job, have complicated this court's review of the record. While the court is able to discern that, as Frost-Tsuji points out, it cited ECF Nos. 186-9 and 186-10 in connection with the underlying motions, those documents do not justify reconsideration. Those documents include an e-mail from Monica Toguchi of Highway Inn to various Defendants asking that they use the attached documents and reminding them not to use Frost-Tsuji's work. See ECF No. 186-9. ECF No. 186-10 refers to a drawing done by Frost-Tsuji that includes Frost-Tsuji's copyright management information. A comparison of the documents in ECF Nos. 186-9 and 186-10 indicates that they are similar in that the building space is the same and the placements of some items in the drawings are similar. But the drawing by Uyehara, ECF No. 186-9, is not identical to the drawing by Frost-Tsuji, ECF No. 186-10, such that this court can say that Uyehara removed or altered Frost-Tsuji's copyright management information from ECF No. 186-10.

In its order of November 7, 2014, this court ruled that basing a drawing on Frost-Tsuji's work is not sufficient to support a claim of copyright removal. See ECF No. 326, PageID # 5383 (citing Faulkner Press, L.L.C. v. Class Notes, L.L.C., 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010) ("An action for removal

of copyright management information requires the information to be removed from a plaintiff's product or original work.")). Frost-Tsuji submitted no evidence that Uyehara (or any other Defendant) removed the copyright management information from Frost Tsuji's original work, in this case ECF No. 186-10, or altered what was the actual original.

Nor is the court persuaded by Frost-Tsuji's reference to a floor color study. The order of November 7, 2014, discussed the floor color study and ruled that it did not support a claim of copyright management information removal. See ECF No. 326, PageID #s 5382-83. Frost-Tsuji's mere disagreement with the court's order on this point does not support reconsideration. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

Finally, Frost-Tsuji argues that new evidence in the form of admissions by Bargreen establishes that Bargreen did remove Frost-Tsuji's copyright management information. Once again, the evidence to which Frost-Tsuji cites does not stand for that proposition. In Admission No. 34, Bargreen admits that it "did not locate and design the spatial arrangement of the Open Display Kitchen which was used for the Restaurant." In Admission No. 4, Bargreen generally admits "that the layout and design sent to [Bargreen] on January 10, 2013 . . . , was a prior version of

8

the Restaurant layout and design currently in place at the Restaurant." At most, these admissions indicate that Bargreen based its work on the work of someone else, presumably Frost-Tsuji, not that Bargreen physically removed the copyright management information from any rendition of Frost-Tsuji's work.

Because none of Frost-Tsuji's arguments raises a genuine issue of fact as to whether any Defendant removed the copyright management information from Frost-Tsuji's original work, rather than indicating that Defendants created derivative work from Frost-Tsuji's, the motion seeking reconsideration of the court's earlier order is denied.

The court notes that, even if Frost-Tsuji is correct in arguing that Defendant's derivative use of Frost-Tsuji's drawings could be the basis for a copyright management information removal claim, reconsideration would not be justified. That is, even if a copyright management removal claim does not require that information be removed from an original work, Frost-Tsuji makes no attempt to demonstrate that it can satisfy the other elements of such a claim on this motion. In its order of November 7, 2014, this court ruled that, because Highway Inn and Ho`ola Mau had an implied nonexclusive license to use Frost-Tsuji's copyrighted works, even if one or more Defendants did remove Frost-Tsuji's copyright management information, no Defendant could be said to have removed copyright management information

9

knowing or having reasonable grounds to know that that removal would induce, enable, facilitate, or conceal an infringement of the federal copyright laws.  Frost-Tsuji therefore fails to establish that element of its claim as well.

**IV.   CONCLUSION.**

Because Frost-Tsuji fails to demonstrate any reason this court should reconsider its previous order granting summary judgment in favor of Defendants on Count V, Frost-Tsuji's motion for reconsideration, ECF No. 354, is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 21, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER FILED ON NOVEMBER 7, 2014