IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING SECOND MOTION FOR RECONSIDERATION |
| vs. | ) ) | CONCERNING COUNT IV |
| HIGHWAY INN, INC.; HO`OLA MAU, LLC; BRYCE UYEHARA, A.I.A., INCORPORATED; J. KADOWAKI, INC.; FESTIVAL MANAGEMENT CORPORATION; et al, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING SECOND MOTION FOR
RECONSIDERATION CONCERNING COUNT IV**

**I.    INTRODUCTION.**

Before the court is Frost-Tsuji's Second Motion for Reconsideration concerning Count IV. This motion seeks reconsideration of the order filed on August 26, 2014, granting summary judgment against Frost-Tsuji on its copyright infringement claim in Count IV of the Second Amended Complaint, and the order filed on October 27, 2014, denying a motion for reconsideration of that order. Counsel for Frost-Tsuji represents that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Frost-Tsuji sought a continuance of the hearing on its motion for partial summary judgment on Count IV and of the cross-motion for summary judgment on Count IV. That representation is inaccurate. Frost-Tsuji filed a Rule 56(d) motion concerning a different motion.

Frost-Tsuji now claims to have discovered new evidence that raises factual issues that should have precluded summary judgment with respect to Count IV. But Frost-Tsuji does not demonstrate that it acted with reasonable diligence in obtaining this new evidence. To the contrary, the record indicates that it was only after it lost cross-motions for summary judgment with respect to the copyright infringement claim asserted in Count IV that Frost-Tsuji sought the discovery it says led to the new evidence. This court expended substantial effort in drafting its orders of August 26 and October 27, 2014. What Frost-Tsuji would have this court do is accept that the court wasted its time relying on the then-existing record, excuse a party's belated discovery efforts, and revisit issues whenever a party feels ready to supplement the record. The court denies Frost-Tsuji's Second Motion for Reconsideration.

The court decides the Second Motion for Reconsideration without a hearing pursuant to Local Rule 7.2(d).

**II.     FACTUAL BACKGROUND**

Count IV of the Second Amended Complaint of February 28, 2014, asserted a claim of copyright infringement. See ECF No. 53, PageID # 405-06.

On March 5, 2014, Frost-Tsuji filed a motion for partial summary judgment with respect to the copyright infringement claim asserted in Count IV. See ECF No. 55. Frost-

Tsuji supplemented that motion on April 11, 2014, clarifying that its motion only addressed "the issues of whether any of the named defendants had a license to use and/or copy Frost-Tsuji's copyrighted work after Frost-Tsuji's termination and, if no license existed, whether any of the named defendants infringed upon Frost-Tsuji's copyrights." See ECF No. 85, PageID # 803.

On June 3, 2014, Defendant J. Kadowaki, Inc., filed a motion for partial summary judgment with respect to Count IV, arguing that Frost-Tsuji was not entitled to statutory damages and attorneys' fees based on Count IV, because Frost-Tsuji had not registered its copyright before any alleged infringement and because Frost-Tsuji had not published its architectural drawings. See ECF No. 140. This motion was originally set for hearing on August 4, 2014. See ECF No. 143. The hearing was continued to August 18, 2014. See ECF Nos. 148 and 158.

On June 25, 2014, Defendants Highway Inn, Inc., and Ho`ola Mau, LLC, filed a Cross-Motion for Summary Judgment with respect to Count IV of the Second Amended Complaint and Frost-Tsuji's motion for partial summary judgment on that count. See ECF No. 176.

A hearing on Frost-Tsuji's motion for partial summary judgment and Highway Inn and Ho`ola Mau's cross-motion for partial summary judgment with respect to Count IV was held on July 21, 2014. See ECF No. 206. Before that hearing, the court

issued its usual prehearing Inclinations.  The Inclinations
stated that the court was inclined to grant partial summary
judgment in favor of Defendants on the ground that Highway Inn
and Ho`ola Mau had an implied nonexclusive license to use the
plans created by Frost-Tsuji and that such a license was a
defense to the copyright infringement claim asserted in Count IV.
See ECF No. 205.  Based on the parties' indication at the hearing
that the case might be settling, the court stated that it would
refrain from ruling until the parties indicated whether a
settlement had been reached.  See ECF No. 206.

On August 7, 2014, Frost-Tsuji filed a Rule 56(d)
request to continue the hearing on J. Kadowaki's motion
concerning statutory damages and attorneys' fees pursuant to
Count IV.  See ECF No. 215.

