IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIV. NO. 13-00496 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | DEFENDANTS' MOTIONS FOR |
| | ) | ATTORNEYS' FEES AND COSTS |
| HIGHWAY INN, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS'
MOTIONS FOR ATTORNEYS' FEES AND COSTS**

Before the Court are (1) Defendant Bargreen Ellingson of Hawaii, Inc.'s Motion for Award of Attorney's Fees and Costs (Doc. 419); (2) Defendants Highway Inn, Inc. and Hoʻola Mau, LLC's Motion for Attorneys' Fees and Costs (Doc. 420); and (3) Defendant J. Kadowaki, Inc.'s Motion for Award of Attorneys' Fees and Costs (Doc. 421), filed on April 29, 2015 (collectively "Defendants' Motions for Attorneys' Fees and Costs"). Defendant Bargreen Ellingson of Hawaii, Inc., ("Bargreen") seeks an award of attorneys' fees in the amount of $84,744.66 and costs in the amount of $355.97 as the prevailing defendant in this matter. (Doc. 419 at 1-2.) Defendants Highway Inn, Inc. and Hoʻola Mau, LLC (collectively "Highway Inn"), seek an award of attorneys' fees in the amount of $438,440.03 and costs in the amount of $9,083.11 as the prevailing party in this

1

matter. (Doc. 420; Doc. 420-1 at 14-15.) Defendant J. Kadowaki, Inc., ("JKI"), seeks an award of attorneys' fees in the amount of $288,331.04 and taxable and non-taxable costs in the amount of $9,809.68 as the prevailing party in this matter. (Doc. 421at 2.) The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons discussed below, the Court finds and recommends that Defendants' Motions for Attorneys' Fees and Costs be DENIED.

## FACTUAL BACKGROUND

This case stems from an architectural firm's claim that a restaurant is using the architectural firm's designs without having paid for them. The restaurant's position is that it ended its agreement with the architectural firm when the firm refused to work within budget, and that it is acting within its rights. The parties and the Court are familiar with the factual and procedural background of this case; therefore, the Court will only address herein the background that is relevant to the instant Motion.

On or about December 1, 2012, Highway Inn hired Plaintiff Frost-Tsuji Architects ("Frost-Tsuji") to design and oversee the development of a full-service restaurant in the Kakaako area of Honolulu (hereinafter "Project"). (Doc. 222 at 3.) Frost-Tsuji was not the first firm to tackle this Project, having been

preceded by DKKY Architecture Studio, Inc., whose plans, drawings, schematics, and layouts Frost-Tsuji received copies of.  (Id.)  Highway Inn and Frost-Tsuji entered into a letter agreement dated December 1, 2012.  (Id. at 4.)  Pursuant to that agreement, Frost-Tsuji was to "coordinate and manage [Highway Inn's] consultant team and provide for Concept, Schematic, Design Development and Construction Document Phases."  (Id.)  The letter agreement further provided that Frost-Tsuji was to provide its services to Highway Inn "for a NOT TO EXCEED SUM OF $97,500."  (Id. at 5.)  Highway Inn eventually terminated its agreement with Frost-Tsuji, and hired a new architect to develop new plans for the Project.  (Id. at 10-12.)  Thereafter, on September 30, 2013, Frost-Tsuji initiated this action by filing an original Complaint to recover alleged unpaid amounts from Highway Inn.  (See Doc. 1.)

On February 28, 2014, Frost-Tsuji filed a Second Amended Complaint asserting claims for (1) breach of contract ("Count I"); (2) quantum meruit ("Count II"); (3) unjust enrichment ("Count III"); (4) copyright violations, for the copying of copyrighted drawings and other documents ("Count IV"); (5) copyright violations, for the removal of Frost-Tsuji's copyright management information ("Count V"); (6) tortious interference with contractual relations ("Count VI"); and (7) civil conspiracy ("Count VII").  (Doc. 53 at 9-14.)  The parties subsequently filed various motions for summary judgment, and on August

3

26, 2014, the Court issued an Order denying Frost-Tsuji's motion for partial summary judgment on its Count IV copyright violation claim, and granting Highway Inn's Count IV cross motion for partial summary judgment, finding that Highway Inn did not violate any copyrights belonging to Frost-Tsuji. (See generally, Doc. 222.) On September 17, 2014, Highway Inn filed a renewed motion for summary judgment on Count V of the Second Amended Complaint (Doc. 235), which the Court granted on November 7, 2014. (Doc. 326.) Frost-Tsuji subsequently filed multiple motions for reconsideration of the Court's orders, all of which were denied. (Doc. 320; Doc. 394; Doc. 395.)

