IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING IN PART AND |
| | ) | REJECTING IN PART THE |
| vs. | ) | MAGISTRATE JUDGE'S FINDINGS |
| | ) | AND RECOMMENDATION THAT |
| HIGHWAY INN, INC.; HO`OLA | ) | DEFENDANTS' MOTIONS FOR |
| MAU, LLC; BRYCE UYEHARA, | ) | ATTORNEY'S FEES AND COSTS BE |
| A.I.A., INCORPORATED; J. | ) | DENIED |
| KADOWAKI, INC.; FESTIVAL | ) | |
| MANAGEMENT CORPORATION; et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS BE DENIED**

**I.      INTRODUCTION.**

Defendants object to the Magistrate Judge's Findings & Recommendation ("F & R") that this court deny their respective motions for attorney's fees and costs relating to their successful defense of two copyright claims asserted by Plaintiff Frost-Tsuji Architects.  This court adopts in part and rejects in part the F & R and remands Defendants' respective motions to the Magistrate Judge for a determination of reasonable fees and costs in accordance with this order.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

**II.      FACTUAL BACKGROUND.**

Because the parties and the court are familiar with the

facts and procedural background of this case, this court addresses only those events relevant to the F & R.

Three separate motions for fees and costs are considered in the F & R.  One was filed by Defendants Highway Inn, Inc., and Ho'ola Mau, LLC (collectively, "Highway Inn"). ECF No. 420.  Another was filed by Defendant Bargreen Ellingson of Hawaii, Inc.  ECF No. 419.  The third was filed by Defendant J. Kadowaki, Inc.  ECF No. 421.

In December 2012, Highway Inn hired Frost-Tsuji to design a restaurant in Honolulu, Hawaii, "for a NOT TO EXCEED SUM OF $97,500."  See ECF No. 56-4, PageID #s 472-73.  However, after cost overruns, Highway Inn terminated the agreement with Frost-Tsuji and hired a new architect to complete the project.  ECF No. 56-10, PageID # 522.

Frost-Tsuji initiated this action by filing its original Complaint on September 30, 2013, to recover allegedly unpaid amounts from Highway Inn.  On February 28, 2014, Frost-Tsuji filed its Second Amended Complaint, adding Defendants  J. Kadowaki (the project's general contractor), Bargreen Ellingson (the kitchen equipment vendor), Bryce E. Uyehara, A.I.A., Inc. (the new architect), The Festival Companies (the property manager), Iwamoto & Associates, LLC (the structural engineer), and Palekana Permits, LLC (the third-party reviewer of permit applications for the project).  See ECF No. 53.  The Second

2

Amended Complaint asserted claims for (1) breach of contract (Count I); (2) quantum meruit (Count II); (3) unjust enrichment (Count III); (4) copyright violations for the copying of copyrighted drawings and other documents ("copyright infringement claim") (Count IV); (5) copyright violations based on the removal of Frost-Tsuji's copyright management information ("CMI claim") (Count V); (6) tortious interference with contract (Count VI); and (7) civil conspiracy (Count VII). Id., PageID #s 403-08. The copyright claims in Counts IV and V were asserted against all Defendants. Id., PageID #s 408-09.

After extensive discovery, the parties filed various motions for summary judgment, all of which Defendants prevailed on. To begin with, Frost-Tsuji and Defendants filed competing motions for summary judgment on the copyright infringement claim asserted in Count IV of the Second Amended Complaint. See ECF Nos. 55, 140, 176. On August 26, 2014, the court issued an order granting Defendants' motion for partial summary judgment on the grounds that Highway Inn had a nonexclusive license to use the plans created by Frost-Tsuji in the construction and permitting of the restaurant. ECF No. 222, PageID # 2862. Defendants later filed a motion for partial summary judgment on the CMI claim. See ECF No. 134, 235, 238, 239. The court granted summary judgment in favor of Defendants on this claim as well, holding that "Frost-Tsuji [made] no effort to raise a genuine issue of

fact as to whether Kadowaki removed Frost-Tsuji's copyright management information."  ECF No. 326, PageID # 5386.[1]

As the case was being fiercely litigated, Frost-Tsuji directed its lawyers to make numerous complaints to multiple agencies of the State of Hawaii and the City and County of Honolulu regarding a number of alleged safety and regulatory violations by Highway Inn.  The record shows that counsel for Frost-Tsuji met with representatives from the Hawaii Department of Health, the Honolulu Fire Department, and the City and County of Honolulu's Department of Planning and Permitting ("DPP"), seeking to stop the restaurant from opening.  See Declaration of Monica Toguchi, ECF No. 421-9; Declaration of Brad T. Saito, ECF No. 421-4; ECF Nos. 421-5 to -7.  Frost-Tsuji's attorneys also sent multiple letters of complaint to the DPP.  See id.  The city informed Frost-Tsuji that it found no support for Frost-Tsuji's complaints.  See ECF No. 421-8, Page ID # 7266.

Frost-Tsuji's counsel next opposed Highway Inn's liquor license application "in the interest of public safety."  See ECF No. 421-14, PageID # 7365.  The Liquor Commission chairman questioned Frost-Tsuji about the reason for its opposition:

> Chairman: I got a fast question for [Frost-Tsuji's counsel].  What is your reason and connection - I mean I don't understand -

---

[1] Defendants also filed a motion for partial summary judgment as to Counts VI and VII of the Second Amended Complaint, ECF No. 237, which the court granted, see ECF No. 327.

4

> Counsel: Oh, [Frost-Tsuji] was the former
> architect.  I'm sorry. [Frost-Tsuji] was the
> former architect for Highway Inn.  They're
> interested in this construction because we
> suspect their plans are still being viewed.
> We have an involvement in this project.
>
> Chairman: So, you're here to protest because
> you have another issue against the licensee?
>
> Counsel: Well, we're here because [we]
> noticed certain violations, health safety
> violations, or life safety violations with
> the restaurant.  So, in the interest of
> public safety, we want to point that out and
> make it sure that the Commission is aware of
> these violations before they issue a liquor
> license.

Id.

Unsuccessful with these tactics, and having lost on its motions for summary judgment, Frost-Tsuji decided to file multiple motions for reconsideration of the court's orders regarding the copyright claims and took further discovery on the copyright claims.  ECF Nos. 232, 354, 391.  The court denied the first reconsideration motion concerning the copyright infringement claim, explaining that "[t]he arguments [were] unsupported by the record and contradict[ed] admissions Frost-Tsuji previously made."  ECF No. 320, PageID #s 5333-34.

Frost-Tsuji then took further discovery, sending Bargreen Ellingson a Fifth Request for Admissions, see ECF No. 308, noticing and taking five more depositions, see ECF Nos. 331, 333-335, 391-4, -7, -8, -9, and -11, and sending a subpoena to a

nonparty for various documents and communications.  See ECF No. 372.

Frost-Tsuji filed a second motion for reconsideration of the same order, ECF No. 391, which was also denied, see ECF No. 395.  Frost-Tsuji also filed a motion for reconsideration of the court's order granting summary judgment on Frost-Tsuji's CMI claim.  ECF No. 354.  The court denied that motion because Frost-Tsuji again failed to submit evidence demonstrating that Defendants had removed its copyright management information.  See ECF No. 394, PageID # 6238.

On January 8, 2015, the parties entered into a settlement agreement regarding Frost-Tsuji's contract claims (Counts I, II, and III).  See ECF No. 389.  Even after no claims remained to be resolved by this court, Frost-Tsuji continued to pursue discovery from Defendants on the copyright claims.  See ECF No. 421-1, PageID # 7235.  Judgment was entered on April 15, 2015.  ECF No. 412.

On April 29, 2015, Bargreen Ellingson, Highway Inn, and J. Kadowaki filed separate motions for attorney's fees and costs as to Frost-Tsuji's copyright claims.  Bargreen Ellingson seeks $84,744.66 in fees, plus $355.97 in costs, ECF No. 419; Highway Inn seeks $438,440.03 in fees, plus $9,083.11 in costs, ECF No. 420; and J. Kadowaki seeks $275,356.25 in fees, GET in the amount of $12,974.79, and $9,809.68 in costs, ECF No. 421.

In the F & R, the Magistrate Judge made a finding and recommendation that Defendants' motions for attorney's fees and costs be denied.  ECF No. 437, PageID # 8410.  The movants object.

III.     **ANALYSIS.**

A.   **Standard of Review.**

Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding dispositive pretrial motions.  <u>See</u> 28 U.S.C. § 636(b)(1)(B); <u>see also</u> Fed. R. Civ. P. 72(b) (promulgating rule).  The Federal Rules of Civil Procedure permit a district judge to similarly refer a post-judgment motion for attorney's fees "as if it were a dispositive pretrial matter," <u>see</u> Fed. R. Civ. P. 54(d)(2)(D), and such motions are customarily referred to magistrate judges in this district, <u>see</u> Local Rule 54.3(h).

A district judge reviews a magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Fed. R. Civ. P. 72(b).  If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may consider the record

developed before the magistrate judge.  Local Rule 74.2.  The district judge also has discretion to receive further evidence. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; see also United States v. Raddatz, 447 U.S. 667, 676 (1980) (district judge has wide discretion in deciding whether to allow new evidence).  The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Boulware, 350 F.Supp.2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record.  See United States v. Bright, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F.Supp.2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

The court determines that a hearing on this matter is neither necessary nor appropriate.  See Local Rule 7.2(d).

## B.   **Fogerty** Factors.

Defendants request attorney's fees and costs pursuant to 17 U.S.C. § 505 of the 1976 Copyright Act for work relating to the copyright infringement claim (Count IV), and 17 U.S.C.

§ 1203(b)(5) of the Digital Millennium Copyright Act for the CMI claim (Count V).  Both Acts permit a court to award full costs and reasonable attorney's fees to a prevailing party.  17 U.S.C. § 505 ("the court in its discretion may allow the recovery of full costs by or against any party other than the United States," including "a reasonable attorney's fee to the prevailing party as part of the costs"); 17 U.S.C. § 1203(b)(5) (the court "in its discretion may award reasonable attorney's fees to the prevailing party").

Fogerty v. Fantasy, Inc. ("Fogerty I"), 510 U.S. 517, 533 (1994), held that a district court may consider the following factors in determining whether to award attorney's fees for copyright claims: [1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (as to both the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence--"so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Id. at 534 n.19.  In this regard, the United States Supreme Court notes:

> Because copyright law ultimately serves the
> purpose of enriching the general public
> through access to creative works, it is
> peculiarly important that the boundaries of
> copyright law be demarcated as clearly as
> possible.  To that end, defendants who seek

9

> to advance a variety of meritorious copyright
> defenses should be encouraged to litigate
> them to the same extent that plaintiffs are
> encouraged to litigate meritorious claims of
> infringement. . . . Thus a successful defense
> of a copyright infringement action may
> further the policies of the Copyright Act
> every bit as much as a successful prosecution
> of an infringement claim by the holder of a
> copyright.

Fogerty I, 510 U.S. at 527.  Not all factors must be met to

support an award of attorney's fees.  Fantasy, Inc. v. Fogerty

("Fogerty II"), 94 F.3d 553, 558 (9th Cir. 1996).  These factors

are merely guideposts for the court in exercising its "equitable

discretion," and "courts are not limited to considering them."

Id.

The Magistrate Judge in this case recommended, based on

his analysis of the Fogerty factors, that Defendants' motions for

attorney's fees and costs be denied.  ECF No. 437, PageID #s

8414, 8420.  The Magistrate Judge explained that such an award

would not further the purposes of the Copyright Act because

Defendants' argument that they had a nonexclusive implied license

to use Frost-Tsuji's copyrighted plans "was not based upon a

legal theory that promotes artistic creativity or preserves

public access to the work," and an award to Defendants "would

serve to discourage individuals from asserting their ownership in

their copyrights."  Id., PageID #s 8415, 8420.

Defendants object that they are entitled to attorney's

fees for their work on both copyright claims.  In particular,

10

Defendants contend that an award of fees and costs furthers the purposes of the Copyright Act, that under the <u>Fogerty</u> factors, Frost-Tsuji's claims and litigation strategy were objectively unreasonable and improperly motivated, and that there is a compelling reason to deter conduct like Frost-Tsuji's and to compensate Defendants for successfully asserting their copyright defenses.  ECF No. 441, PageID #s 8473-74; ECF No. 443, PageID #s 8492, 8495-97; ECF No. 440-1, Page ID #s 8468-34.  Defendants also object that the Magistrate Judge erred in denying costs without any analysis.  <u>Id</u>.

This court concludes, based on its de novo review of the matters objected to by Defendants, that they are entitled to certain of their attorney's fees and costs with respect to their defense of the copyright claims, as discussed below.  To the extent attorney's fees are not awarded, this court adopts the Magistrate Judge's ruling.

### 1.   **Degree of Success.**

The first <u>Fogerty</u> factor clearly weighs in favor of awarding attorney's fees to Defendants with respect to both copyright claims.  Defendants prevailed on each motion for summary judgment and motion for reconsideration.  Furthermore, Defendants prevailed on the merits, rather than on technical grounds.  <u>See</u> <u>Fogerty II</u>, 94 F.3d at 556 (affirming district court's grant of attorney's fees based, in part, on reasoning

that the "defense was the type of defense that furthers the
purposes underlying the Copyright Act and therefore should be
encouraged through a fee award [because the defendant] prevailed
on the merits rather than on a technical defense, such as the
statute of limitations, laches, or the copyright registration
requirements").

### 2. Frivolousness or Objective Unreasonableness.

A claim is "frivolous" if it "lacks an arguable basis
either in law or in fact." Nietzke v. Williams, 490 U.S. 319,
325 (1989). By contrast, the standard for "objective
unreasonableness" appears to be somewhat lower than the standard
for frivolousness. See Perfect 10, Inc. v. Giganews, Inc., No.
CV 11-07098-AB SHX, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24,
2015). "A claim is objectively unreasonable where the party
advancing it 'should have known from the outset that its chances
of success in this case were slim to none.'" Id. (quoting SOFA
Entertainment, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280
(9th Cir. 2013). Courts assess the objective reasonableness of a
copyright litigant's claims "both in the factual and in the legal
components of the case." Fogerty I, 510 U.S. at 534 n.19
(internal quotes omitted).

A claim that is not "objectively unreasonable" at the
outset can become so if the litigant continues to pursue it when
the litigant knew or should have known that the chance of success

was slim to none.  See Allen v. Ghoulish Gallery, No. CIV.
06CV371 NLS, 2008 WL 474394, at *7 (S.D. Cal. Feb. 19, 2008)
(holding claim "objectively unreasonable" when plaintiff
maintained claim without identifying or producing any evidence of
an actual copyright in discovery, and produced only minimal
evidence of it at trial).  It bears emphasis, however, that
"[t]he mere fact that [a party] lost cannot establish his [or
her] objective unreasonability."  Seltzer v. Green Day, Inc., 725
F.3d 1170, 1181 (9th Cir. 2013).

     With regard to the copyright infringement claim (Count
IV), Defendants argue, "If [Frost-Tsuji] had fairly evaluated its
copyright infringement claim, the factual basis for its copyright
infringement claim, and controlling Ninth Circuit precedent,
[Frost-Tsuji] would have known from the outset that its chances
of success on its copyright infringement claim were slim to
none."  See ECF No. 449, PageID # 8576.  Although Defendants did
prevail on the merits, this court does not find that Frost-
Tsuji's copyright infringement claim was objectively unreasonable
or frivolous.  It was not obvious at the outset that Defendants
would prevail on this claim.  Only after a careful examination of
the record, in particular the parties' preliminary and draft
agreements, and careful consideration of the various parties'
arguments and controlling case law, did it become clear to this
court that there was no genuine issue of material fact as to

whether Defendants possessed a nonexclusive implied license to use Frost-Tsuji's plans for the restaurant project.  ECF No. 222, PageID # 2868.

However, Frost-Tsuji's successive motions for reconsideration on the copyright infringement claim, and the related discovery Frost-Tsuji conducted after summary judgment was granted, were objectively unreasonable.  Neither the mere act of filing a motion for reconsideration nor a party's loss on a motion for reconsideration makes an act per se objectively unreasonable or frivolous.  Rather, this court's finding of objective unreasonableness is based on the nature of what Frost-Tsuji did.  Frost-Tsuji should have known that the particular motions for reconsideration that it filed with regard to the copyright infringement claim (and also the CMI claim, as discussed below) were highly unlikely to succeed.

For example, Frost-Tsuji's first motion for reconsideration was denied because the arguments raised in the motion for reconsideration not only were unsupported by the record, but also contradicted admissions previously made by Frost-Tsuji.  ECF No. 320, PageID # 5333.  To make matters worse, Frost-Tsuji's motion included arguments that it had clearly waived in the underlying motion, see id., PageID # 5338, and "new evidence" that it had in its possession at the time of the underlying motions.  Frost-Tsuji provided no explanation as to

why such evidence was submitted for the first time on

reconsideration.  Id., PageID # 5334, 5342.

      The same holds true for Frost-Tsuji's second motion for

reconsideration, which was based on evidence belatedly sought by

Frost-Tsuji after the first motion for reconsideration was

denied.  In the order denying this motion, the court explained

the fatal flaws in Frost-Tsuji's approach:

> Frost-Tsuji now claims to have discovered new
> evidence that raises factual issues that
> should have precluded summary judgment with
> respect to Count IV.  But Frost-Tsuji does
> not demonstrate that it acted with reasonable
> diligence in obtaining this new evidence.  To
> the contrary, the record indicates that it
> was only after it lost cross-motions for
> summary judgment with respect to the
> copyright infringement claim asserted in
> Count IV that Frost-Tsuji sought the
> discovery it says led to the new evidence.
> This court expended substantial effort in
> drafting its orders of August 26 and October
> 27, 2014.  What Frost-Tsuji would have this
> court do is accept that the court wasted its
> time relying on the then-existing record,
> excuse a party's belated discovery efforts,
> and revisit issues whenever a party feels
> ready to supplement the record.  The court
> denies Frost-Tsuji's Second Motion for
> Reconsideration.

Id., PageID # 6335.  Quite simply, neither of the motions for

reconsideration on the copyright infringement claim was likely to

succeed, and Frost-Tsuji, being represented by sophisticated

counsel, should have known this.

      Frost-Tsuji's CMI claim was, at the very least,

objectively unreasonable.  In Count V of the Second Amended

15

Complaint, Frost-Tsuji asserted that Defendants intentionally removed Frost-Tsuji's copyright management information from its architectural drawings, in violation of 17 U.S.C. § 1202(b)(1). See ECF No. 53, PageID # 406.  However, "Frost-Tsuji [made] no effort to raise a genuine issue of fact as to whether Kadowaki removed Frost-Tsuji's copyright management information."  ECF No. 326, PageID # 5386.  Besides lacking evidence supporting its CMI claim, Frost-Tsuji attempted in its motion for summary judgment to raise claims under 17 U.S.C. § 1202(b)(2) and -(3) not mentioned in any complaint.  Those statutory provisions prohibit the distribution, or importation for distribution, or public performance of works with knowledge that the copyright management information has been altered or removed.  See ECF No. 303, PageID # 5128-29.  This was not only improper, it was also frivolous to the extent that Frost-Tsuji failed to identify anything in the record to support its new claims.

Frost-Tsuji then filed a motion for reconsideration on the CMI claim that was objectively unreasonable for two reasons. First, the motion for reconsideration was denied because Frost-Tsuji still had not submitted evidence to establish that Defendants removed Frost-Tsuji's copyright management information.  ECF No. 394, PageID # 6328.  Second, Frost-Tsuji made no attempt to demonstrate that it could establish the other elements of its CMI claim.  Id., PageID # 6332 ("even if a

16

copyright management removal claim does not require that information be removed from an original work, Frost-Tsuji makes no attempt to demonstrate that it can satisfy the other elements of such a claim on this motion").

Whether intentionally or inadvertently, Frost-Tsuji's motion failed to take into account the court's earlier ruling that Defendants had a nonexclusive implied license to use Frost-Tsuji's plans.  In other words, even if one or more Defendants had removed Frost-Tsuji's copyright management information, no Defendant could be said to have removed copyright management information knowing or having reasonable grounds to know that that removal would induce, enable, facilitate, or conceal an infringement of federal copyright laws.  <u>Id</u>.  It was objectively unreasonable for Frost-Tsuji to attempt to prevail on its motion for reconsideration by simply disagreeing with or disregarding this court's prior rulings on the copyright infringement claim.[2] <u>See</u> <u>White v. Sabatino</u>, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

---

[2] Indeed, after several instances in which Frost-Tsuji simply disregarded prior rulings in the case, this court had to remind Frost-Tsuji that, "[u]nless and until this court actually reconsiders its previous order granting summary judgment on the copyright claim, Frost-Tsuji should proceed as if that decision is the law of the case.  In opposing the upcoming dispositive motions, Frost-Tsuji should refrain from rearguing matters that are no longer relevant based on the law of the case."  ECF No. 292, PageID # 4567.

In sum, this factor weighs in favor of an award of attorney's fees for all work Defendants did on the CMI claim. With respect to the copyright infringement claim, this factor does not weigh in favor of an award for work on the motion for summary judgment, but does favor an award for work by Defendants on that claim after summary judgment was granted on Count IV.

### 3.   Motivation.

Under this factor, the existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party.  See Fogerty II, 94 F.3d at 558.  A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation. Hall v. Cole, 412 U.S. 1, 15 (1973).

A review of the record reveals several examples of Frost-Tsuji's conduct during the litigation that suggest an improper motive.  As discussed above, Frost-Tsuji directed its attorneys to make numerous complaints to multiple state and county agencies about the project.  See Declaration of Monica Toguchi, ECF No. 421-9; Declaration of Brad T. Saito, ECF No. 421-4; ECF Nos. 421-5 to -7.  Frost-Tsuji attributed its actions to its concerns with public safety, or with its own liability as the former architect of record.  Id.  A deputy corporation counsel informed Frost-Tsuji's attorney that the Department of Planning and Permitting "was not able to confirm any of your

allegations regarding the Project"; that the DPP had issued Highway Inn a certificate of occupancy after obtaining approvals from the Honolulu Fire Department, State of Hawaii Community Development Association, and DPP Building, Plumbing, and Electric Code Branches; and that "[t]hese approvals confirmed that the Project is compliant with relevant codes and requirements."  ECF No. 421-8, Page ID # 7266.  Frost-Tsuji nevertheless directed its attorneys to oppose Highway Inn's liquor license application. See ECF No. 421, PageID # 7238.  It strains credulity to believe that Frost-Tsuji did so out of genuine concern with public safety or its own liability in the face of a clear communication that Highway Inn was complying with all applicable health and safety codes after extensive review by several government agencies.

        Nor can the court ignore Frost-Tsuji's relentless pursuit of its copyright claims even after the motions for summary judgment were adjudicated.  Frost-Tsuji took extensive discovery after the summary judgment motions were adjudicated to gather further evidence in support of its copyright claims.  See ECF Nos. 308; 331; 333-335; 372; 391-4, -7, -8, -9, and -11. Frost-Tsuji offered no legitimate reason for this court to consider material obtained in that discovery on any of Frost-Tsuji's motions for reconsideration.  In fact, even when there were no claims pending, Frost-Tsuji still continued to pursue discovery from Defendants.  ECF No. 421-1, PageID # 7235.  Such

actions justify an award of attorney's fees to Defendants for both copyright claims.

### 4. Considerations of Compensation and Deterrence.

An award of attorney's fees may advance the purposes of the Copyright Act if it encourages other parties to defend themselves when they have valid defenses. Goldberg v. Cameron, No. C-05-03534 RMW, 2011 WL 3515899, at *6 (N.D. Cal. Aug. 11, 2011); Omega S.A. v. Costco Wholesale Corp., No. CV 04-05443 TJH RCX, 2012 WL 3150432, at *1 (C.D. Cal. June 20, 2012) aff'd, 776 F.3d 692 (9th Cir. 2015) ("awarding Costco attorneys' fees would encourage future defendants to resist improperly-motivated infringement actions, and would deter the filing of such actions"). This is particularly important "[w]hen the prevailing party is the defendant, who by definition receives not a small award but no award . . . . For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights" under the Copyright Act. Assessment Techs. of WI, LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004)(citation omitted)).

Defendants in this case should be compensated for successfully asserting substantive copyright defenses. Defendants have expended extensive amounts of time, energy, and money to defend themselves. They and others in their position should not be discouraged from asserting future, meritorious

copyright defenses because of the heavy financial toll it takes.

In addition, awarding attorney's fees here may deter claimants from unreasonably driving up litigation costs. While a litigant has every right to select its litigation strategy, there may be consequences flowing from its choices.

This factor also weighs in favor of awarding fees to Defendants.

### 5. Other Factors.

Although not a <u>Fogerty</u> factor, courts in this circuit also consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." <u>Ets-Hokin v. Skyy Spirits, Inc.</u>, 323 F.3d 763, 766 (9th Cir. 2003). Under the circumstances of this case, the court finds no inequity in awarding Defendants attorney's fees. The record does not indicate that Frost-Tsuji is an impecunious plaintiff. According to Frost-Tsuji's Rule 30(b)(6) witness, for example, Frost-Tsuji's partners paid themselves $19,000 per month each during part of 2013. Ishida Declaration, ¶15, ECF No. 421-15, PageID # 7375. Furthermore, the fee award is driven in large part by Frost-Tsuji's own actions. <u>See</u> <u>Perfect 10</u>, 2015 WL 1746484, at *13.

### 6. Balance of Factors in Light of Copyright Act's Purposes.

Ultimately, "[f]aithfulness to the purposes of the Copyright Act is . . . the pivotal criterion" when a court

considers whether to exercise its discretion in awarding attorney's fees relating to copyright claims.  Fogerty II, 94 F.3d at 558.  Both the United States Supreme Court and Ninth Circuit have made it clear that a court must analyze this criterion in an even-handed manner.  The Magistrate Judge denied fees on the ground that Defendants' success on the merits did not further the purposes of the Copyright Act because it "was not based upon a legal theory that promotes artistic creativity or preserves public access to the work."  ECF No. 437, PageID #s 8415, 8420.  This court disagrees.  Establishing the existence of a nonexclusive license actually ensured public access to the design Highway Inn paid for.  The Magistrate Judge also said that an award to Defendants "would serve to discourage individuals from asserting their ownership in their copyrights."  Id., PageID #s 8415, 8420.  In reaching this conclusion, the Magistrate Judge focused on a plaintiff's claim without giving consideration to the ways in which a defense furthers the purposes of the Copyright Act.

Because "copyright law ultimately serves the purpose of enriching the general public through access to creative works," "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that the plaintiffs are encouraged to litigate meritorious claims of infringement."  Fogerty I, 510 U.S. at 527.

By prevailing on their implied license defense, Defendants can be said to have enabled the artistic and creative expression of the restaurant's architectural designs to be constructed and displayed for the public.  Had Frost-Tsuji prevailed, Defendants might have had to start the project from scratch, and Highway Inn might not have been able to open its restaurant.  As this court noted, "[t]o deny Highway Inn a license to use and adapt Frost-Tsuji's plans would allow Frost-Tsuji to hold the project hostage until an owner like Highway Inn paid a 'ransom' for the continued use of the plans. . . . [N]ot every owner can start from scratch after the owner's contractual agreement with an architect terminates, especially when government approvals have already been obtained based on earlier plans."  ECF No. 222, PageID # 2885 (citing Foad Consulting Group, Inc. v. Azzalino, 270 F.3d 821, 835 (9th Cir. 2001)).

In addition, the prospect of a fee award encourages a party to protect his or her legitimate rights under copyright law.  By the same token, the risk of being ordered to pay the other side's fees may serve to deter a party from overlitigating a case, whether to harass the other party, financially ruin it, or place improper settlement pressure on it.

Although this court is not awarding attorney's fees for Defendants' work on the copyright infringement claim (Count IV) preceding the order granting summary judgment in favor of

23

Defendants, Defendants are awarded fees relating to the subsequent motions for reconsideration, as well as all fees relating to Frost-Tsuji's CMI claim.

### C. Costs.

Defendants also object to the Magistrate Judge's denial of costs.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

"In addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it."  CrossFit, Inc. v. Jenkins, 69 F. Supp. 3d 1088, 1104 (D. Colo. 2014) (citation omitted).  Pursuant to 17 U.S.C. § 505 and 1203(b)(4), a prevailing party may recover its costs relating to claims for copyright infringement and CMI violations.  17 U.S.C. § 505 ("the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof"); 17 U.S.C. § 1203(b)(4) ("In an action brought under subsection (a), the court . . . (4) in its discretion may allow the recovery of costs by or against any party other than the United States or an officer thereof").

The court agrees with Defendants that the Magistrate Judge erred in denying Defendants' costs without explanation.

"[A] district court must 'specify reasons' for its refusal to tax costs to the losing party[.]"  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (citing <u>Assoc. of Mexican-American Educators v. California</u>, 231 F.3d 572, 591 (9th Cir. 2000); <u>see also</u> <u>Subscription Television, Inc. v. S. California Theatre Owners Ass'n</u>, 576 F.2d 230, 234 (9th Cir. 1978) (holding that "the trial court must state reasons for the denial of costs so that the appellate court will be able to determine whether or not the trial court abused its discretion").  For the reasons discussed above, Defendants are entitled to costs associated with their defense of the copyright claims.

## IV.       CONCLUSION.

Defendants' objections to the Magistrate Judge's Findings and Recommendation to Deny Defendants' Motions for Attorneys' Fees and Costs, Filed July 17, 2015, are sustained in part.

This matter is remanded to the Magistrate Judge for a determination of reasonable attorney's fees and costs consistent with this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 23, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS BE DENIED