IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIV. NO. 13-00496 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART DEFENDANTS' |
| | ) | MOTIONS FOR ATTORNEYS' |
| HIGHWAY INN, INC., ET AL., | ) | FEES AND COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS**

Before the Court are (1) Defendant Bargreen Ellingson of Hawaii, Inc.'s Motion for Award of Attorney's Fees and Costs (Doc. 419); (2) Defendant J. Kadowaki, Inc.'s Motion for Award of Attorneys' Fees and Costs (Doc. 421); and (3) Defendants Highway Inn, Inc. and Ho'ola Mau, LLC's Motion for Attorneys' Fees and Costs (Doc. 420) (collectively "Defendants' Motions for Attorneys' Fees and Costs"). In light of Defendants' Highway Inn, Inc. and Ho'ola Mau, LLC's (collectively "Highway Inn") duty to defend and indemnify Defendant Bryce Uyehara, A.I.A., Inc. and Iwamoto and Associates, LLC, (hereinafter "BEU"), Highway Inn's Motion for Attorneys' Fees and Costs also seeks reimbursement of fees and costs incurred by BEU. (Doc. 420-1 at 41-45.)

On remand to this Court, Defendant Bargreen Ellingson of Hawaii,

1

Inc., ("Bargreen") seeks an award of attorneys' fees in the amount of $45,862.98 and costs in the amount of $355.97, for a total award of $46,218.95, as a prevailing party.  (Doc. 453 at 3.)  Defendant J. Kadowaki, Inc., ("JKI"), now seeks an award of attorneys' fees in the amount of $179,203.58 and costs in the amount of $10,578.45, for a total award of $189,782.03, as a prevailing party.   (Doc. 454 at 27.)  Highway Inn now seeks an award of attorneys' fees in the amount of $310,349.09 and costs in the amount of $9,223.10, for a total award of $319,572.19, as a prevailing party.  (Doc. 455 at 6.)  Included in the award Highway Inn seeks on remand, are attorneys' fees and costs incurred by BEU, in the amount of $68,885.31 and $2630.62, respectively.  (Doc. 455 at 25.)

The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons discussed below, the Court finds and recommends that Defendants' Motions for Attorneys' Fees and Costs be GRANTED IN PART.

## FACTUAL BACKGROUND

Inasmuch as the parties are familiar with the factual and procedural background of this case, the Court will only address herein the background that is relevant to the Motions and Supplemental Memoranda currently pending before the Court.  On July 17, 2015, this Court issued its Findings and Recommendation

to Deny Defendants' Motions for Attorneys' Fees and Costs. (Doc. 437.) Defendants filed Objections to this Court's Findings and Recommendation, which was adopted in part and rejected in part by the Honorable Susan Oki Mollway on September 23, 2015 ("Order on Fees"). (See Doc. 451.) Judge Mollway concluded, in relevant part, that Defendants are entitled to certain of their attorneys' fees and costs with respect to their defense of the copyright claims. (Doc. 451 at 11.) Specifically, Judge Mollway awarded fees for Defendants' work on Plaintiff Frost-Tsuji Architects' ("FTA") copyright infringement claim (Count IV) after summary judgment was granted on Count IV, (see Doc. 222), and also awarded Defendants fees relating to the subsequent motions for reconsideration, as well as all fees relating to FTA's CMI claim ("Count V" or "DMCA claim"). (Doc. 451 at 24.) Judge Mollway further concluded that Defendants are entitled to costs associated with their defense of the copyright claims. (Id. at 25.) The matter was remanded to this Court for a determination of reasonable attorney's fees and costs consistent with the Court's Order on Fees. (Id.)

On September 24, 2015, this Court ordered the parties to file supplemental briefing addressing the issues remanded. (Doc. 452.) On October 20, 2015, Defendants each filed their Supplemental Memoranda. (Docs. 453, 454, 455.) On November 6, 2015, Frost-Tsuji filed its Opposition to the Supplemental Memoranda, (Docs. 456, 457, 458), and shortly thereafter, Defendants filed their

respective Replies.  (Docs. 459, 460, 461.)

For the reasons discussed below, the Court finds and recommends that

Defendants Motions for Attorneys' Fees and Costs be GRANTED IN PART.

## LEGAL STANDARD

Inasmuch as the Court has already determined that Defendants are

entitled to certain of their attorneys' fees and costs, this Court need only address

the calculation of fees and costs in this matter.  In calculating fees, the Court must

determine a reasonable fee by multiplying "the number of hours reasonably

expended on the litigation" by "a reasonable hourly rate."  Hensley v. Eckerhart,

461 U.S. 424, 433 (1983).  Beyond establishing a reasonable hourly rate, "a party

seeking attorneys' fees bears the burden of proving that the requested fees and

costs are associated with the relief requested and are reasonably necessary to

achieve the results obtained."  U.S. v. Chung, Civ. No. 07-00570 ACK-BMK,

2010 WL 5388006, *3 (D. Haw. Dec. 17, 2010).  "A court must guard against

awarding fees and costs which are excessive, and must determine which fees and

costs were self-imposed and avoidable."  Id. (citation omitted).  A court has

discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to

have been spent on the case, and time expended on work deemed "excessive,

redundant, or otherwise unnecessary" shall not be compensated.  Id. (citations and

internal quotation marks omitted).  The Court will employ this framework in

calculating the attorneys' fees and costs to which Defendants are entitled.

## I.      Bargreen Ellingson of Hawaii, Inc.'s Attorneys' Fees & Costs Request

On remand to this Court, Bargreen filed a supplemental memorandum identifying the attorneys' fees and costs it incurred that fall within the scope of the Court's Order on Fees.  (See Doc. 453.)  Bargreen now seeks an award of attorneys' fees in the amount of $45,862.98, which includes Hawaii General Excise Tax, for work performed in connection with FTA's copyright claims after summary judgment on this claim was granted on August 26, 2014, and for work performed in connection with FTA's Count V DMCA claims.  (Doc. 453 at 2.) Bargreen further seeks $355.97 in deposition transcript costs.  (Doc. 460 at 4.)

### A.      Reasonable Hourly Rate

Here, Bargreen requests an hourly rate of $300 per hour for its counsel, Paul Maki.  (Doc. 453 at 2.)  "The reasonable hourly rate is that prevailing in the community for similar work."  Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citation omitted).  In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada Cnty., 285 F.3d 829, 840 n.6 (9th Cir. 2002).  It is the burden of the fee applicant to produce satisfactory evidence, in addition to the affidavits of its counsel, demonstrating that the requested hourly rate reflects prevailing community rates for similar services of

lawyers of reasonably comparable skill and reputation.  See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

In support of Bargreen's Motion for Attorneys' Fees and Costs, its counsel, Paul Maki, declares that he has been a member of the bar of this Court since 1972 and has appeared before this Court primarily in copyright and trademark matters.  (Doc. 419-2 at 1-2.)  Mr. Maki further declares that he has previously represented Bargreen, and that his billing rate is well within the range of billing rates charged in Honolulu by attorneys having comparable background and experience.  (Id. at 3-4.)  This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, and based on this Court's knowledge and on Plaintiff's submissions in this matter the Court finds that an hourly rate of $300 plus Hawaii General Excise Tax is reasonable for Mr. Maki.  See Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1043 (D. Haw. 2011) (permitting a rate of $350 per hour for an attorney with over forty years of experience).

## B.    Reasonableness of Hours Expended

Bargreen seeks reimbursement of attorneys' fees for 146 hours of work performed by Mr. Maki.  (Doc. 453-1 at 4.)  Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs sought are associated with the relief requested and are

reasonably necessary to achieve the results obtained.  See Tirona, 821 F. Supp. at 636.  In determining reasonable fees, the Court must subtract hours which were duplicative, unproductive, excessive, or unnecessary, and must also assess the extent to which fees and costs could have been avoided or were self-imposed.  Id. at 636, 637.  The Court has "discretion to trim fat from, or otherwise reduce, the number of hours claimed to have been spent on the case," and time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (internal quotation marks and citation omitted).

FTA objects to Bargreen's calculation of hours expended on the basis that (1) it includes fees outside of the scope of the Court's Order on Fees; (2) it contains insufficient descriptions; (3) the time entry descriptions are not contemporaneous; (4) it contains improper quarter-hour billing units; and (5) it contains block-billed entries.  (Doc. 456 at 2-10.)  The Court will address each objection in turn.

## 1.     Outside of the Scope of the Court's Order on Fees

FTA first objects to Bargreen's requested hours on the basis that it contains fees outside of the Court's September 23, 2015 Order on Fees.  (Doc. 456 at 4-5.)  Judge Mollway's Order on Fees clearly awarded attorneys' fees for three fee categories:  (1) fees related to Defendants' work on the copyright infringement

claim (Count IV) after summary judgment was granted on this claim; (2) fees

relating to the subsequent motions for reconsideration; and (3) all fees relating to

FTA's CMI claim, which alleged copyright violations based on the removal of

FTA's copyright management information ("CMI claim" or "DMCA claim").[1]

(Doc. 451 at 24.)  FTA apparently attempts to limit Bargreen's recovery to fees

related solely to FTA's motions for reconsideration and to fees relating to FTA's

CMI claim.  (See Doc. 456 at 4-5.)  The Court finds that Judge Mollway's Order

on Fees was not so limited, and instead, finds that the Order on Fees granted fees

related to Defendants' work on the copyright infringement claim (Count IV) after

summary judgment was granted on Count IV.  (See Doc. 451 at 14.)

         The Court further finds, despite FTA's arguments to the contrary, that

the Order on Fees encompasses work performed on discovery related matters

related to FTA's copyright claims.  The Order on Fees noted that FTA's

"successive motions for reconsideration on the copyright infringement claim, and

the related discovery [FTA] conducted after summary judgment was granted, were

objectively unreasonable."  (Doc. 451 at 14.)  The Order on Fees further noted that

FTA "took extensive discovery after the summary judgment motions were

adjudicated to gather further evidence in support of its copyright claims," and

---

[1] FTA's Count V is one for the removal or alteration of copyright management information under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b), and is referred to by the parties as either the "CMI claim" or the "DMCA claim."  For purposes of this F&R, the Court uses "CMI claim" and "DMCA claim" interchangeably to refer to FTA's Count V claim.

"offered no legitimate reason for this court to consider material obtained in that discovery on any of [FTA's] motions for reconsideration." (Doc. 451 at 19.) Moreover, the Order on Fees provides that "even when there were no claims pending, Frost-Tsuji still continued to pursue discovery from Defendants." (Id.) Inasmuch as FTA's discovery requests sought discovery related to its claims and defenses, including its copyright infringement and copyright notice removal claims, this Court finds that legal work performed after August 26, 2014 on discovery-related tasks is encompassed by the Court's Order on Fees. Thus, contrary to what FTA argues, this Court finds that the Order on Fees encompasses work performed in relation to Bargreen's defense of FTA's Count IV copyright claims incurred after August 26, 2014.

Upon review of Bargreen's submissions, the Court finds that Bargreen is seeking fees for 140.4 hours of work performed, which it argues is within the scope of the Court's Order on Fees.[2]  Not considering entries that FTA argues contain insufficient descriptions, the Court finds that Bargreen has met its burden of demonstrating that this time was expended on tasks that fall within the scope of the Order on Fees and were reasonably incurred, and therefore, the Court recommends that these fees be granted, with certain reductions, as discussed below.

---

[2]  Although Bargreen maintains it is seeking reimbursement for 146 hours of legal work, (see Doc. 453 at 2), according to the Court's calculation, Bargreen has provided invoices for 140.4 hours.

## 2.     Insufficient Descriptions

FTA objects to Bargreen's requested hours on the basis that they

contain insufficient descriptions.  (Doc. 456 at 5.)  Although counsel's time entries

are in large part sufficiently descriptive, certain entries must be excluded due to the

inadequacy of the descriptions.  Local Rule 54.3(d) requires that the party seeking

an award of fees "describe adequately the services rendered, so that the

reasonableness of the requested fees can be evaluated."  Local Rule 54.3 further

sets out guidance for properly documenting time entries, and provides:

> time entries for telephone conferences must include an identification
> of all participants and the reason for the call; entries for legal research
> must include an identification of the specific issue researched and, if
> possible, should identify the pleading or document for which the
> research was necessary; entries describing the preparation of
> pleadings and other papers must include an identification of the
> pleading or other document prepared and the activities associated with
> such preparation.

Local Rule 54.3(d)(2).  Without proper documentation, this Court cannot evaluate

the reasonableness of the requested fees.  See Hensley, 461 U.S. at 433-34.

Here, multiple entries do not contain the subjects of telephone

conferences and emails, and merely state, for example, "tel w/ Kuwahara," "emails

from and to Ishida and Kuwahara," "emails from and to and telephone w/ Ishida,"

"telephone w/ Mr. Elkins," etc.  Because these entries are vague and do not contain

the subjects of emails or discussions, the Court is unable to determine whether the

entries fall within the scope of the Court's Order on Fees, or if the fees requested

for these tasks are reasonable.  Moreover, most of these insufficient entries are in the improper block billing format.  Because the Court has no method to reasonably apportion these entries between compensable and non-compensable tasks, the Court recommends that these entries be deducted in full.  See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Civ. No. 09-00191 LEK-KSC, 2015 WL 881577, at *16 n.10 (D. Haw. Feb. 27, 2015) (similarly excluding, in full, time entries which contained insufficient descriptions and were also block billed).  Accordingly, the Court recommends that 48.75 hours be deducted from Bargreen's requested time due to insufficient descriptions.

### 3.    Entries are Not Contemporaneous

FTA next argues that Bargreen's time entries and descriptions show clear signs that they were not contemporaneously made, and therefore, argues that these time entries should be declined.  (Doc. 456 at 8.)  Specifically, FTA points to seven entries made on July 3, September 2, October 14, November 7 and 26, and December 2 and 18 of 2014, in which Bargreen's counsel added time breakdowns by hand for these entries.  (Doc. 456 at 8; see also Doc. 453-2.)  FTA argues that these subsequently added time breakdowns indicate that the time records were not made contemporaneously.  (Doc. 456 at 8.)

Generally, in the absence of contemporaneous time records, the court in its discretion may deny an award of attorney's fees.  See Hensley, 461 U.S. at

433; see also Action on Smoking & Health v. C.A.B., 724 F.2d 211, 220 (D.C. Cir.

1984) (generally recognizing that the denial of fees for failure to keep

contemporaneous time records "should not be imposed in a draconian manner,"

and that "deficiencies in documentation are cause for reduction rather than outright

denial of fees").  Upon review of these entries, it appears that counsel's written

notations were an attempt to separate certain block-billed entries into specific time

breakdowns.  Under the circumstances presented here, the Court finds that to

decline these entries in full would be too stringent a sanction.  Therefore, inasmuch

as the Court will address the issue of Bargreen's block billing below, the Court

recommends that these time entries not be declined in full, and instead, be reduced

pursuant to the Court's general practice of reducing block billed entries.

### 4.    Entries Improperly Billed in Quarter-Hour Units

FTA next argues that Bargreen's time records should be reduced by

ten percent due to counsel's use of improper quarter-hour billing units.  (Doc. 456

at 9.)  Courts in this district have generally applied a percent reduction for billing

in quarter-hour increments.  Hawaii Defense Foundation v. City & Cnty. of

Honolulu, Civ. No. 12-00469 JMS-RLP, 2014 WL 2804448, at *5 (D. Haw. June

19, 2014).  Here, counsel's time sheets indicate that he largely billed in quarter-

hour increments, which suggests that the hours billed are excessive.  See Hawaii

Defense Foundation v. City & County of Honolulu, Civ. No. 12-00469 JMS-RLP,

2014 WL 2804445, at *10 (D. Haw. Apr. 22, 2014) ("The Court routinely reduces

hours when attorneys bill in quarter-hour increments because the tasks reflected in

the time entries likely took a fraction of the time billed and the practice of billing

in such large fractional increments typically results in requests for excessive

hours."). Here, Bargreen's counsel billed entirely in quarter-hour increments.

Accordingly, to offset the excessive hours that resulted from counsel's quarter-

hour billing practice, the Court recommends that an across-the-board reduction of

10% on counsel's hours be imposed. See id., at *10 (imposing an across-the-board

reduction of 25% on counsel's time due to counsel's primarily half-hour billing

practice).

### 5.    Entries are Block Billed

FTA objects to multiple time entries on the basis that they are in an

improper block billing format. (Doc. 456 at 9-10.) "The term 'block billing' refers

to the time-keeping method by which each lawyer and legal assistant enters the

total daily time spent working on a case, rather than itemizing the time expended

on specific tasks." JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419

SOM-LEK, 2010 WL 3001924, at *12 (D. Haw. Jul. 30, 2010) (citation omitted).

This practice violates Local Rule 54.3, which requires that the memorandum in

support of a motion for attorneys' fees describe "the work performed by each

attorney and paralegal, broken down by hours or factions thereof expended on each

task[.]"  Local Rule 54.3(d).  District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks.  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

The Court reviewed the entries submitted by counsel and finds that a majority of counsel's entries include time spent on multiple tasks.  Because counsel's block billing format prevents the Court from determining the reasonableness of the hours expended with respect to specific tasks, the Court recommends an across-the-board reduction of 15% for the 52.7 hours that counsel submitted in the block billing format.  See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1100 (D. Haw. 2010) (applying a 15% deduction for block billed entries). Accordingly, the Court recommends that a total of 7.9 hours be deducted from counsel's time due to block billing.  Although FTA argues for a 30% reduction of Bargreen's time, (see Doc. 456 at 10), the Court finds that a 15% reduction is reasonable, especially in light of the further deductions already made to counsel's time.

In sum, after making reductions to counsel's time for insufficient descriptions (reduction of 48.75 hours), block billing (reduction of 15% of block billed entries, for total reduction of 7.9 hours), and billing in quarter-hour units (across-the-board deduction of 10% of counsel's time), the Court finds that

Bargreen has sufficiently demonstrated that counsel expended 75.375 hours of legal work within the scope of the Court's Order on Fees.

### C.     Bargreen's Total Fee Award

Based on the foregoing, the Court finds that an hourly rate of $300 per hour for Bargreen's counsel, Paul Maki, is reasonable.  After making deductions to Bargreen's time request for insufficient descriptions and block billing, and applying an across-the-board deduction of 10% for billing in quarter-hour units, the Court finds that Bargreen has demonstrated that it reasonably and necessarily expended 75.375 hours in this litigation on tasks within the scope of the Court's Order on Fees.  Accordingly, the Court recommends that Bargreen be awarded $22,612.50 in attorney's fees, plus $1,065.50 in Hawaii General Excise Tax ("GET"), for a total award of $23,678.00 in attorneys' fees.

### D.     Bargreen's Cost Award

Bargreen also seeks reimbursement of $355.97 in costs for the deposition transcript of Mr. Richard Elkins, Bargreen's principal employee in Hawaii.  (Doc. 453-2 at 16; Doc. 460 at 4.)  Fees incurred obtaining deposition transcripts may be recovered under 28 U.S.C. § 1920(2) if necessarily obtained for use in the case.  28 U.S.C. § 1920(2); Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  FTA argues that Bargreen's costs should be denied because the costs are "unrelated to the awards in the Fees Order" and Bargreen

fails to relate this cost item to FTA's copyright claims.  (Doc. 456 at 10-11.)

Bargreen argues, on the other hand, that Mr. Elkins' deposition was used in

support of one of FTA's motions for reconsideration.  (Doc. 460 at 4.)  Although it

does not appear that Bargreen filed an opposition to FTA's motion for

reconsideration before the Court denied the motion, the Court finds that it was

reasonable for Bargreen to order the deposition transcript relied upon by FTA in its

motion in order to prepare its opposition.  Accordingly, the Court recommends that

Bargreen's costs in the amount of $355.97 be granted.

## II.    J. Kadowaki, Inc.'s Attorneys' Fees & Costs Request

On remand to this Court, Defendant JKI filed a supplemental

memorandum identifying the fees it incurred, which it argues fall within the scope

of the Court's Order on Fees.  (<u>See</u> Doc. 454.)  JKI now seeks an award of

attorneys' fees in the amount of $179,203.58 in attorneys' fees and $10,578.45 in

taxable costs, for a total award of $189,782.03.  (Doc. 454 at 27.)

### A.    Reasonable Hourly Rate

JKI requests an hourly rate of $275 plus Hawaii GET for its lead trial

counsel, Lyle Ishida; $125 per hour plus Hawaii GET for Ian Nishi, an associate

attorney; and $70 per hour plus Hawaii GET for counsel's legal assistant.  (Doc.

421-1 at 42.)  In support of JKI's fee request, counsel submits a declaration of

Jerry M. Hiatt, an attorney with the Hiatt & Hiatt law firm with experience in

commercial litigation.  (See Doc. 421-2.)  Mr. Hiatt attests to Mr. Ishida's skill,

reputation, and experience, and maintains that Mr. Ishida's billing rate is

reasonable and customary for similar legal services in this community.  (Id. at 3.)

JKI further provides that its Counsel Lyle Ishida was admitted to the bar in 1987

and focuses his practice in commercial, real estate, and business.  (Doc. 421-20 at

1.)  JKI further indicates that Counsel Ian Nishi was admitted to the bar in 2012

and is an associate attorney at Tom Petrus & Miller specializing in civil litigation.

(Doc. 421-20 at 2.)  FTA does not appear to object to JKI's requested hourly rates.

This Court is well aware of the prevailing rates in the community for

similar services performed by attorneys of comparable experience, skill, and

reputation.  The Court is also familiar with Counsel Lyle Ishida, who has been

practicing law for approximately twenty eight years, and Counsel Ian Nishi, who

has been practicing for approximately three years.  Thus, based on the Court's

knowledge of counsel's experience, skill, and reputation, and of the prevailing

rates in the community, the Court finds that an hourly rate of $275 for Mr. Ishida,

and an hourly rate of $125 for Mr. Nishi comports with the reasonable hourly rates

in this jurisdiction.  See Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ.

No. 09-00429 ACK-KSC, 2012 WL 2529298, at *11 (D. Haw. Jun. 28, 2012)

(finding that $280 an hour was reasonable for an attorney with twenty-nine years

of experience); JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419

SOM-LEK, 2010 WL 3001924, at *11 (D. Haw. July 30, 2010) (noting that this Court typically awards attorneys with two to three years of experience $130 per hour).  Further, the Court finds that an hourly rate of $70 for JKI's legal assistant comports with the reasonable hourly rates of paralegals in this jurisdiction.  See Donkerbrook v. Title Guar. Escrow Servs., Inc., Civ. No. 10-0016 LEK-RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011) (permitting an hourly rate of $85 for paralegals).

### B.     Reasonableness of Hours Expended

JKI seeks reimbursement of attorneys' fees for the following hours expended in connection with this litigation that fall within the scope of the Court's Order on Fees:  538.841 hours for Lyle M. Ishida; 113.575 hours for Ian Nishi; and 125.165 hours for Jeannine Kamai.  (See Doc. 454-1 at 3-6.)  FTA generally objects to JKI's calculation of hours expended on the basis that (1) it includes fees outside of the scope of the Court's Order on Fees; and (2) it contains insufficient descriptions.  (Doc. 457 at 2-3.)

### 1.     Outside of Scope of Court's Fee Order

FTA first objects to JKI's requested hours on the basis that it contains fees outside of the Court's Order on Fees.  (Doc. 457 at 4-5.)  Specifically, FTA generally argues that $146,465.90 of JKI's $179,203.58 fee request is outside the scope of the Court's Order on Fees because JKI improperly "attempts to broaden

the Awarded Categories to include 'all reasonable attorneys' fees and costs incurred in defense of [FTA's] copyright infringement claim after August 26, 2014[.]'"  (Doc. 457 at 5.)

Inasmuch as the Court found, in its Order on Fees, that FTA's successive motions for reconsideration on the copyright infringement claim and the related discovery FTA conducted after summary judgment was granted were objectively unreasonable and highly unlikely to succeed, this Court finds that JKI's inclusion of reasonable attorneys' fees related to the defense of FTA's copyright infringement claim after August 26, 2014, which largely include discovery related fees, is appropriate and within the scope of the Court's Order on Fees.  (See Doc. 451 at 14.)  Moreover, the Court reviewed the time sheets submitted by JKI and finds that JKI painstakingly divided counsel's time submissions to reflect the time spent on FTA's Count IV claims after August 26, 2014, and on FTA's Count V claims.  Absent any evidence beyond FTA's summary objection to over 80% of JKI's fee request on the basis that it is outside of the scope of the Court's Order on Fees, the Court finds that FTA has failed to meet its burden of rebuttal.  Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the

district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." (citations omitted)).  Accordingly, the Court finds that JKI has demonstrated that counsel's time sheets detail work that falls within the scope of the Court's Order on Fees.

FTA next objects to JKI's fee request on the basis that JKI should not be entitled to recover any fees after the November 7, 2014 Order dismissing FTA's CMI claim because these claims pertained solely to the contract and unjust enrichment claims, and not the copyright claims.  (Doc. 457 at 7.)  The Court's Order on Fees, issued nearly a year after the Court's November 7, 2014 Order, did not limit Defendant's entitlement to fees on FTA's CMI claim as such, and this Court does not interpret the Court's Order on Fees to encompass such a limitation. Accordingly, the Court finds that FTA's objection on this ground is without merit.

Upon review, the Court finds that JKI has demonstrated that its counsel and legal assistant expended the following hours performing legal work within the scope of the Court's Order on Fees:  538.841 hours for Lyle M. Ishida; 113.575 hours for Ian Nishi; and 125.165 hours for Jeannine Kamai.

Although FTA does not specifically object to JKI's Section H-1 time entries, which detail time spent on JKI's Motion for Award of Attorneys' Fees and Costs filed April 29, 2015, the Court finds these entries to be unreasonable.  JKI requests reimbursement for 159.426 hours of its Counsel Lyle M. Ishida's time,

and 87.15 hours of its Legal Assistant Jeannine Kamai's time for work done in connection with this filing.  This would amount to nearly $50,000 in fees for a single motion.  The Court observes that the party requesting fees bears the burden of proving that the requested fees were reasonably and necessarily incurred. Tirona, 821 F. Supp. at 636.  The Court finds that JKI has not demonstrated that expending nearly 250 hours to put together a single filing was reasonable and necessary.  Instead, the Court finds that considering the nature and circumstances presented by this case, JKI's request is grossly excessive and too much time is being claimed by counsel for preparation of JKI's fee motion.  It is the Court's conclusion that this motion could reasonably have been prepared by a reasonably competent lawyer in 40 billable hours.  The Court is tasked with guarding against awarding fees and costs which are excessive, and has discretion to "trim the fat" from, or otherwise reduce, the number of hours spent on a case.  Parr v. Kalani Corp., Civ. No. 11-00514 ACK-BMK, 2012 WL 1424538, at *4 (D. Haw. Apr. 3, 2012).  Therefore, the Court recommends that the time spent on this filing be reduced as follows:  Lyle Ishida's time to be reduced by 119.426 hours to reflect 40 hours spent on this filing, and Jeannine Kamai's time to be reduced by 67.15 hours to reflect 20 hours spent on this filing.  The Court is familiar with the amount of time it generally takes counsel to prepare a Motion for Attorneys' Fees, and considering the nature of this case and the details of the fee request pending before

the Court, the Court finds that this reduction is reasonable and appropriate under the circumstances.

## 2. Insufficient Descriptions

FTA next objects to JKI's requested hours on the basis that they contain insufficient descriptions.  (Doc. 457 at 5-7.)  FTA points to 15 specific entries that it alleges have insufficient descriptions.  (See Doc. 457-2.)  Upon review of these entries, the Court finds that a few of the identified entries are insufficiently described.  (See Doc. 457- 2 at 31, 33, 38.)  The Court finds that one entry, which details 0.2 hours of Mr. Ishida's time for a "Telephone Conference with Client S. Sato" is insufficient because it does not identify a reason for the call, as required under Local Rule 54.3(d)(2).  The Court further finds that four of the entries identified by FTA as being insufficiently described span for multiple hours, and the description for these entries lack any meaningful amount of specificity. For example, one of Mr. Ishida's entries states "Work on File Regarding Drafting of MPSJ Re: Count V" for eight hours, (see Doc. 457-2 at 33), but clearly Mr. Ishida did not sit at his desk for eight hours straight drafting a summary judgment motion, and he certainly could have described his work for this eight-hour period with more specificity.  There are three additional entries that similarly lack the requisite specificity – Mr. Nishi's entries detailing 4.9 hours and another 4.5 hours on "Legal Research Regarding Implied License and DMCA Violation," and

another entry by Mr. Ishida detailing 4.5 hours performing "Work on File Regarding Legal Research Re: Elements of 1202(B) Claim . . ." (Doc. 457-2 at 30-31.)  Greater specificity could certainly have been used to describe these substantial periods of time in order to identify, for example, the pleading or document for which the research was necessary and/or specific issues regarding these general research areas.  Absent greater specificity, the Court cannot evaluate the reasonableness of the requests for these tasks.  Accordingly, the Court recommends that 12.7 hours be deducted from Mr. Ishida's time, and 9.4 hours be deducted from Mr. Nishi's time due to insufficient descriptions.  The Court reviewed the remaining entries identified by FTA, which mostly detail areas of law researched by counsel and the preparation of pleadings, and finds that these entries sufficiently identify the issue researched and/or the document prepared in accordance with the Local Rules.  See Local Rule 54.3(d)(2).

Accordingly, based on the reductions recommended above, the Court finds that counsel has reasonably and necessarily expended the following hours in connection with this matter:

| Lyle M. Ishida | $275/hour | 406.715 hours | $111,846.62 |
| Ian Nishi | $125/hour | 104.175 hours | $13,021.87 |
| Jeannine Kamai | $70/hour | 58.015 hours | $4,061.05 |
| **Total:** | | **568.905 hours** | **$128,929.54** |

### C.    JKI's Total Fee Award

Based on the foregoing, the Court finds that the following hourly rates for JKI's counsel and legal assistant are reasonable:  $275 for Counsel Lyle Ishida; $125 for Counsel Ian Nishi; and $70 for JKI's legal assistant Jeannine Kamai. After making deductions to JKI's time request for excessive billing and insufficient descriptions, the Court finds that JKI has demonstrated that it reasonably and necessarily expended a total of 568.905 hours in this litigation on tasks within the scope of the Court's Order on Fees.  Accordingly, the Court recommends that JKI be awarded $128,929.54 in attorneys' fees, plus $6,075.16 in Hawaii GET, for a total award of $135,004.70 in attorneys' fees.

### D.    JKI's Request for Costs

JKI seeks $1,598.84 in taxable costs under Federal Rules of Civil Procedure ("FRCP") Rule 54(d), and $8,979.61 in non-taxable costs under 17 U.S.C. § 505.  (Doc. 454 at 25-26.)

### 1.    Taxable Costs

JKI first requests $1,598.84 in taxable costs pursuant to FRCP Rule 54(d) and 28 U.S.C. § 1920 for expenses incurred in relation to photocopying and deposition transcripts.  (Doc. 454-2 at 57-58.)

With regard to the photocopying costs JKI requests, the Court finds that items copied were obtained for use in the case, primarily, to provide the Court

with courtesy copies of various filings.  Pursuant to Local Rule, the practice of this

Court is to allow taxation of copies at $0.15 per page, or the actual cost charged by

commercial copies, provided such charges are reasonable.  Here, however, JKI

failed to submit any invoices showing the actual cost charged for photocopying.

Moreover, the Court finds some of the entries to be unreasonable and insufficiently

documented.  For example, JKI requests $262.50 in costs for photocopying charges

incurred in making color copies of 350 pages of documents, at a cost of $0.75 per

page, related to its Motion for Summary Judgment Count V; however, it does not

provide any invoices detailing this expense.  (See Doc. 454-2 at 57.)  The Court

finds this cost to be unreasonable.  Accordingly, pursuant to the practice of this

Court to allow taxation of copies at $0.15 per page, the Court finds and calculates

that JKI has shown that it incurred costs in photocopying 2,693 pages, at $0.15 per

page, for a total cost of $403.95.  Accordingly, the Court recommends that JKI be

awarded $403.95 in photocopying costs.

JKI also requests $841.54 in deposition transcript costs.  The Court

finds that these depositions, for Richard Elkins, Bryce Uyehara, and Stanley Sato,

were necessarily obtained for use in this case and are reasonable.  See Local Rule

54.2(f)(2).  Accordingly, the Court recommends that JKI be awarded $841.54 in

costs related to expenses incurred for deposition transcripts.

In sum, the Court recommends that JKI be awarded $1,245.49 in

taxable costs under FRCP Rule 54(d).

### 2.      Non-Taxable Costs

JKI also requests non-taxable costs under 17 U.S.C. § 505 in the

amount of $8,873.76 in non-taxable costs, plus $105.85 in general excise tax, for a

total award of $8,979.61, for the following:

| | |
|---|---|
| Transcripts | $2,571.35 |
| Mediation | $1,000.00 |
| Postage | $76.36 |
| Legal Courier | $119.83 |
| Westlaw | $1,162.60 |
| Photocopying | $1,020.41 |
| Parking | $56.75 |
| Other | $2,866.46 |
| GET | $105.85 |

(Doc. 454-2 at 64.)  Pursuant to 17 U.S.C. § 505, "the court in its discretion may

allow the recovery of full costs by or against any party other than the United States

or an officer thereof" in any civil action brought under the Copyright Act.  The

Ninth Circuit has held that in copyright actions "district courts may award

otherwise non-taxable costs, including those that lie outside the scope of §1920,

under §505." Twentieth Century Fox Film v. Entertainment Distributing, 429 F.3d

869, 884-85 (9th Cir. 2005).  FTA challenges these costs on the grounds that they

are not supported by evidence, (Doc. 430 at 37), and they do not relate to FTA's

copyright claims.  (Doc. 457 at 7-8.)  Upon review, the Court finds that JKI's costs

are partially compensable.

In support of its request for non-taxable costs, JKI provides the Court with an itemized list of costs. (See Doc. 454-2 at 59-64.) Counsel Lyle Ishida further declares that Exhibit O, submitted with JKI's April 29, 2015 Motion for Attorneys' Fees, are invoices relating to the costs sought under 17 U.S.C. § 505. (See Doc. 421-19.) Upon review of these documents, the Court finds that many of the items listed have insufficient descriptions or have no invoice detailing the expenses or the reason these expenses were incurred. For example, there are charges that merely state "Postage," "Photocopy Charges," or "Westlaw Usage," and, for example, in its Exhibit O, JKI attaches State of Hawaii "General Pub." receipts, but provides no further insight as to the reason for the expense. (See generally, Doc. 421-19.) Without further information, the Court cannot determine whether the costs can fairly be considered "full costs" in this action. Accordingly, the Court recommends that an award of these insufficiently described costs be denied.

Upon review of JKI's submissions in support of its cost request, the Court finds that JKI has sufficiently demonstrated that it incurred $90.98 in legal courier costs for deliveries of specific documents that were delivered over the course of the litigation; $69.74 in transcript expenses; $3.25 in costs related to acquiring a license copy from the Liquor Commission; $1,000 in mediation costs paid to Dispute Prevention & Resolution, Inc.; and $2,417.84 in costs incurred in

taking the depositions of John Hirayama, Frank Frost, and Wendy Tsuji.  Inasmuch as deposition costs for Richard Elkins, Bryce Uyehara, and Stanley Sato were awarded as taxable costs, they are not included here.  Moreover, these costs already include Hawaii General Excise Tax; and therefore, additional taxes will not be included.  Accordingly, the Court recommends that JKI be awarded $3,581.81 in non-taxable costs pursuant to 17 U.S.C. § 505.

In sum, the Court recommends that JKI's request for taxable costs be granted in part in the amount of $1,245.49, and that JKI's request for non-taxable costs also be granted in part, in the amount of $3,581.81, for a total cost award of $4,827.30.

## III. Highway Inn's Attorneys' Fees & Costs Request

On remand to this Court, Highway Inn requests attorneys' fees in the amount of $310,349.09 and costs in the amount of $9,223.10, for a total award of $319,527.19, for successfully defending against FTA's Copyright Act and DMCA claims.  (Doc. 455 at 6.)  Included in the award Highway Inn seeks on remand, are attorneys' fees and costs incurred by BEU, whom Highway Inn owed a duty to defend and indemnify, for $68,885.31 in attorneys' fees and $2630.62 in costs.  (Doc. 455 at 25.)  For purposes of this Findings and Recommendation, the Court will address the request made by Highway Inn and the request made on behalf of BEU separately.

### A.   Highway Inn's Reasonable Hourly Rate

Highway Inn requests the following hourly rates for its counsel and legal assistants:

| Time Keeper | Role & Experience, where applicable | Hourly Rate | Hours |
|---|---|---|---|
| Harvey Lung | Partner (33 years of experience) | $450-460 | 109.0 |
| David Major | Associate (6 years of experience) | $215-225 | 189.4 |
| Kristin Shinkawa | Associate (3 years of experience) | $185 | 19.7 |
| Jordyn Toba | Associate (2 years of experience) | $175 | 156.1 |
| Shanen Cruz | Paralegal | $85 | 3.8 |
| Melody Robbins | Paralegal | $85 | 5.3 |
| John Lee | Accounts Receivable Specialist | $75 | 61.5 |
| Carolyn Hayashi | Partner (30 years of experience) | $280-300 | 180.8 |
| Mary Ishii | Paralegal | $100 | 7.9 |
| Kalen Sato | Paralegal | $65-80 | 58.9 |
| Aaron Sakamoto | Paralegal | $25-50 | 92.0 |
| Seth Reiss | Counsel (30 years of experience) | $275 | 162.4 |
| Sherri Lavatai | Paralegal | $90 | 1.4 |

(Doc. 455 at 12-15.)  FTA argues that counsel's requested rates should be reduced as follows:  Harvey Lung - $300 per hour; Kristin Shinkawa and Jordyn Toba - $150 per hour; David Major - $180 per hour.  (Doc. 431 at 37-38.)  FTA further argues that the Court should reduce the paralegal rates for Mary M. Ishii, Sherri Lavatai, and Shanen Cruz to $80 per hour.  (Doc. 431 at 38.)  It does not appear as though FTA objects to the requested hourly rates of the remaining counsel and/or legal assistants.

This Court is well aware of the prevailing rates in the community for

similar services performed by attorneys of comparable experience, skill, and reputation.  Based on this Court's familiarity with this case, and the Court's knowledge of the community's prevailing rates, the Court recommends granting the following hourly rates:  $300 per hour for Harvey Lung; $285 per hour for Carolyn Hayashi; $180 per hour for David Major; $150 per hour for Kristin Shinkawa and Jordyn Toba; and $275 per hour for Seth Reiss.  See Seo Jeong Won v. England, Civ. No. 07-00606 JMS-LEK, 2008 WL 3850485, at *4, n.2 (D. Haw. Aug. 18, 2008) (noting that the prevailing rates in the community for associates with one to four years of experience is generally $120 to $140 an hour); Valencia v. Carrington Mortg. Servs., LLC, Civ. No. 10-00558 LEK-RLP, 2013 WL 3223628, at *8 (D. Haw. June 25, 2013) (finding $175 to be a reasonable hourly rate for a fifth year litigation associate); Hawaii Defense Foundation v. City & Cnty. of Honolulu, Civ. No. 12-00469 RLP-JMS, 2014 WL 2804448, at *5 (D. Haw. June 19, 2014) (awarding an attorney with 7.5 years of experience $185 per hour); HRPT Properties Trust v. Lingle, 775 F. Supp. 2d 1225, 1232 (D. Haw. 2011) (noting that this Court has recently found that $285 per hour is the prevailing rate in this community for attorneys with 20 to 30 years of experience); Algal Partners, L.P. v. Santos, Civ. No. 13-00562 LEK-BMK, 2014 WL 7420442, at *4 (D. Haw. Dec. 31, 2014) (awarding $300 per hour to a senior partner with 30 years of experience).

The Court further recommends that Highway Inn's request of attorneys' fees for its accounts receivable specialist, John Lee, who works in the Bays Lung Rose & Holma law firm's accounting department, be denied.  Highway Inn fails to provide the Court with any basis to support its request of fees for its accounting staff, and this Court finds none.

Moreover, the Court finds that the following hourly rates for Highway Inn's legal assistants comport with the reasonable hourly rates of paralegals in this jurisdiction, and therefore recommends that Highway Inn's legal assistants be awarded the following rates:  $85 per hour for Shanen Cruz, Melody Robbins, Mary Ishii, and Sherri Lavatai; $80 per hour for Kalen Sato; and $50 per hour for Aaron Sakamoto.  See Donkerbrook v. Title Guar. Escrow Servs., Inc., Civ. No. 10-0016 LEK-RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011) (permitting an hourly rate of $85 for paralegals).

### B.     Reasonableness of Hours Expended

Highway Inn seeks reimbursement of attorneys' fees for a total of 986.7 hours of work performed by its counsel and legal assistants, not including the 61.5 hours expended by its accounts receivable specialist John Lee.  (See Doc. 455 at 16-17.)  FTA objects to Highway Inn's calculation of hours expended on the basis that (1) it includes fees outside of the scope of the Court's Order on Fees; and (2) it contains insufficient descriptions.  (Doc. 458 at 5-8.)  FTA also argues that

Highway Inn should not be permitted to recover any of their non-motion for

reconsideration fees past November 7, 2014, (Doc. 458 at 8); however, as noted

above, this Court finds that the Order on Fees did not encompass such a limitation,

and therefore, FTA's objection on this ground is without merit

### 1.      Outside of the Scope of the Court's Order on Fees

FTA first objects to Highway Inn's requested hours on the basis that it

contains fees outside of the Court's Order on Fees.  (Doc. 458 at 5-6.)

Specifically, FTA argues that $279,142.30 of Highway Inn's $310,349.09 fee

request is outside the scope of the Court's Order on Fees because Highway Inn

improperly misrepresents and attempts to expand the scope of the Court's Order.

Inasmuch as the Court found, in its Order on Fees, that FTA's successive motions

for reconsideration on the copyright infringement claim and the related discovery

FTA conducted after summary judgment was granted were objectively

unreasonable and highly unlikely to succeed, this Court finds that Highway Inn's

inclusion of reasonable attorneys' fees related to the defense of FTA's copyright

infringement claim after August 26, 2014, which largely include discovery related

fees, is appropriate and within the scope of the Court's Order on Fees.  (See Doc.

451 at 14.)

The Court reviewed the time sheets submitted by Highway Inn and

finds that the time sheets include only those entries reflecting the time spent on

FTA's Count IV claims after August 26, 2014 and discovery related issues, on FTA's motions for reconsideration, and on FTA's Count V claims.  Inasmuch as FTA summarily objects to a large majority of Highway Inn's fee request on the basis that it is outside of the scope of the Court's Order on Fees, the Court finds that FTA has failed to meet its burden of rebuttal.  Gates, 987 F.2d at 1397-98 ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." (citations omitted)).  Accordingly, upon careful review of the timesheets submitted by Highway Inn, the Court finds that Highway Inn has demonstrated that counsel's time sheets detail work that falls within the scope of the Court's Order on Fees and FTA has failed to provide explanations for the numerous entries it argues are outside the scope of the Court's Order on Fees, such that would warrant a reduction of Highway Inn's request.  See Moreno v. City of Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008) ("[T]he burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties . . . If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut.").

      Upon careful review of counsel's time sheets, the Court finds that

Highway Inn has demonstrated that its counsel and legal assistants expended the

following hours performing legal work within the scope of the Court's Order on

Fees:

| Time Keeper | Hourly Rate | Hours |
|---|---|---|
| Harvey Lung | $300 | 109.0 |
| David Major | $180 | 189.4 |
| Kristin Shinkawa | $150 | 19.7 |
| Jordyn Toba | $150 | 156.1 |
| Shanen Cruz | $85 | 3.8 |
| Melody Robbins | $85 | 5.3 |
| Carolyn Hayashi | $285 | 180.8 |
| Mary Ishii | $85 | 7.9 |
| Kalen Sato | $80 | 58.9 |
| Aaron Sakamoto | $50 | 92.0 |
| Seth Reiss | $275 | 162.4 |
| Sherri Lavatai | $85 | 1.4 |
| **Total Hours:** | | **986.7** |

## 2.     Insufficient Descriptions

FTA objects to a handful of Highway Inn's time entries on the

grounds that they are insufficiently described.  (Doc. 458 at 7-8.)  FTA points to

seven specific entries that it alleges have insufficient descriptions.  (See Doc. 458-

2 at 18; Doc. 458-5 at 27, 44, 48, 49.)  The entries objected to by FTA detail

telephone conferences, the drafting of pleadings, and the review of motions and

Court orders.  (See id.)  Upon review of these entries, the Court finds that the time

entries identified by FTA are sufficiently described.

Local Rule 54.3(d)(2) requires that time entries for telephone

conferences include an identification of all participants and the reason for the call.

The challenged telephone conference entries provide:

> Telephone conference with JKI's Attorney L. Ishida Re: status of Court's ruling on FTA's Motion for Reconsideration and FTA's continued demand for production of documents.

> Conference with Bryce Uyehara Re preparation of MPSJ Re Court V and Settlement Negotiation status

> Telephone Conference with Ron Iwamoto Re analysis of FTA's settlement demand letter to Iwamoto and factual defenses to DMCA violations

(See Doc. 458-5 at 27, 44, 48.)  Each of these entries identifies the participants and

the reason for the call, and therefore, the entries are described as required under the

Local Rules.  Accordingly, the Court finds these to be sufficiently described.

Local Rule 54.3(d)(2) further requires that entries describing the

preparation of pleadings and other papers include an identification of the pleading

or document prepared and the activities associated with such preparation.  The

Local Rules further provide that entries for legal research must include an

identification of the specific issue researched, and where possible, the pleading or

document for which the research was necessary.  Local Rule 54.3(d)(2).  Upon

review of the remaining entries FTA challenged as insufficiently described, the

Court finds that counsel for Highway Inn sufficiently described the documents

reviewed, the pleading or document prepared, and the activities associated with

such preparation.

Based on the foregoing, the Court finds that the entries objected to by FTA are sufficiently described and no reduction of time is warranted on this basis. The Court further evaluated the reasonableness of the requested fees for these entries, and finds that the requested fees are reasonable.  Accordingly, the Court finds that FTA's objections are without merit, and therefore, recommends that no reduction of time be made.  The Court notes that although not raised in the supplemental filings with the Court, FTA raised additional objections to Highway Inn's fee request in its original memorandum in opposition to Highway Inn's Motion for Attorneys' Fees and Costs, i.e., objections to costs unrelated to the copyright claims, Counsel Seth M. Reiss' attorneys' fees, Char Sakamoto's improper billing practices, fees relating to discovery matters prior to the filing of the complaint, excessive hourly rates, and attorneys' fees to non-attorneys and paralegals.  (See Doc. 431.)  The Court reviewed these objections and finds them to be moot due to the filing of supplemental memoranda or due to the Court's recommendations herein, or alternatively, the Court finds these objections to be without merit.  Accordingly, these objections will not be addressed any further.

## C.    Highway Inn's Total Fee Award

Based on the foregoing, the Court finds that the following hourly rates for Highway Inn's counsel and legal assistants are reasonable, and that Highway

Inn has demonstrated that it reasonably and necessarily expended the following amount of time in this litigation on tasks within the scope of the Court's Order on Fees:

| Time Keeper | Hourly Rate | Hours | Fee Award |
|---|---|---|---|
| Harvey Lung | $300 | 109.0 | $32,700.00 |
| David Major | $180 | 189.4 | $34,092.00 |
| Kristin Shinkawa | $150 | 19.7 | $2,955.00 |
| Jordyn Toba | $150 | 156.1 | $23,415.00 |
| Shanen Cruz | $85 | 3.8 | $323.00 |
| Melody Robbins | $85 | 5.3 | $450.50 |
| Carolyn Hayashi | $285 | 180.8 | $51,528.00 |
| Mary Ishii | $85 | 7.9 | $671.50 |
| Kalen Sato | $80 | 58.9 | $4,712.00 |
| Aaron Sakamoto | $50 | 92.0 | $4,600.00 |
| Seth Reiss | $275 | 162.4 | $44,660.00 |
| Sherri Lavatai | $85 | 1.4 | $119.00 |
| **Total:** | | **986.7** | **$200,226.00** |

Accordingly, the Court recommends that Highway Inn be awarded $200,226.00 in attorneys' fees, plus $9,434.64 in Hawaii GET, for a total fee award of $209,660.64.

### D.      Highway Inn's Request for Costs

Highway Inn seeks costs in the amount of $6,592.48 for expenses incurred for deposition transcripts, printing and copying costs, courier charges, postal expenses, electronic legal research, and for costs associated with obtaining certified copies of various documents.  (Doc. 421-1 at 37-41; Doc. 455 at 20.)  The

Court finds that Highway Inn has demonstrated that these charges, in part, were

necessarily incurred by Highway Inn and reasonably required for this case.

Accordingly, as detailed below, the Court recommends that Highway Inn's request

for costs be granted in part, for an award of $4,914.33.

### 1.    Deposition Transcripts

Highway Inn first seeks reimbursement in the amount of $439.04 for

expenses incurred in obtaining transcripts for the records deposition of Bryce E.

Uyehara.  (Doc. 420-20 .)  Highway Inn argues that the deposition transcripts were

necessarily obtained for use in this case.  (Doc. 420-1 at 37.)  The Court finds that

this deposition was reasonably and necessarily obtained for use in this case.  See

Local Rule 54.2(f)(2).  Accordingly, the Court recommends that Highway Inn be

awarded $439.04 in costs related to expenses incurred for Mr. Uyehara's

deposition transcript.

### 2.    Fees and Disbursements for Printing

Highway Inn requests costs in the amount of $288.95 for expenses

incurred for printing.  (Doc. 420-1 at 37-38.)  Highway Inn further requests $14.70

for expenses incurred making photocopies of Hawaii District Court records.  (Doc.

455-13 at 1.)  With regard to these requests, Highway Inn fails to indicate which

documents were copied, nor does Highway Inn provide invoices detailing these

charges.  Instead, Highway Inn submits only an invoice, prepared by its counsel,

indicating the amounts of costs advanced. Without further information, the Court is unable to determine whether these costs were necessarily and reasonably incurred. Accordingly, the Court recommends that these costs be denied.

### 3. Copying Costs

Highway Inn also requests costs in the amount of $4,475.29, which includes Hawaii GET, for expenses incurred for in-house copying and printing at a rate of ten to fifteen cents per page. (Doc. 420-1 at 38-39.) Highway Inn argues that these costs were reasonably and necessarily incurred in litigating this case and is related to copying documents submitted to this Court and/or copying documents attributable to discovery and correspondence. (Id.) Local Rule 54.2(f)(4) provides that the copy of copies necessarily obtained for use in the case is taxable "provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."

Here, Highway Inn submitted affidavits describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied. (See Doc. 420-2 at 10-11; Doc. 420-3 at 8-9; Doc. 420-2 at 6.) Therefore, the Court finds that Highway Inn has met its burden under Local Rule 54.2 of establishing its copying costs. Accordingly, the Court recommends that Highway Inn be awarded $4,475.29 in costs related to printing

and copying expenses.

### 4.     Miscellaneous Costs

Highway Inn also requests costs in the amount of $83.77, which includes Hawaii GET, for expenses incurred for courier/messenger charges, and $50.47 in costs for postal charges.  (Doc. 420-1 at 40.)  Highway Inn subsequently requested an additional $26.18 for courier/messenger charges.  (Doc. 455 at 20.) Highway Inn also requests a total of $631.24 for electronic legal research charges. (Doc. 420-1 at 40, Doc. 455 at 20.)  Lastly, Highway Inn requests $282.50 for costs to obtain certified copies of the deposit materials that accompanied the two Copyright Registration Certificates that FTA relied upon for its copyright claims. (Doc. 420-1 at 40.)

Upon review of Highway Inn's requests, the Court finds that many of the items listed have insufficient descriptions or have no invoice detailing the expenses or the reason these expenses were incurred.  For example, there are charges that merely state "Postage," "Lexis-Nexis – Computer Legal Research," or "Messenger Service - Delivery" for a given date.  Without further information, the Court cannot determine whether the costs can fairly be considered "full costs" in this action, and whether they were necessarily and reasonably incurred. Accordingly, the Court recommends that an award of these insufficiently demonstrated costs be denied.

In sum, the Court recommends that Highway Inn be awarded $439.04 in costs related to expenses incurred for Mr. Uyehara's deposition transcript and $4,475.29 in costs related to printing and copying expenses, for a total cost award of $4,914.33.

## IV.   Highway Inn's Attorneys' Fees & Costs Request, on behalf of BEU

Highway Inn further seeks an award of attorneys' fees and costs it incurred by BEU, due to its duty to defend and indemnify BEU against Counts IV and V of the Second Amended Complaint.  (Doc. 455 at 21.)  FTA does not object or otherwise argue that Highway Inn is not entitled to the recovery of fees and costs on behalf of BEU.  (See generally, Docs. 431, 458.)

### A.   BEU's Reasonable Hourly Rate

On behalf of BEU, Highway Inn seeks attorneys' fees in the amount of $68,885.31, which includes Hawaii GET, for work performed by its counsel, Arthur H. Kuwahara.  (Doc. 455 at 23.)  Counsel Arthur Kuwahara seeks an hourly rate of $165 per hour for a total of 398.7 hours.  (Id.)  In support of this request, Mr. Kuwahara declares that he is a partner with the Kim & Kuwahara law firm, and has been practicing law in this district for approximately 24 years.  (Doc. 455-4 at 1, 2.)  The Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Based on this Court's knowledge of the prevailing rates in the

community and Highway Inn's submissions in this case, the Court finds that an

hourly rate of $165 plus general excise tax is reasonable for Mr. Kuwahara, and in

fact, falls below the prevailing rates in this community for attorneys of comparable

experience.  See HRPT Properties Trust v. Lingle, 775 F. Supp. 2d 1225, 1232 (D.

Haw. 2011) (noting that this Court has recently found that $285 per hour is the

prevailing rate in this community for attorneys with 20 to 30 years of experience).

Accordingly, the Court recommends that BEU's request of an hourly rate of $165

per hour for its counsel Arthur Kuwahara be granted.

### B.      Reasonableness of Hours Expended

Mr. Kuwahara provided documentation to this Court demonstrating

that he has expended 398.7 hours of work in this matter.  (Doc. 455-4 at 4; Doc.

455-16.)  Mr. Kuwahara declares that the time sheets submitted comply with the

Court's Order on Fees, and further declares that the time spent was reasonable and

necessary under the circumstances to achieve the results obtained.  (Doc. 455-4 at

4-6.)  FTA does not provide any specific objections to Mr. Kuwahara's time, and

instead, generally argues in conjunction with its objections to Highway Inn's fee

request, that a large portion of the fees requested fall outside of the Court's Order.

(See Doc. 458 at 5-6.)

As previously stated in Part III.B.1, supra, the Court has carefully

reviewed the timesheets submitted by Highway Inn and finds that Highway Inn has

demonstrated that counsel's time sheets detail work that falls within the scope of the Court's Order on Fees.  The Court further finds that FTA has failed to provide explanations for the numerous entries it argues are outside the scope of the Court's Order on Fees such that would warrant a reduction of Highway Inn's request.  To the extent that FTA objects to specific entries by Mr. Kuwahara as being insufficiently described, the Court has already analyzed these entries and found them to be sufficiently described.  See Part III.B.2, supra.  The Court therefore finds that Mr. Kuwahara's requested time is associated with the relief requested and was reasonably necessary to achieve the results obtained, and therefore, recommends that no deductions be made to this time.

### C.  BEU's Total Fee Award

Based on the foregoing, the Court recommends that Highway Inn be awarded $65,785.50 in attorneys' fees, plus $3,099.81 in Hawaii GET, for a total award of attorneys' fees incurred on behalf of BEU in the amount of $68,885.31.

### D.  BEU's Request for Costs

On behalf of BEU, Highway Inn further seeks an award of costs in the amount of $2,630.62 for expenses BEU incurred for printing, in-house copying, courier/messenger services and postal charges, and electronic legal research, as follows:

| Printing Costs | $899.59 |
|---|---|

| | |
|---|---|
| Feeds for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $228.50 |
| Courier/Messenger | $62.82 |
| Postal Charges | $55.87 |
| Electronic Legal Research | $1,368.86 |
| In-House Copying Costs incurred after filing of Initial Motion | $13.40 |
| Postal Charges incurred after filing of Initial Motion | $1.58 |
| **Total:** | **$2,630.62** |

(Doc. 420-1 at 44; Docs. 455-18, 455-19, 455-20.)  FTA objects to BEU's cost request on the basis that the request is not supported by evidence relating these costs to FTA's copyright claims.  (Doc. 458 at 9.)  FTA further argues that absent any applicable authority entitling BEU to such expense, these costs should be denied.  (Id.)

## 1.    Copying Costs

BEU requests $228.50, plus $13.40 in subsequently incurred costs, for a total of $241.90 in in-house copying and printing costs.  (Doc. 420-5 at 6; Doc. 455-4 at 7.)  Upon review, BEU is requesting reimbursement for costs to copy a total of 2,419 pages at $0.10 per page.  (Id.)  In support of this cost request, BEU submitted affidavits of its counsel, Arthur Kuwahara, describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  (See Doc. 420-5 at 6-7; Doc. 455-4 at 7.)  The Court

finds that BEU has met its burden under Local Rule 54.2 of establishing its copying costs, and that BEU is entitled to these costs pursuant to 17 U.S.C. § 505. Accordingly, the Court recommends that BEU be awarded $241.90 in costs related to printing and copying expenses.

## 2.    Courier/Messenger and Postal Charges

BEU further requests $118.69 in courier/messenger and postal charges, plus $1.58 in postal charges incurred after the filing of the initial fee motion, for a total of $120.27 in courier/messenger and postal charges.  (Doc. 420-5 at 7; Doc. 455-20.)  BEU's counsel declares that these costs were necessarily incurred by BEU, and were reasonably required for this case.  (Doc. 420-5 at 7; Doc. 455-4 at 8.)  In support of this cost request, BEU submits a "Timekeeper Summary" listing various postal and courier charges by date.  (See Docs. 420-35, 420-36, 455-20.)  BEU also provided invoices detailing $62.82 in courier/messenger charges.  (Doc. 420-36 at 2, 4.)  With regard to BEU's postal charges, BEU provides the Court with timekeeper summaries that merely state "postal charge" for various dates.  The Court finds that these descriptions are insufficient.  Absent any further information or invoices detailing the postal expenses incurred, the Court is unable to determine whether these costs incurred were reasonable and whether these costs can fairly be considered "full costs" pursuant to 17 U.S.C. § 505.  Accordingly, the Court finds that BEU has

sufficiently demonstrated that it is entitled to $62.82 in courier/messenger costs

under 17 U.S.C. § 505, and therefore recommends that BEU be awarded these

costs.  The Court further recommends that BEU's request for postal charges be

denied.

### 3.    Printing Costs paid to Third-Party Vendors

BEU further requests $899.59 in printing costs, which BEU's counsel

declares was "made to third-party vendors for printing."  (Doc. 420-5 at 5.)  BEU's

counsel states that these charges were incurred in connection with discovery in this

case, and are related to FTA's claims for copyright infringement and DMCA

violations.  (Id.)  In support of this request, BEU submitted invoices from third-

party vendors detailing the printing costs incurred.  (See Doc. 420-34 at 2-4, 6, 8,

10, 12-14, 16, 18.)  These invoices detail $899.59 in printing costs incurred by

BEU.  (Id.)  Accordingly, BEU has sufficiently demonstrated that it incurred

$899.59 in printing costs paid to third-party vendors, and therefore, the Court finds

and recommends that BEU be awarded these costs in full pursuant to 17 U.S.C. §

505.

### 4.    Electronic Legal Research Costs

Lastly, BEU requests $1,368.86 in costs related to electronic legal

research expenses incurred.  (Doc. 420-5 at 7.)  In support of this request, BEU

attaches invoices prepared by its counsel, which list individual electronic legal

research costs.  (See generally, Doc. 420-37.)  These invoices, however, merely state "LexisNexis" and the price charged, and therefore fails to provide the Court with any information regarding the reason or purpose for incurring the expense. Accordingly, the Court is unable to determine whether these costs were reasonably and necessarily incurred in this action.  Without further information, the Court cannot determine whether the costs can fairly be considered "full costs" in this action under 17 U.S.C. § 505.  Accordingly, the Court finds that these costs are insufficiently detailed, and therefore, the Court recommends that these costs be denied.

In sum, the Court finds and recommends that BEU's request for costs be granted in part in the amount of $1,204.31.

## CONCLUSION

Based on the foregoing, the Court hereby FINDS AND RECOMMENDS that (1) Defendant Bargreen Ellingson of Hawaii, Inc.'s Motion for Award of Attorney's Fees and Costs (Doc. 419) and Supplemental Memorandum in Support (Doc. 453) be GRANTED IN PART in the amount of $23,678.00 in attorneys' fees and $355.97 in costs, for a total award of $24,033.97; (2) Defendant J. Kadowaki, Inc.'s Motion for Award of Attorneys' Fees and Costs (Doc. 421) and Supplemental Memorandum in Support (Doc. 454) be GRANTED IN PART in the amount of $135,004.70 in attorneys' fees and $4,827.30 in costs,

for a total award of $139,832.00; (3) Defendants Highway Inn, Inc. and Hoʻola

Mau, LLC's Motion for Attorneys' Fees and Costs (Doc. 420) and Supplemental

Memorandum in Support (Doc. 455) be GRANTED IN PART in the amount of

$209,660.64 in attorneys' fees and $4,914.33 in costs, for a total award of

$214,574.97; and (4) Defendants Highway Inn's request for attorneys' fees and

costs on behalf of Defendants Bryce Uyehara, A.I.A., Inc. and Iwamoto and

Associates, LLC, (Doc. 420 at 41-45; Doc. 455 at 21-25), be GRANTED IN PART

in the amount of $68,885.31 in attorneys' fees and $1,204.31 in costs, for a total

award of $70,089.62.

      IT IS SO FOUND AND RECOMMENDED.

      DATED:  Honolulu, Hawaii, January 31, 2016



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS.