IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING THE MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| vs. | ) | RECOMMENDATION TO GRANT IN |
| | ) | PART DEFENDANTS' MOTIONS FOR |
| HIGHWAY INN, INC.; HO'OLA | ) | ATTORNEY'S FEES AND COSTS |
| MAU, LLC; BRYCE UYEHARA, | ) | |
| A.I.A., INCORPORATED; J. | ) | |
| KADOWAKI, INC.; FESTIVAL | ) | |
| MANAGEMENT CORPORATION; et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS**

I.       INTRODUCTION.

Before the court are objections filed by Plaintiff Frost-Tsuji, Defendant J. Kadowaki, Inc., and Defendants Highway Inn, Inc., and Ho'ola Mau, LLC (collectively "Highway Inn") to the Magistrate Judge's Findings & Recommendation to Grant in Part Defendants' Motions for Attorney's Fees and Costs ("F & R").

The F & R recommends the award of $24,033.97 in attorney's fees and costs to Defendant Bargreen Ellingson of Hawaii, Inc., $139,832.00 in fees and costs to J. Kadowaki, $214,574.97 in fees and costs to Highway Inn, and $70,089.62 in fees and costs to Highway Inn on behalf of Defendants Bryce Uyehara, A.I.A., and Iwamoto and Associates, LLC.  The awards are for (1) Defendants' work on Frost-Tsuji's claim for copyright

infringement (Count IV) after this court granted summary judgment in Defendants' favor on Count IV on August 26, 2014, and (2) Defendants' work on Frost-Tsuji's claim that Defendants improperly removed copyright management information ("CMI").

Frost-Tsuji objects to the portion of the F & R recommending an award to Defendants of their fees and costs for discovery-related work after August 26, 2014. Frost-Tsuji also challenges the Magistrate Judge's finding that Frost-Tsuji's motions for reconsideration on the copyright claims were "objectively unreasonable."

Highway Inn challenges the Magistrate Judge's finding and recommendation to reduce the reasonable hourly rate of its counsel, Harvey Lung, from $450.00 to $300.00.

J. Kadowaki objects to the Magistrate Judge's finding and recommendation to award it only sixty billable hours for its work on its attorney's fees motion.

After reviewing the various objections and the F & R, this court adopts the F & R in its entirety.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

II.      **FACTUAL BACKGROUND.**

Because the parties and the court are familiar with the facts and procedural background of this case, this court addresses only those events relevant to the F & R. Additional

background facts are contained in this court's Order Adopting in Part and Rejecting in Part the Magistrate Judge's Findings and Recommendations that Defendants' Motion for Attorney's Fees and Costs Be Denied, filed September 23, 2015 ("September 2015 Order"). <u>See</u> ECF No. 451.

On April 29, 2015, Bargreen Ellingson, Highway Inn, and J. Kadowaki filed separate motions for attorney's fees and costs as to Frost-Tsuji's copyright infringement claim and its CMI claim (collectively "copyright claims"). Bargreen Ellingson seeks $84,744.66 in fees, plus $355.97 in costs, ECF No. 419; Highway Inn seeks $438,440.03 in fees, plus $9,083.11 in costs, ECF No. 420; and J. Kadowaki seeks $275,356.25 in fees, GET in the amount of $12,974.79, and $9,809.68 in costs, ECF No. 421.

The motions were referred to the Magistrate Judge, who made findings and recommended that Defendants' motions for attorney's fees and costs be denied. <u>See</u> ECF No. 437, PageID # 8410. The movants objected. <u>See</u> ECF Nos. 439, 441, 443.

On September 23, 2015, this court issued an order adopting in part and rejecting in part the Magistrate Judge's July 2015 F & R ("September 2015 Order"). <u>See</u> ECF No. 451. Applying the factors set forth in <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 533 (1994), this court determined that Defendants were entitled to an award of reasonable attorney's fees and costs for (1) their work on the copyright infringement claim after the

3

order of August 24, 2014, granting partial summary judgment in
Defendants' favor; and (2) their work relating to Frost-Tsuji's
CMI claim.  <u>See</u> ECF No. 451, PageID #s 8622-23.  The court
referred the motion to the Magistrate Judge for a determination
of the amounts to be awarded to each Defendant.  <u>See</u> <u>id.</u>, PageID
# 8624.

On February 1, 2016, the Magistrate Judge issued his F
& R, recommending that Defendants' motions for attorney's fees
and costs be granted in part in the following amounts:
$24,033.97 in attorney's fees and costs to Bargreen Ellingson,
$139,832.00 in fees and costs to J. Kadowaki, $214,574.97 in fees
and costs to Highway Inn, and $70,089.62 in fees and costs to
Highway Inn on behalf of Bryce Uyehara and Iwamoto and
Associates.  <u>See</u> ECF No. 462, PageID #s 9474-75.

Frost-Tsuji, Highway Inn, and J. Kadowaki filed the
present objections.  <u>See</u> ECF Nos. 463, 464, 465.

## III.      STANDARD OF REVIEW.

Congress has empowered magistrate judges, upon referral
of dispositive pretrial motions by district judges, to conduct
hearings and issue findings and recommendations regarding
dispositive pretrial motions.  <u>See</u> 28 U.S.C. § 636(b)(1)(B); <u>see</u>
<u>also</u> Fed. R. Civ. P. 72(b) (promulgating rule).  The Federal
Rules of Civil Procedure permit a district judge to similarly
refer a post-judgment motion for attorney's fees "as if it were a

4

dispositive pretrial matter," see Fed. R. Civ. P. 54(d)(2)(D), and such motions are customarily referred to magistrate judges in this district, see Local Rule 54.3(h).

A district judge reviews a magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Fed. R. Civ. P. 72(b).  If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may consider the record developed before the magistrate judge.  Local Rule 74.2.  The district judge also has discretion to receive further evidence. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; see also United States v. Raddatz, 447 U.S. 667, 676 (1980) (district judge has wide discretion in deciding whether to allow new evidence).  The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Boulware, 350 F.Supp.2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not

objected as long as it is satisfied that there is no clear error on the face of the record.  See <u>United States v. Bright</u>, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); <u>Stow v. Murashige</u>, 288 F.Supp.2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

The court determines that a hearing on this matter is neither necessary nor appropriate.  See Local Rule 7.2(d).

## IV.      ANALYSIS.

### A.    Frost-Tsuji's Objections.

#### 1.    Defendants' Discovery-related Work After August 26, 2014.

Frost-Tsuji objects to the Magistrate Judge's recommendation to award Defendants their fees and costs for discovery-related tasks after August 26, 2014, the date of the order granting partial summary judgment.  See ECF No. 463, PageID # 9478.

Frost-Tsuji's first contention is that the Magistrate Judge's recommended award of fees exceeds the scope of this court's September 2015 Order.  See <u>id.</u>, PageID # 9481.

The Magistrate Judge correctly construed this court's September 2015 Order as awarding Defendants their reasonable attorney's fees for discovery-related work after August 26, 2014, on the copyright infringement claim and CMI claim.  See ECF No. 451.

Frost-Tsuji next argues that the September 2015 Order

6

should not have awarded such fees because "[l]egal work performed after November 7, 2014, could only be based on [Highway Inn's] Counterclaim and [Frost-Tsuji's] contract and unjust enrichment claims, as [Frost-Tsuji's] copyright claims were no longer pending at that time."  See ECF No. 463, PageID # 9481.

The record contradicts Frost-Tsuji's assertion.  After all, it was only after November 7, 2014, that Frost-Tsuji brought two motions for reconsideration on its copyright infringement claim, and a motion for reconsideration on its CMI claim.  See ECF Nos. 232, 354, 391.  It was also after November 7, 2014, that Frost-Tsuji took substantial discovery that it used as evidentiary support for its second motion for reconsideration regarding its copyright infringement claim.  The second motion for reconsideration acknowledged this, stating, "The basis for this Second Motion for Reconsideration is new information obtained through depositions taken in December 2014 and subpoenaed documents, which Frost-Tsuji did not have when it filed its Motion for Partial Summary Judgment and first Motion for Reconsideration."  See ECF No. 391-1, PageID # 6173.

Indeed, Frost-Tsuji took five depositions after November 7, 2014, and relied on those depositions in asking this court to vacate its grant of summary judgment on the copyright infringement claim in favor of Defendants.  The new evidence of copyright infringement included the deposition of Monica Toguchi,

taken on December 11, 2014, ECF No. 391-4; the deposition of Stanley Sato, taken on December 18, 2014, ECF No. 391-7; the deposition of Bryce Uyehara, taken on December 15, 2014, ECF No. 391-8; the deposition of Richard Herbert Elkins, taken on December 3,2014, ECF No. 391-9; and a continuation of the deposition of Russell Ryan, taken on December 12, 2014, ECF No. 391-11.

Additionally, Frost-Tsuji's second motion for reconsideration attached exhibits of e-mails from its counsel, dated December 29, 2014, and December 22, 2014.  See ECF No. 391-10.  These e-mails detail certain of Frost-Tsuji's requests for further discovery from Defendants after November 7, 2014, as to the copyright infringement claim.

Clearly, this and other discovery-related work pertained to Frost-Tsuji's copyright claims, and occurred during the time period in which Frost-Tsuji now claims that all of its and Defendants' legal work could only have been directed to claims relating to issues other than copyright infringement. That Frost-Tsuji took extensive discovery after the summary judgment motions were adjudicated to gather further evidence in support of its copyright claims was noted in the September 2015 Order, upon which the Magistrate Judge based his F & R.  See ECF No. 451, PageID # 8618 (citing ECF Nos. 308; 331; 333-335; 372; 391-4, -7, -8, -9, and -11).

The September 2015 Order also noted, however, that Defendants were forced to spend substantial amounts of time and money because Frost-Tsuji not only brought objectively unreasonable motions for reconsideration, but also engaged in extensive discovery that it failed to justify in its motions for reconsideration.  See ECF No. 451.  As counsel for Frost-Tsuji should have been aware, "To support a motion for reconsideration based upon newly discovered evidence, the movant is obliged to show not only that the evidence was newly discovered or unknown, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." Oyama v. Univ. of Haw., Civ. No. 12-00137, 2013 WL 3296567 (D. Haw. June 28, 2013); accord Hagan v. U.S. Nat'l Bank, 2014 WL 5465321 (D. Haw. Oct. 27, 2014).  Because Frost-Tsuji did not demonstrate that it acted with reasonable diligence in obtaining this new evidence, this court denied the motion for reconsideration.  See ECF No. 395, PageID # 6335.

For these and other reasons, all of which are detailed in the September 2015 Order, this court decided that Defendants were entitled to their reasonable attorney's fees and costs for discovery-related work on the CMI claim, and on the copyright infringement claim after August 26, 2014.  See id.  This court thus rejects Frost-Tsuji's argument that Defendants' legal work after August 26, 2014, did not relate to these copyright claims,

or that an award of fees and costs to Defendants for their discovery-related work on these claims exceeds the scope of the September 2015 Order.

Alternatively, Frost-Tsuji contends that Defendants are not entitled to fees and costs for discovery taken after November 7, 2014, because Frost-Tsuji also sought to use this discovery for its unjust enrichment and breach of contract claims, as well as its defense to Highway Inn's Amended Counterclaim. See ECF No. 463, PageID # 9479. In other words, Frost-Tsuji is arguing that Defendants are not entitled to an award of fees under the Copyright Act or Digital Millennium Copyright Act for discovery-related work because Frost-Tsuji also sought the discovery for noncopyright claims. See id.

This argument is unpersuasive. In determining whether to award attorney's fees here, the precise question this court must decide is whether the work performed by the prevailing party, not the losing party, is related to a compensable claim under the Copyright Act or DMCA. Cf. Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1230 (9th Cir. 1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any 'related claims.'" (citing Hensley v. Eckerhart, 461 U.S.

424, 434-35 (1983), <u>Ackerman v. Western Elec. Co., Inc.</u>, 860 F.2d 1514, 1520 (9th Cir. 1988)).  Whether or not Frost-Tsuji used the same discovery for a noncompensable claim is of no matter to determining whether Defendants used the discovery in the service of defending against Frost-Tsuji's copyright claims and therefore can claim attorney's fees and costs for such work.  The statutory language for the fees provisions in the Copyright Act (17 U.S.C. § 505) or DMCA (17 U.S.C. § 1203(b)) gives no hint that this court should rule otherwise, and Frost-Tsuji fails to provide any authority in support of its argument.  <u>See</u> 17 U.S.C. § 505; 17 U.S.C. § 1203(b).

        Frost-Tsuji may also be arguing that Defendants are not entitled to attorney's fees and costs for work that serves both copyright and noncopyright claims.  Again, however, Frost-Tsuji fails to provide authority to support this proposition.  Under the Copyright Act, a prevailing party may be awarded attorney's fees for "hybrid" work that serves both compensable and noncompensable claims.  <u>See</u> <u>Fantasy, Inc. v. Fogerty</u>, 94 F.3d 553, 561 (9th Cir. 1996) (affirming district court order that awarded attorney's fees and costs for "hybrid" entries for work that served both compensable and noncompensable claims).  <u>Cf.</u> <u>Twin City Sportservice, Inc. v. Charles O. Finley & Co.</u>, 676 F.2d 1291, 1313 (9th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1009 (1982) (holding to extent that fees related to both compensable claims

and other claims, prevailing party may recover fees in full);

Marion v. Barrier, 694 F.2d 229, 232 (11th Cir. 1982) (per

curiam) (affirming an award of attorneys' fees by acknowledging

that "where evidence gathered in preparing an unsuccessful issue

may also have been relevant to the successful claim, compensation

should be provided for the time spent gathering that evidence").

To the extent Defendants used discovery for the copyright claims,

as well as for other claims such as Frost-Tsuji's breach of

contract and unjust enrichment claims, Defendants are entitled to

collect reasonable attorney's fees and costs for this "hybrid"

work.  If Frost-Tsuji could show that certain entries by

Defendants were entirely unrelated to Frost-Tsuji's copyright

claims, then Defendants would not be entitled to an award for

that work.  But Frost-Tsuji makes no effort to identify specific

billing entries that are unconnected to compensable copyright

claims.

This court adopts the Magistrate Judge's findings and

recommendation to award Defendants attorney's fees for discovery-

related work after August 26, 2014, relating to the copyright

claims, even if that work also relates to other claims.

### 2.    Objective Unreasonableness of Frost-Tsuji's Motions for Reconsideration.

Frost-Tsuji argues that the Magistrate Judge erred in

finding that Frost-Tsuji's motions for reconsideration were

objectively unreasonable.  ECF No. 463, PageID # 9476.

The Magistrate Judge never made such a finding in his F & R.  Rather, this court, in its September 2015 Order, found that Frost-Tsuji's CMI claim and successive motions for reconsideration on the copyright infringement claim were "objectively unreasonable" under <u>Fogerty</u>.  ECF No. 451, PageID #s 8613-17.

Frost-Tsuji, in seeking to have this court reconsider its prior ruling as to objective unreasonableness in the September 2015 Order, is again attempting to relitigate the law of the case, despite having been warned on several occasions by this court to "refrain from rearguing matters that are no longer relevant based on the law of the case."  <u>See</u> ECF No. 292, PageID # 4567; ECF No. 451, PageID # 8616.

In any event, Frost-Tsuji fails to show that reconsideration is warranted.  The "law of the case" doctrine generally precludes a court from reconsidering an issue that has already been decided by the same court or by a higher court in the identical case.  <u>Rebel Oil Co. v. Atlantic Richfield Co.</u>, 146 F.3d 1088, 1093 (9th Cir. 1998).  For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition.  Grounds justifying departure from the law of the case include substantially different evidence, a change in controlling authority, and the need to correct a clearly erroneous decision

13

that would work a manifest injustice.  See United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).  "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion."  Id. (citing Thomas v. Bible, 983 F.2d 152, 155 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)).  Frost-Tsuji does not identify any substantially different evidence, a change in controlling authority, or the need to correct a clearly erroneous decision that would work a manifest injustice.  Frost-Tsuji therefore fails to show that this court should depart from its earlier finding of objective unreasonableness.

Indeed, Frost-Tsuji's arguments regarding objective unreasonableness not only ignore the standard for overturning the law of the case, they even ignore the standard for objective unreasonableness set forth in Fogerty.

As noted in the September 2015 Order, "A claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in this case were slim to none.'"  Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015) (quoting SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013).  Courts assess the objective reasonableness of a copyright litigant's claims "both in the factual and in the legal components of the case."  Fogerty, 510

14

U.S. at 534 n.19 (internal quotes omitted).

A claim that is not "objectively unreasonable" at the outset can become so if the litigant continues to pursue it when the litigant knew or should have known that the chance of success was slim to none.  See Allen v. Ghoulish Gallery, No. CIV. 06CV371 NLS, 2008 WL 474394, at *7 (S.D. Cal. Feb. 19, 2008) (holding claim "objectively unreasonable" when plaintiff maintained claim without identifying or producing any evidence of actual copyright in discovery, and produced only minimal evidence of it at trial).

Frost-Tsuji says that its first motion for reconsideration of the copyright infringement claim was not objectively unreasonable because it was based on the court's failure to consider the Gagnon test for intent.  ECF No. 463, PageID # 9482.  Even so, the motion was denied because the arguments raised in it not only were unsupported by the record, but also contradicted admissions previously made by Frost-Tsuji.  ECF No. 320, PageID # 5333.  To make matters worse, Frost-Tsuji's motion included arguments that it had clearly waived in the underlying motion, see id., PageID # 5338, and "new evidence" that it had in its possession at the time of the underlying motions.  Frost-Tsuji provided no explanation as to why such evidence was submitted for the first time on reconsideration. Id., PageID #s 5334, 5342.  Given all of these problems,

Frost-Tsuji should have known that the motion for reconsideration that it filed with regard to the copyright infringement claim was highly unlikely to succeed.

The same holds true for Frost-Tsuji's second motion for reconsideration.  This motion was based on evidence belatedly sought by Frost-Tsuji after the first motion for reconsideration was denied.  ECF No. 463, PageID # 9482.  In the order denying this motion, the court explained the fatal flaws in Frost-Tsuji's approach:

> Frost-Tsuji now claims to have discovered new evidence that raises factual issues that should have precluded summary judgment with respect to Count IV.  But Frost-Tsuji does not demonstrate that it acted with reasonable diligence in obtaining this new evidence.  To the contrary, the record indicates that it was only after it lost cross-motions for summary judgment with respect to the copyright infringement claim asserted in Count IV that Frost-Tsuji sought the discovery it says led to the new evidence. This court expended substantial effort in drafting its orders of August 26 and October 27, 2014.  What Frost-Tsuji would have this court do is accept that the court wasted its time relying on the then-existing record, excuse a party's belated discovery efforts, and revisit issues whenever a party feels ready to supplement the record.  The court denies Frost-Tsuji's Second Motion for Reconsideration.

ECF No. 394, PageID # 6335.  As noted in the September 2015 Order, Frost-Tsuji, being represented by sophisticated counsel, again should have known that this motion for reconsideration on the copyright infringement claim was unlikely to succeed and

would create unnecessary expense for all the parties.

Frost-Tsuji argues that its motion for reconsideration on the CMI claim was not objectively unreasonable because it was based on new evidence that was not previously unavailable.  See ECF No. 463, PageID # 9482.  However, Frost-Tsuji's motion for reconsideration on the CMI claim was objectively unreasonable for two reasons.  First, the motion for reconsideration was denied because Frost-Tsuji still had not submitted evidence to establish that Defendants removed Frost-Tsuji's copyright management information.  ECF No. 394, PageID # 6328.  Second, Frost-Tsuji made no attempt to demonstrate that it could establish the other elements of its CMI claim.  Id., PageID # 6332 ("even if a copyright management removal claim does not require that information be removed from an original work, Frost-Tsuji makes no attempt to demonstrate that it can satisfy the other elements of such a claim on this motion").  Whether intentionally or inadvertently, Frost-Tsuji's motion failed to take into account the court's earlier ruling that Defendants had a nonexclusive implied license to use Frost-Tsuji's plans.  In other words, even if one or more Defendants had removed Frost-Tsuji's copyright management information, no Defendant could be said to have removed copyright management information knowing or having reasonable grounds to know that that removal would induce, enable, facilitate, or conceal an infringement of federal

17

copyright laws.  <u>Id.</u>  It was objectively unreasonable for Frost-Tsuji to attempt to prevail on its motion for reconsideration by simply disagreeing with or disregarding this court's prior rulings on the copyright infringement claim.  <u>See</u> <u>White v. Sabatino</u>, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

Frost-Tsuji makes no attempt to show that, even if this court were to reconsider the objective unreasonableness factor, the balance of the other <u>Fogerty</u> factors should not still weigh in favor of an award of fees and costs to Defendants.  Under <u>Fogerty</u>, not all factors must be met to support an award of attorney's fees.  <u>Fogerty</u>, 94 F.3d at 558.  These factors are merely guideposts for the court in exercising its "equitable discretion," and "courts are not limited to considering them." <u>Id.</u>  Thus, the <u>Fogerty</u> test does not say that if the party opposing the award of fees disproves a single element such as objective unreasonableness, that party will successfully defeat a request for attorney's fees.  For this court to depart from its prior ruling that Defendants are entitled to attorney's fees, Frost-Tsuji would have to show that the balance of <u>Fogerty</u> factors weighed against an award of attorney's fees.  Frost-Tsuji makes no such showing.

This court is unpersuaded by Frost-Tsuji's arguments

regarding objective unreasonableness.

### B. **Highway Inn's Objections**.

Highway Inn raises only one challenge to the Magistrate Judge's F & R.  According to Highway Inn, the Magistrate Judge erred in recommending that the hourly rate for its counsel, Harvey Lung, be reduced from $450.00 to $300.00 per hour.  <u>See</u> ECF No. 464, PageID # 9497.

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that rate awarded should reflect "the rates of attorneys practicing in the forum district"); <u>see also</u> <u>Chun v. Bd. of Trustees of Employees' Ret. Sys. of State of Hawaii</u>, 106 Haw. 416, 435, 106 P.3d 339, 358 (2005) (listing "the customary charges of the Bar for similar services" as factor that may be considered).  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

19

A review of recent cases from this jurisdiction sheds light on the prevailing reasonable hourly rates for comparable attorneys in the community.

In Olson v. Lui, No. CIV. 10-00691 ACK, 2012 WL 3686682, at *4 (D. Haw. Aug. 27, 2012), aff'd sub nom., Olson v. Han Kamakani Phua, 584 Fed. Appx. 435 (9th Cir. 2014), the court applied the hourly rate of $450.00 to Paul Alston, noting that he had been a trial lawyer for more than forty years, had an AV rating from Martindale-Hubbell, had been named a "Best Lawyer" in seven categories, and also had been awarded the title of "Hawaii Lawyer of the Year" in relevant practice areas by Best Lawyers in America on two occasions. Highway Inn argues that the $450.00 rate should also be applied to Mr. Lung.

However, in several other cases, this court and other judges in the district declined to apply that hourly rate to Mr. Alston. See Au v. Funding Group, Inc., 933 F. Supp. 2d 1264, 1274-75 (D. Haw. 2013); Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC., Civil No. 11-00626 LEK-KSC, 2012 WL 1231962, at *2 (D. Haw. Mar. 20, 2012), adopted by Eggs 'N Things Int'l Holdings Pte, Ltd. v. ENT Holdings LLC., Civil No. 11-00626 LEK-KSC, 2012 WL 1231992 (D. Haw. Apr. 11, 2012). In Au and the Eggs 'N Things cases, the court approved a rate of $395.00 per hour for Mr. Alston.

In Pasion v. County of Kauai, No. CV 13-00676 ACK-RLP,

20

2014 WL 1764920, at *3 (D. Haw. Apr. 29, 2014), Mark J. Bennett, a former attorney general for the State of Hawaii with over thirty-three years of experience and numerous awards and recognitions, requested $450.00 per hour, which the court found excessive.  Bennett was instead awarded $385.00 per hour for his services.  Id.

In Seven Signatures General Partnership v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1053-54 (D. Haw. 2012), Irongate requested $500.00 per hour for the work performed by Terrence O'Toole, who at the time had over thirty-five years of experience.  The court approved a rate of $350.00 per hour for Mr. O'Toole.  Id.

In Yonemoto v. Department of Veterans Affairs, 2012 WL 1989818, *6 (D. Haw. June 1, 2012), the court approved a rate of $300.00 per hour for Eric Seitz, an attorney with more than thirty years of experience.  Likewise, in Dimitrion v. Morgan Stanley Home Loans, 2014 WL 4639130, *4, (D. Haw. Sept. 16, 2014), the court approved of a rate of $300.00 per hour for Simon Klevansky, an attorney with 37 years of experience, who specialized in the relevant practice area of bankruptcy law.

During the period for which Highway Inn is requesting fees, Mr. Lung had approximately thirty-three to thirty-four years of experience.  See ECF Nos. 455-1, 455-6.  In Highway Inn's Objection to the Magistrate Judge's F & R, Highway Inn

claims, based on Mr. Lung's attached declaration, that Mr. Lung has thirty-five years of commercial litigation experience.  See ECF No. 464, PageID # 9500.  The declaration does not actually provide evidence to confirm this contention.  See ECF No. 466. In his declaration of October 20, 2015, Mr. Lung states that he was admitted to practice in Hawaii in 1981 and that he has practiced law in Hawaii for over thirty-three years.  ECF No. 455-1, PageID # 8821.  Based on this declaration, the court determines that Mr. Lung had approximately thirty-three to thirty-four years of experience from September, 2014, to October, 2015, the period for which Highway Inn seeks compensation for Mr. Lung's work.

Mr. Lung's 2016 declaration also provides evidence of his reputation and skill in certain areas.  See ECF No. 466, PageID # 9528.  The declaration states that Mr. Lung was selected as one of the "Best Lawyers in Hawaii" by Honolulu magazine from 2008 to 2016 in the areas of Commercial Litigation, Construction Law, and Litigation-Construction and Mediation.  He was also named "Lawyer of the Year" in Construction Litigation in 2014 by Honolulu Magazine.  See ECF No. 466, PageID # 9528.  His name is in the name of his law firm, and he very clearly is a well-regarded and experienced litigator.

However, while Mr. Lung may be entitled to an hourly rate higher than $300.00 in a case involving those areas of law

in which he has demonstrated significant experience and expertise, the claims for which Highway Inn is entitled to Mr. Lung's reasonable attorney's fees concern copyright law.  Nothing in the record suggests that Mr. Lung has copyright expertise comparable to his considerable expertise in areas such as construction law or mediation.  See, e.g., Chudacoff v. Univ. Med. Ctr., 954 F. Supp. 2d 1065, 1089 (D. Nev. 2013) (reducing requested hourly rate because fees were awarded for claims that did not involve counsel's area of expertise).  Nor does Highway Inn offer evidence that Mr. Lung's litigating of the copyright issues called upon the depth of general commercial litigation expertise he has acquired over decades of experience.  Moreover, the rate of $300.00 appears appropriate when placed next to the rates of other counsel in this case, many of whom also have many years of practice.

Based on this court's knowledge of the community's prevailing rates, the hourly rates generally granted by the court, the court's familiarity with this case, and defense counsel's submissions, this court agrees with the Magistrate Judge that the requested rate of $450.00 per hour for Mr. Lung is not warranted here and that a rate of $300.00 per hour for Mr. Lung is reasonable, given the nature of the claims and the

prevailing rates for comparable attorneys in the community.[1]

      **C.  J. Kadowaki's Objections.**

      J. Kadowaki raises a single objection the Magistrate Judge's F & R.  J. Kadowaki requested 246.576 hours in fees for its work on its attorney's fees motion, but the Magistrate Judge found and recommended that J. Kadowaki was only entitled to collect sixty hours, or less than 25%, of its requested amount, for the motion.  See ECF No. 465, PageID # 9513.

      J. Kadowaki contends that the Magistrate Judge ignored controlling Ninth Circuit precedent that, "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case."  See ECF No. 465, PageID # 9514 (citing Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763-64 (9th Cir. 2015), cert. denied sub nom., Editions Ltd. W., Inc. v.

---

[1] Besides noting again that this court could conceivably approve a different rate in a different kind of case, this court makes it clear that the court's award based on a reduced hourly rate (whether for Mr. Lung or any other attorney discussed in this order) does not necessarily amount to a conclusion that an attorney has overcharged a client.  The considerations affecting the court's determination certainly overlap, but are not all identical to, a client's considerations.  For example, the court's determination is retrospective, while a client agrees to a fee schedule before knowing how a case will turn out, or whether the case will evolve in such a way that makes greater use of counsel's areas of expertise.  It is also important to note that the court's determination is specific to certain types of claims and may not reflect the attorney's value with regard to other claims and the management of the rest of the case, whereas the hourly rate agreed to by the client is not always specific to particular types of claims.

Ryan, 136 S.Ct. 267 (U.S. Oct. 5, 2015), Moreno v. City of

Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)).

        Critical to the Ninth Circuit's reasoning, however, was

the fact that both Ryan and Moreno involved contingency-fee

cases.  See Ryan, 2016 WL 233093, at *6 (arguing that multiplier

of fees award was "necessary to compensate [plaintiff's counsel]

for the risk he ran of nonpayment in this contingency case");

Moreno, 534 F.3d at 1112.  The Ninth Circuit in Moreno justified

this deference to counsel in a contingency-fee case by noting:

> lawyers are not likely to spend unnecessary
> time on contingency fee cases in the hope of
> inflating their fees.  The payoff is too
> uncertain, as to both the result and the
> amount of the fee.  It would therefore be the
> highly atypical civil rights case where
> plaintiff's lawyer engages in churning.  By
> and large, the court should defer to the
> winning lawyer's professional judgment as to
> how much time he was required to spend on the
> case; after all, he won, and might not have,
> had he been more of a slacker.

534 F.3d at 1112.  There is no dispute that counsel for J.

Kadowaki did not take the case on a contingency-fee basis.  The

rationale in Ryan and Moreno for deferring to the winning

lawyer's professional judgment regarding the time required on a

project therefore does not apply here.

        J. Kadowaki also contends that the Magistrate Judge

ignored controlling Ninth Circuit precedent on attorney's fees

awards in copyright infringement cases when he "fail[ed] to

provide any explanation [for his reduction of the fees] other

than his simple statement that he believed the hours on the JKI's Motions for Award of Attorneys' Fees and Costs was 'excessive.'" See id., PageID #s 9514-15; see also id., PageID #s 9511-15 (citing Ryan, 786 F.3d at 763-64, Moreno, 534 F.3d at 1112, and Inhale, Inc. v. Starbuzz Tobacco, Inc., No. 2:11-cv-03838-ODW (FFMx), 2015 WL 1470796, at *2 (C.D. Cal. Mar. 31, 2015)).

J. Kadowaki mischaracterizes the Magistrate Judge's F & R, apparently in an attempt to draw a parallel between the analysis in the F & R and the analysis by the district court that the Ninth Circuit found wanting in Moreno.  In Moreno, the Ninth Circuit vacated the district court's fees award because "the district court did not explain the necessity or degree of the cut, other than to say that the amount of time plaintiff's counsel spent was 'excessive.'"  534 F.3d at 1113.  It is clear from a review of the F & R that the Magistrate Judge here provided a much more in-depth explanation for the recommendation to reduce J. Kadowaki's fees than simply saying that the fees were "excessive."  The Magistrate Judge explained:

> [J. Kadowaki] requests reimbursement for 159.426 hours of its Counsel Lyle M. Ishida's time, and 87.15 hours of its Legal Assistant Jeannine Kamai's time for work done in connection with this filing.  This would amount to nearly $50,000 in fees for a single motion.  The Court observes that the party requesting fees bears the burden of proving that the requested fees were reasonably and necessarily incurred.  [Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993)].  The Court

26

finds that [J. Kadowaki] has not demonstrated that expending nearly 250 hours to put together a single filing was reasonable and necessary.  Instead, the Court finds that considering the nature and circumstances presented by this case, [J. Kadowaki's] request is grossly excessive and too much time is being claimed by counsel for preparation of [J. Kadowaki's] fee motion. It is the Court's conclusion that this motion could reasonably have been prepared by a reasonably competent lawyer in 40 billable hours.  The Court is tasked with guarding against awarding fees and costs which are excessive, and has discretion to "trim the fat" from, or otherwise reduce, the number of hours spent on a case.  Parr v. Kalani Corp., Civ. No. 11-00514 ACK-BMK, 2012 WL 1424538, at *4 (D. Haw. Apr. 3, 2012).  Therefore, the Court recommends that the time spent on this filing be reduced as follows:  Lyle Ishida's time to be reduced by 119.426 hours to reflect 40 hours spent on this filing, and Jeannine Kamai's time to be reduced by 67.15 hours to reflect 20 hours spent on this filing.  The Court is familiar with the amount of time it generally takes counsel to prepare a Motion for Attorneys' Fees, and considering the nature of this case and the details of the fee request pending before the Court, the Court finds that this reduction is reasonable and appropriate under the circumstances.

ECF No. 462, PageID #s 9446-48.

This court finds that the explanation provided by the Magistrate Judge satisfies the requirements in Moreno.  In Moreno, the Ninth Circuit instructed, "[I]f the court believes the overall award is too high, it needs to say so and explain why, rather than making summary cuts in various components of the award."  534 F.3d at 1113.  The Ninth Circuit added that the

27

court should also identify the degree of excessiveness.  Id.
Here, the Magistrate Judge explained that the request was too
high considering it was for a single attorney's fees motion, and
pointed out that his finding was also based on J. Kadowaki's
failure to justify the additional time spent beyond what is
normal for such a motion.  Furthermore, the Magistrate Judge
heeded the instruction in Moreno by stating the degree of
excessiveness.  The Magistrate Judge decided, based on his
understanding of the circumstances of this case, his familiarity
with the briefing and evidence, and his extensive experience with
adjudicating motions for attorney's fees, that the amount
requested for J. Kadowaki's counsel was excessive by 119.426
hours, and the amount requested by the legal assistant was
excessive by 67.15 hours.

J. Kadowaki suggests that the Magistrate Judge's
explanation for the reduced award is inadequate because "[n]o
specific rejection of time entries or line items was explained."
ECF No. 465, PageID # 9513.  As a practical matter, however, this
approach does not make sense, given that the Magistrate Judge's
rationale for denying the requested total amount was that it is
unreasonably high for the type of motion under the circumstances.
Were the Magistrate Judge denying specific time entries because
they were unrelated to the claim, vague, or duplicative, a line-
by-line analysis of the disputed entries would be appropriate.

28

However, because the Magistrate Judge's reduction was not targeting specific time entries, but rather the overall amount requested, this court concludes that his decision not to engage in a line-by-line analysis was wholly appropriate under the circumstances.  None of the Ninth Circuit case law cited by J. Kadowaki, whether <u>Moreno</u>, <u>Inhale</u>, or <u>Ryan</u>, requires a line-by-line denial of time entries when the basis for reducing the award is that the request is excessive for the particular type of legal work.

J. Kadowaki's reliance on <u>Inhale</u> and <u>Ryan</u> also does not persuade this court to modify the F & R.  Both cases are inapposite in that they specifically address a district court's explanation for "across-the-board" cuts in attorney's fees.

In <u>Ryan</u>, the Ninth Circuit vacated the district court's across-the-board twenty-percent reduction of pretrial and trial phase attorney's fees because the district court "provided no explanation for the determination that twenty percent was the appropriate amount to deduct, and failed to account for the fact that many of the entries in Ryan's billing log were not billed in block format."  786 F.3d at 765.

In <u>Inhale</u>, which is not binding precedent on this court, the district court noted,

> When faced with a "massive fee application," the Court may make "across-the-board percentage cuts" instead of making an hour-by-hour analysis.  The Court may make a

> small across-the-board reduction, no greater
> than 10 percent, based on its exercise of
> discretion and without a more specific
> explanation.  Nonetheless, a clear and
> concise explanation is required if the
> reduction is greater than 10 percent.

2015 WL 1470796, at *2.

The recommended cuts in J. Kadowaki's fees relate to a single motion.  More importantly, the Magistrate Judge adequately explained the recommended cuts.  See ECF No. 462, PageID #s 9446-48.

J. Kadowaki argues that Local Rule 54.3 required the Magistrate Judge to provide a more detailed explanation for his reduction of the requested fees.  See ECF No. 465, PageID # 9514 ("Here, where the Magistrate Judge 'trimmed' more than 75% of JKI's requested hours, a more substantial explanation for its reduction is required.  What was required under L.R. 54.3 was a detailed explanation of the tasks and entries the court felt were not justified by JKI in researching, preparing, presenting and substantiating the information requested by the Court rules.").  Although Local Rule 54.3 requires "adequate" descriptions for work performed, it imposes those requirements on the parties moving for fees, not the judges adjudicating the fees motion.  See Local Rule 54.3.  This argument is unpersuasive.

J. Kadowaki also contends that the Magistrate Judge undervalued the amount of work required for its motion for attorney's fees.  See ECF No. 465, PageID #s 9515-17.

J. Kadowaki's bills regarding the motion have been submitted as Exhibit M-2 to ECF No. 454.  See ECF No. 454-2. In adjudicating motions for attorney's fees, this court need not conduct a "mini-trial" with respect to the parties' disagreements.  See Mendoza v. Brewster Sch. Dist. No. 111, 469 F. Supp. 2d 905, 920 (E.D. Wash. 2006) (citing Hensley, 461 U.S. at 437).

Having examined J. Kadowaki's timesheets with regard to its attorney's fees motion, see ECF No. 454-2, PageID #s 8741-49, this court agrees with the Magistrate Judge's judgment that $50,000 in fees and nearly 250 hours spent for a single attorney's fees motion is grossly excessive, see ECF No. 462, PageID # 9447.

Although J. Kadowaki says the motion required more work because J. Kadowaki knew it would be vigorously opposed, it does not provide sufficient detail as to why 246.576 hours of work was necessary for the motion.  Nor does J. Kadowaki explain why its attorney needed over forty hours just to research the standard for the award of attorney's fees for actions under the Copyright Act or the DCMA, see ECF No. 454-2, PageID #s 8741-49, or approximately 35 hours just to draft the initial memorandum.  See id., PageID #s 8741-46.  In comparison, J. Kadowaki only took 6.3 hours to draft its reply memorandum.  See id., PageID # 8747. Without such explanations, the court cannot determine that the

31

time expended was reasonable.  The reduction in J. Kadowaki's fees recommended by the Magistrate Judge is adequately explained.

        With respect to legal assistant hours on the motion for attorney's fees, this court agrees with the Magistrate Judge that they, too, were excessive.  A review of the time entries reveals that a majority of the legal assistant's time was spent preparing the exhibits in support of J. Kadowaki's motion for attorney's fees.  See id., PageID #s 8741-46.  Nearly seventy of those hours are accounted for by the time entry, "draft/prepare back-up materials for motion for attorneys fees/costs."  See id., PageID #s 8741-46.  The court recognizes that it likely took the legal assistant a substantial amount of time to prepare certain exhibits, particularly those detailing the receipts related to J. Kadowaki's costs and listing the relevant attorney time entries for the motion.  But the court finds, after having reviewed all of the exhibits prepared by the legal assistant, that it should not have taken nearly ninety hours to gather and prepare these exhibits.  See id.

        Like the Magistrate Judge, this court is familiar with both the facts and circumstances of the case, and in particular, J. Kadowaki's motion for attorney's fees.  The court also has substantial experience with the amount of work it requires to research and draft such a motion, and prepare the exhibits in support of the motion.  This court agrees with and adopts the

32

Magistrate Judge's recommendation to award reasonable attorney's fees to J. Kadowaki in the amount of forty hours for its counsel, Mr. Ishida, and twenty hours for his legal assistant, Ms. Kamai.

**V.       CONCLUSION.**

Having reviewed the portions of the F & R objected to, the court adopts the F & R in its entirety.

Bargreen Ellingson is awarded $23,678.00 in attorney's fees and $355.97 in costs, for a total award of $24,033.97; J. Kadowaki is awarded $135,004.70 in attorney's fees and $4,827.30 in costs, for a total award of $139,832.00; Highway Inn and Ho'ola Mau are awarded $209,660.64 in attorney's fees and $4,914.33 in costs, for a total award of $214,574.97; and Highway Inn, on behalf of Bryce Uyehara and Iwamoto and Associates, is awarded $68,885.31 in attorney's fees and $1,204.31 in costs, for a total award of $70,089.62.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES AND COSTS