IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FROST-TSUJI ARCHITECTS, | ) | CIVIL NO. 13-00496 SOM/BMK |
| | ) | |
|     Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | ENFORCE STIPULATION |
|   vs. | ) | |
| | ) | |
| HIGHWAY INN, INC.; HO`OLA | ) | |
| MAU, LLC; BRYCE UYEHARA, | ) | |
| A.I.A., INCORPORATED; J. | ) | |
| KADOWAKI, INC.; FESTIVAL | ) | |
| MANAGEMENT CORPORATION; et | ) | |
| al, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO ENFORCE STIPULATION**

**I.      INTRODUCTION.**

This is a copyright infringement case involving more litigation than justified by the initial amount in controversy. Plaintiff Frost-Tsuji Architects claimed that Defendants Highway Inn, Inc., and Ho`ola Mau, LLC (collectively, "Highway Inn"), had failed to pay approximately $39,000 owed on an architectural contract.  Frost-Tsuji asserted a copyright infringement claim arising out of Defendants' alleged use of Frost-Tsuji's architectural drawings.  Frost-Tsuji also claimed that Defendants had removed its copyright management information from its architectural drawings.  The court granted summary judgment in favor of Defendants and awarded Defendants approximately $450,000 in attorneys' fees and costs.

The parties entered into a stipulation pursuant to which this court ordered Defendants to refrain from collection of the award of fees and costs from Frost-Tsuji in return for Frost-Tsuji's deposit of $230,000 and $229,530.56 into two interest-bearing accounts with Morgan Stanley Bank. Disbursement of the funds was delayed pending the exhaustion of the Ninth Circuit appeals and entry of final judgment with respect to those appeals.

Defendants now seek disbursement of the funds held by Morgan Stanley Bank. Frost-Tsuji opposes the disbursement, arguing that it still has a right to seek a writ of certiorari from the United States Supreme Court. The court is unpersuaded by Frost-Tsuji's argument and orders the disbursement of the funds.

**II.     BACKGROUND.**

On April 15, 2015, this court entered Judgment in favor of Defendants and against Frost-Tsuji. *See* ECF No. 412. Frost-Tsuji appealed. *See* ECF No. 417 (Ninth Cir. No. 15-15802).

On March 30, 2016, this court awarded fees and costs to Defendants as follows:

> Bargreen Ellingson is awarded $23,678.00 in attorney's fees and $355.97 in costs, for a total award of $24,033.97; J. Kadowaki is awarded $135,004.70 in attorney's fees and $4,827.30 in costs, for a total award of $139,832.00; Highway Inn and Hoʻola Mau are awarded $209,660.64 in attorney's fees and $4,914.33 in costs, for a total award of

>             $214,574.97; and Highway Inn, on behalf of
>             Bryce Uyehara and Iwamoto and Associates, is
>             awarded $68,885.31 in attorney's fees and
>             $1,204.31 in costs, for a total award of
>             $70,089.62.

ECF No. 472, PageID # 9614.  Frost-Tsuji appealed this award of fees and costs.  See ECF No. 473 (Ninth Circuit No. 16-15562).

On April 29, 2016, Defendant J. Kadowaki, Inc., filed a cross-appeal regarding this court's award of fees and costs.  See ECF No. 477 (Ninth Cir. No. 16-15799).  That same day, Highway Inn also filed a cross-appeal from this court's award of fees and costs.  See ECF No. 478 (Ninth Circuit No. 16-15802).

On January 6, 2017, the parties stipulated to, and this court ordered, a stay of all enforcement and collection actions with respect to this court's award of fees and costs.  See ECF No. 497, PageID # 9905.  The stipulation and order provided that, in return for a stay of enforcement and collection actions with respect to this court's award of fees and costs, Frost-Tsuji would deposit with Morgan Stanley Bank $230,000 and $229,530.56 in interest-bearing accounts.  Id.  The stipulation and order further provided that, "upon the exhaustion of the appeals identified as United States Court of Appeals, Ninth Circuit Docket Nos: 16-15562, 16-15799, and 16-15802," the funds deposited with Morgan Stanley Bank:

>             may be disbursed upon final judgment of the
>             above appeals [, Ninth Circuit Numbers 16-
>             15562, 16-15799, and 16-15802], by:
>             (1) voluntary stipulation of all parties

> hereto and order of the Court, (2) direction
> of the Court upon a further status conference
> or *sua sponte*, (3) by Court order upon a
> motion by any party or (4) by other order of
> the Court.

ECF No. 497, PageID # 9907.

On October 26, 2017, the Ninth Circuit affirmed this court's judgment and award of fees and costs in a memorandum opinion, citing the reasons set forth in this court's orders. *See* ECF No. 499. According to the Ninth Circuit docket, judgment was filed and entered that same day. *See, e.g.*, Ninth Cir. No. 16-15802, Dkt. No. 70; *see also id.*, Dkt. No. 77 ("On the docket, the October 26, 2017 entry documenting the filing of the disposition prominently states: 'FILED AND ENTERED JUDGMENT.' In addition, the first sentence of the informational sheet attached to the disposition reads: 'This Court has filed and entered the attached judgment in your case.'").

On November 27, 2017, Frost-Tsuji asked the Ninth Circuit to stay the issuance of its mandate, arguing that it still had the opportunity to seek certiorari with respect to the Ninth Circuit memorandum disposition. *See* Ninth Cir. No. 16-15802, Dkt. No. 75. That request was denied on November 30, 2017. *See id.*, Dkt. No. 77.

On December 8, 2017, the Ninth Circuit issued the mandates with respect to the appeals. *See* ECF Nos. 504 and 505. With respect to Ninth Circuit Numbers 16-15562, 16-15799, and 16-

4

15802, the Mandate stated, "The judgment of this Court, entered October 26, 2017, takes effect this date." *See* ECF No. 505, PageID # 9932.

On December 12, 2017, Highway Inn and Ho`ola Mau filed the present Motion to Enforce Stipulation and Order filed 01/06/17 [DKT. 497], requesting disbursement of the funds held by Morgan Stanley and fees and costs for bringing the motion. *See* ECF No. 506. On December 28, 2017, Defendant J. Kadowaki joined in the motion. *See* ECF No. 508.

On December 29, 2017, Frost-Tsuji filed an opposition memorandum. Frost-Tsuji's sole argument is that it has until January 24, 2018, to file a petition seeking a writ of certiorari from the United States Supreme Court. *See* ECF No. 509. Frost-Tsuji does not argue that, when it entered into the stipulation, it contemplated that the Morgan Stanley funds would not be disbursed while Frost-Tsuji was seeking a writ of certiorari or the Supreme Court was considering how to rule on such a request.

**III. ANALYSIS.**

Whether this court should order the disbursement of the funds held by Morgan Stanley Bank turns on the plain language of the January 6, 2017, stipulation and order, which allows the disbursement of the funds "[u]pon the exhaustion of the appeals identified as United States Court of Appeals, Ninth Circuit Docket Nos: 16-15562, 16-15799, and 16-15802" and "final judgment

5

of the above appeals." *See* ECF No. 497, PageID # 9907.  This court is unpersuaded by Frost-Tsuji's argument that it intends to seek a writ of certiorari from the United States Supreme Court. The parties to the stipulation and order were represented by experienced attorneys who could have easily added language to the stipulation that referred to the possible seeking of a writ of certiorari from the United States Supreme Court.  That language is notably absent from the stipulation and order.  Instead, the stipulation and order refer only to the exhaustion of the three Ninth Circuit appeals, not to any possible writ of certiorari.

Moreover, the Ninth Circuit has rejected Frost-Tsuji's request to stay the entry of the mandates pending a possible certiorari petition.  In returning jurisdiction to this court, the Ninth Circuit gave no hint that it expected this court to abstain from entering orders consistent with the Ninth Circuit's ruling.  Given the Ninth Circuit's entry of judgment with respect to the three appeals, this court deems those appeals to be "exhausted" and orders the disbursement of the funds held by Morgan Stanley Bank.

The court notes that Frost-Tsuji's sparse opposition to the motion seeking disbursement of the funds does not argue that the language of the stipulation and order is ambiguous.  In fact, it does not even contend that Frost-Tsuji thought the funds would not be disbursed pending disposition of a request for a writ of certiorari.

## IV.     CONCLUSION.

The court grants Highway Inn's motion seeking disbursement of funds and J. Kadowaki's joinder therein. Defendants are ordered to submit a proposed order that details the amounts to be withdrawn from the accounts at Morgan Stanley Bank and disbursed to each Defendant.  Counsel for Frost-Tsuji, Randall K. Schmitt, is ordered to sign all documents necessary for the prompt withdrawal and disbursement of such funds.

Highway Inn's request for attorneys' fees and costs incurred in bringing the present motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 3, 2018.



 /s/ Susan Oki Mollway 
Susan Oki Mollway
United States District Judge

Frost-Tsuji Architects v. Highway Inn, Inc., et al., Civ. No. 13-00496 SOM/BMK; ORDER GRANTING MOTION TO ENFORCE STIPULATION