On August 26, 2014, after determining that the case had
not settled, the court, consistent with its prehearing
Inclinations, granted Highway Inn and Ho`ola Mau's motion for
summary judgment with respect to Count IV.  See ECF No. 222.  The
court also granted the multiple joinders in that motion and
denied Frost-Tsuji's motion for partial summary judgment with
respect to Count IV.  Id.  The court denied as moot J. Kadowaki's
motion with respect to statutory damages and attorney's fees, as
well as Frost-Tsuji's Rule 56(d) motion to continue the hearing
on J. Kadowaki's motion.  Id.

4

On September 5, 2014, Frost-Tsuji sought reconsideration of the order of August 26, 2014. See ECF No. 232. That motion was denied on October 3, 2014. See ECF No. 292.

On October 8, 2014, Frost-Tsuji sent Defendant Bargreen Ellingson of Hawaii, Inc., a Fifth Request for Admissions. See ECF No. 308. Bargreen responded on November 7, 2014. See ECF No. 391-13.

On November 12, 2014, Frost-Tsuji noticed the depositions of Monica Toguchi, Russell Ryan, Stan Sato, Bryce Uyhara, and Richard Herbert Elkins. See ECF Nos. 331 (Elkins notice), 333 (Uyehara notice), 334 (Sato notice), 335 (Toguchi and Ryan notice). Elkins's Deposition was taken on December 3, 2014. See ECF No. 391-9. Toguchi's Deposition was taken on December 11, 2014. See ECF No. 391-4. Ryan's Deposition was taken on December 12, 2014. See ECF No. 391-11. Uyehara's Deposition was taken on December 15, 2014. See ECF No. 391-8. Sato's Deposition was taken on December 18, 2014. See ECF No. 391-7.

On December 8, 2014, Frost-Tsuji sent a subpoena to Kamehameha Schools. See ECF No. 372. In response to that subpoena, Kamehameha Schools produced documents, including the e-mails filed as ECF Nos. 391-5 and 391-6, on January 9, 2014. See

Decl. of Randall K. Schmitt ¶¶ 8, 9, ECF No. 391-3, PageID #s 6212-13.

Based on the discovery it sought only after the court had granted summary judgment in favor of Defendants with respect to Count IV and after the court had denied Frost-Tsuji's motion for reconsideration of that order, Frost-Tsuji filed the Second Motion for Reconsideration. See ECF No. 391.

**III. ANALYSIS.**

Frost-Tsuji seeks reconsideration of an interlocutory order. That is, Frost-Tsuji seeks reconsideration of an order that, at the time it was entered, left other claims for further adjudication. To this day, a separate claim technically remains pending, albeit subject to settlement that presumably will include a stipulation to dismiss that claim. Accordingly, the reconsideration motion is governed by Local Rule 60.1, which allows such motions based on "(a) Discovery of new material facts not previously available; (b) Intervening change in law; and (c) Manifest error of law or fact." "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id. (internal quotation marks omitted).

This court has previously stated, "To support a motion for reconsideration based upon newly discovered evidence, the movant is obliged to show not only that the evidence was newly discovered or unknown, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Oyama v. Univ. of Haw., 2013 WL 3296567 (D. Haw. June 28, 2013); accord Hagan v. U.S. Nat'l Bank, 2014 WL 5465321 (D. Haw. Oct. 27, 2014). Accordingly, this court has denied motions seeking reconsideration of orders based on evidence and/or legal arguments that the party seeking reconsideration could have raised in connection with an original motion. See Barker v. Gottlieb, 2015 WL 181776 (D. Haw. Jan. 14, 2015). Because the Second Motion for Reconsideration fails to show why Frost-Tsuji could not have earlier discovered the evidence it now relies on, the court denies the Second Motion for Reconsideration based on "newly discovered evidence."[1]

---

[1]Even if the court had already entered judgment given the settlement of the remaining claims such that the Second Motion for Reconsideration could be deemed to be seeking relief under Rule 59(e) of the Federal Rules of Civil Procedure, the court's analysis would remain unchanged. With respect to motions for reconsideration brought under Rule 59(e), the Ninth Circuit has stated, "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." See Kona Enter., Inc. v. Estate of Bishop, 229 F.2d 877, 890 (9th Cir. 2000).

Nor would examining the Second Motion for Reconsideration under Rule 60(b)(2) of the Federal Rules of Civil Procedure change the result. Although Rule 60(b)(2) allows relief from a "final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been

In Engelhard Industries, Inc. v. Research Instrumental Corp., 324 U.S. 347, 352 (1963), the Supreme Court addressed an attempt to establish questions of fact in a patent infringement case. That attempt involved the submission of four affidavits that had not been submitted to the trial court before it granted summary judgment. The trial court declined to consider the affidavits when they were submitted in a motion for rehearing. Id. The Supreme Court ruled that the trial court had not erred in granting summary judgment, as the facts in the affidavits had been readily available and known well in advance of the summary judgment hearing. Id.

Based on Engelhard, the Ninth Circuit, in Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985), determined that a bankruptcy court had not abused its discretion in denying reconsideration of a summary judgment order, and that a district court had not erred in affirming that denial. That case involved a party's reliance on "newly discovered evidence" in seeking reconsideration. Because that

---

discovered in time to move for a new trial under Rule 59(b)," that rule does not excuse a litigant from diligently seeking discovery prior to a motion for summary judgment. See Hopkins v. Andaya, 958 F.2d 881, 887 n.5 (9th Cir. 1992), overruled on other grounds as recognized in Federman v. County of Kern, 61 Fed. Appx. 438, 440 (9th Cir. 2003) ("Appellants knew of the witness and could have deposed him or submitted his affidavit to contest the summary judgment motion. Appellants offer no excuse for not presenting the affidavit earlier. A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court.").

evidence was available before the summary judgment order issued, the Ninth Circuit ruled that reconsideration was not appropriate. Id. The district court had held that, to support a motion for reconsideration of a summary judgment order based on newly discovered evidence, the movant was "*obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Id.

In Kowalski v. Anova Food, LLC, 958 F. Supp. 2d 1147 (D. Haw. 2013), a party sought reconsideration of an order denying a motion to dismiss for lack of personal jurisdiction. The reconsideration motion was based in relevant part on a new declaration by Douglas Brinsmade that had not been submitted to the court in connection with the original motion. The court denied the motion for reconsideration, ruling that, "Defendants have not shown that they could not have, with reasonable diligence, such as through the service of a subpoena, presented testimony from Brinsmade before the Court ruled on the Motions to Dismiss. Defendants may not now rely on a new declaration by Brinsmade."

Frost-Tsuji seeks reconsideration of orders based on discovery it did not even seek until after the orders were filed. Frost-Tsuji provides no explanation as to why it did not seek or

9

could not have presented the evidence to the court in connection with the original motion.  Frost-Tsuji's failure to seek discovery with reasonable diligence precludes it from now obtaining reconsideration of the court's orders based on "newly discovered evidence."

The court notes that, in connection with the Second Motion for Reconsideration, counsel for Frost-Tsuji represents that Frost-Tsuji had sought a Rule 56(d) continuance of the cross-motions for partial summary judgment with respect to the license issue in Count IV.  See ECF No. 391-3, PageID # 6211.  The court found no such request in the record.  Instead, the record reflects that, after the court had held a hearing on those motions, Frost-Tsuji filed a motion to continue the hearing on a different motion, J. Kadowaki's motion.  J. Kadowaki's motion concerned the issues of when Frost-Tsuji had registered its copyright and whether it had published its drawing, not the license issue raised by the cross-motions.  J. Kadowaki's motion was denied as moot based on the order granting summary judgment in favor of Defendants with respect to the license issue raised by Count IV.  Frost-Tsuji's request for a continuance of J. Kadowaki's motion does not indicate reasonable diligence in seeking discovery concerning the license issue relevant to its own motion and the cross-motion filed by Highway Inn and Ho`ola Mau.

Indeed, it would have made little sense for Frost-Tsuji to have sought a Rule 56(d) continuance on the license issue. Frost-Tsuji had itself moved for summary judgment on the license issue, contending that there were no factual issues needing to be tried as to that issue. Rule 56(d) contemplates that a nonmovant may need time to take discovery, but Frost-Tsuji was the movant. Admittedly, Frost-Tsuji had to respond to Highway Inn and Ho`ola Mau's "cross motion." The court viewed the "cross-motion" as a counter-motion under Local Rule 7.9, meaning that it addressed the same subject matter as Frost-Tsuji's motion and was, in effect, the opposition to Frost-Tsuji's motion. See August 26, 2014, Order, ECF No. 222, PageID # 2877 ("The issue before this court with respect to the countermotions on Count IV of the Second Amended Complaint boils down to whether Highway Inn had a license to use the architectural plans Frost-Tsuji created for Highway Inn's restaurant even after the agreement was terminated."). For that reason, Frost-Tsuji's opposition to that "cross-motion" was also its reply in support of its original motion on the license issue. See ECF No. 198. Frost-Tsuji quite correctly did not make the illogical argument that it needed to take further discovery on the very matter it was contending the court could decide as a matter of law.

11

**IV. CONCLUSION.**

Frost-Tsuji seeks reconsideration of orders based on "newly discovered evidence." Because Frost-Tsuji did not even seek discovery of that information until after the orders issued and does not show why it could not have done so, Frost-Tsuji is not entitled to reconsideration. The court denies the Second Motion for Reconsideration, ECF No. 391.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 23, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER DENYING SECOND MOTION FOR RECONSIDERATION CONCERNING COUNT IV