Highway Inn also filed a Motion for Partial Summary Judgment on the Pleadings with respect to Counts VI and VII of the Second Amended Complaint. (Doc. 237.) The Court issued an order granting Highway Inn's Motion, and dismissed Frost-Tsuji's Counts VI and VII. (Doc. 327.)

On January 8, 2015, the parties entered into a settlement agreement with respect to Frost-Tsuji's remaining contract claims, Counts I, II and III. (Doc. 389.) Pursuant to the Settlement, these counts were dismissed. Judgment was entered on April 15, 2015. (Doc. 412.) On April 20, 2015, Frost-Tsuji filed its Notice of Appeal to the United States Court of Appeals for the Ninth Circuit, which is currently pending. (Doc. 413.)

On April 29, 2015, Bargreen, Highway Inn, and JKI (collectively

4

"Defendants") filed their motions for attorneys' fees and costs. (Docs. 419, 420, 421.) On May 20, 2015, Frost-Tsuji filed its memoranda in opposition (Docs. 429, 430, 431), and on June 2, 2015, Defendants filed their individual replies. (Docs. 432, 433, 434.) For the reasons discussed below, the Court finds and recommends that Defendants motions for attorneys' fees and costs be DENIED.

## LEGAL STANDARD

Attorneys' fees are not awarded in copyright cases as a matter of course. Fogerty v. Fantasy, Inc., 510 U.S. 517, 533-34 (1994). Instead, attorneys' fees are to be awarded to prevailing parties "only as a matter of the court's discretion." Id. at 534. Pursuant to 17 U.S.C. § 505:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States of an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

"Section 505 of the Copyright Act gives discretion to district courts to grant to the prevailing party a 'reasonable attorney's fee.'" SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013) (quoting 17 U.S.C. § 505.) The most important factor for the Court to consider in deciding whether a fee award is appropriate "is whether an award will further the purposes of the [Copyright] Act." Id. (citation omitted); see also Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996) ("Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal

criterion."). In considering whether to exercise its discretion to award a reasonable attorneys' fee, the Court may consider the following "five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." Seltzer v. Green Day, Inc., 725 F.3d 1170, 1180-81 (9th Cir. 2013).

## **DISCUSSION**

Here, the Court cannot say that awarding attorneys' fees and costs in this case furthers the purposes of the Copyright Act. See SOFA Entm't, Inc., 709 F.3d at 1280 ("When a fee award encourages a defendant to litigate a meritorious fair use claim against an *unreasonable* claim of infringement, the policies of the Copyright Act are served." (Emphasis added)). Although the Court granted summary judgment on Frost-Tsuji's copyright claims, "the mere fact that [plaintiff] lost cannot establish [its] objective unreasonability." Seltzer, 725 F.3d at 1181. Instead, as discussed more fully below, the Court finds that although Defendants were the prevailing parties in this action, Frost-Tsuji's copyright claims raised a genuine dispute between the parties regarding its copyrighted works, and therefore, the circumstances presented here do not warrant an award of attorneys' fees. Additionally, Defendants prevailed because the Court found it had a nonexclusive

implied license to use Frost-Tsuji's copyrighted plans; and thus, Defendants' success was not based upon a legal theory that promotes artistic creativity or preserves public access to creative works.  See, e.g., Fogerty, 510 U.S. at 524-27 (noting the objectives of the Copyright Act, and stating that "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public").  Therefore, it cannot be said that Defendants' defense greatly advanced any of the Copyright Act's general goals.

As noted above, Highway Inn hired Frost-Tsuji to design and oversee the development of a full-service restaurant project, and Frost-Tsuji received copies of plans, drawings, schematics, and layouts prepared by the first firm hired by Highway Inn to tackle the Project. (Doc. 222 at 3.)  Highway Inn and Frost-Tsuji entered into a letter agreement on December 1, 2012, detailing the rights and responsibilities of the parties. (See Doc. 222 at 4.)  The letter agreement, in relevant part, provided that "per AIA standard contract, Architect's drawings, specifications, and all design work are 'instruments of service', and all copyrights to all items designed are for the specific jobsite address only, and design copyrights, formulas, custom furniture, fixtures or fabrics remain under the ownership of the Architect." (Id.)  The parties contemplated that the letter agreement would be followed by a formal contract, and Frost-Tsuji was to convert

the letter agreement into a "Standard AIA Short Form Contract" no later than December 31, 2012. (Id.) Frost-Tsuji, however, did not meet that deadline. (Id.) Instead, on February 1, 2013, Frost-Tsuji proposed a "draft" contract, which did not entirely track the terms of the letter agreement. (Id. at 4-5.) In relevant part, the draft contract states that the Architect, Frost-Tsuji, grants the Owner, Highway Inn, a "nonexclusive license to use the Architect's Instruments of Service." (Id. at 6-7.) Given the material departures between the letter agreement and the draft contract, the Court found that the present record "does not indisputably establish what the final contract was to be," and while the draft contract was never executed, any additional agreement entered into between Highway Inn and Frost-Tsuji was not the "Standard AIA Short Form Contract" contemplated by the letter agreement. (Id. at 9.) Highway Inn eventually terminated the business relationship between it and Frost-Tsuji over concerns that, inter alia, Frost-Tsuji was going over budget. (Id. at 10-11.) Defendant Bryce Uyehara, A.I.A., Incorporated, was hired to replace Frost-Tsuji and was tasked with preparing a design "based upon architectural and engineering work performed by Frost-Tsuji and Highway Inn's design and engineering consultants." (Doc. 222 at 12 (brackets omitted).) Sometime thereafter, Frost-Tsuji alleged that its copyright management information was improperly removed from the plans it prepared for the Highway Inn Project. (See, e.g., Doc. 53 at 12, ¶ 59.)

8

Defendants assert that they are the prevailing parties, having succeeded on their motions for summary judgment. (See, e.g., Doc. 420-1 at 14-15; Doc. 421-1 at 10.) While Frost-Tsuji maintains that Defendant Bargreen cannot be considered a prevailing party, (Doc. 429 at 19), Frost-Tsuji does not dispute that the Defendants' motions on the copyright claims were granted. (Doc. 430 at 19-20.) The Court finds, based on the judgment entered in this case, that the Defendants obtained a great deal of success on their motions for summary judgment and are the prevailing parties in this action. While the degree of success factor weighs in favor of an award of attorneys' fees to Defendants, consideration of this factor alone does not end the Court's analysis.

As to the second factor, Defendants contend that Frost-Tsuji's claims were frivolous and objectively unreasonable because Frost-Tsuji turned a "relatively simple copyright claim into a claim involving multiple defendants," thereby causing unnecessary discovery and increased litigation expenses, and further, Frost-Tsuji's claims had no basis in law or fact because the Highway Inn Defendants had a license to use Frost-Tsuji's work product. (Doc. 419-1 at 5; Doc. 420-1 at 19-20; Doc. 421-1 at 25-28.) Defendants further argue that Frost-Tsuji's multiple motions for reconsideration were also frivolous, and that Frost-Tsuji had no factual or legal basis to seek reconsideration. (Doc. 420-1 at 20-23.) The Court does not agree.

Here, this litigation arose to adjudicate whether Defendants infringed upon Frost-Tsuji's copyrighted work. Inasmuch as the parties' agreement was never memorialized by a final executed contract, in large part, the issue in this case was whether Highway Inn had an implied license to use the architectural plans Frost-Tsuji created for Highway Inn's restaurant even after the agreement between the parties was terminated. (See Doc. 222 at 16.) On August 26, 2014, Chief Judge Susan Oki Mollway held despite the fact that the letter agreement "did not unambiguously state what would happen to the work Frost-Tsuji had already done before the termination of the letter agreement[,]" (Doc. 222 at 22), Highway Inn had a nonexclusive implied license to use (copy, distribute, reproduce, and adapt) Frost-Tsuji's architectural plans because such a license could be implied from the parties' agreement and conduct. (See Doc. 222 at 22-27.) The Court subsequently held, in denying Frost-Tsuji's First Motion for Reconsideration, that "[n]o one disputes that Frost-Tsuji owns the copyright in drawings it created for Defendant Highway Inn, Inc." (Doc. 320 at 1.) In so finding, the Court thus acknowledged that Frost-Tsuji owns a copyright in the plans it created for the project. Although the Court ultimately found that Defendants had a license to use the copyrighted materials, the Court hereby finds that Frost-Tsuji's attempt to protect its valid copyright was objectively reasonable. While the Court recognizes the value in deterring frivolous lawsuits, especially in cases where the cost of litigation puts a

high burden on the non-infringing party, this case was not so clearly frivolous. Accordingly, this factor supports a denial of fees.

With regard to Frost-Tsuji's motivation in bringing suit, Frost-Tsuji maintains that its claims were a legitimate attempt to protect its copyrighted works on the Project. (See, e.g., Doc. 429 at 23, Doc. 431 at 25.) Defendants, however, argue that Frost-Tsuji purposefully and unnecessarily drove litigation costs up; asserted its copyright claim in bad faith, absent any evidence to support it; and Frost-Tsuji met with various State agencies for the sole purpose of attempting to subject Highway Inn to civil penalties and prevent it from opening its new restaurant. (Doc. 419-1 at 5; Doc. 420-1 at 24-26; Doc. 421-1 at 28-35.) Although the Defendants may be correct that this case involved a great deal of unnecessary litigation, the Court is not persuaded that Frost-Tsuji pursued the litigation with any motivation other than its desire to protect and enforce its rights, and therefore, the Court finds that this factor is neutral.

With regard to the last factor, the Court does not find the need for compensation and deterrence compelling. The Court does not want to discourage individual plaintiffs from asserting their copyright ownership rights. Here, Frost-Tsuji is the copyright owner who, based on the Court's ruling, granted Defendant Highway Inn an implied license to use its copyrighted materials. A written contract was never executed. As such, this litigation arose to adjudicate whether

Defendants infringed upon Frost-Tsuji's copyrighted work.  Awarding attorneys' fees against Frost-Tsuji would not further the purpose of the Copyright Act, nor would it encourage the production of original literary, artistic, and musical expression for the good of the public.  Rather, it would serve to discourage individuals from asserting their ownership in their copyrights.  Accordingly, the Court concludes that considerations of deterrence and compensation weigh in favor of Frost-Tsuji.

Judging by the foregoing standards, the case at bar does not qualify as a case in which attorneys' fees are appropriate.  Based on this Court's analysis, the Court concludes that here, a fee award would not further the purposes of the Copyright Act.  Moreover, a balance of the relevant factors counsels against an exercise of the Court's discretion to award attorneys' fees and costs in this case.  Accordingly, the Court finds and recommends that Defendants' Motions for Attorneys' Fees and Costs be DENIED.

\\
\\
\\
\\
\\
\\

**CONCLUSION**

Based on the foregoing, the Court hereby FINDS AND RECOMMENDS that the following motions be DENIED: (1) Defendant Bargreen Ellingson of Hawaii, Inc.'s Motion for Award of Attorney's Fees and Costs (Doc. 419); (2) Defendants Highway Inn, Inc. and Hoʻola Mau, LLC's Motion for Attorneys' Fees and Costs (Doc. 420); and (3) Defendant J. Kadowaki, Inc.'s Motion for Award of Attorneys' Fees and Costs (Doc. 421).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 17, 2015.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM-BMK, FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS.